**FILED**

NOV 06 2025

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

LEE DRONE,
Plaintiff,

v.

PETER D. BEAR;
IAN E. GOODMAN;
DANE COUNTY TITLE COMPANY;
RYAN D. NILSESTUEN (individual capacity);
JUDGE RYAN D. NILSESTUEN (official capacity); and
ALLEN S. PORTER
Defendants.

**C 25 09583**

**SVK**

---

### Complaint for Civil Rights and RICO Violations
### (42 U.S.C. § 1983; 18 U.S.C. §§ 1961–1964)

---

## TABLE OF CONTENTS

I. NATURE OF ACTION .................................................................................................9
II. JURISDICTION AND VENUE .................................................................................13
III. PARTIES .................................................................................................................16
IV. FACTUAL BACKGROUND ....................................................................................17
  INITIAL CLOSING AND TITLE COMPANY'S DISCLOSURE DUTIES.........................17
  EXHIBITS A-1 & A-2 — CO-OWNERSHIP AGREEMENT AND MISCHARACTERIZING EMAIL.........18
  EXHIBITS B-1 & B-2 — NOVEMBER 1, 2023 "OFFER TO PURCHASE"....................19
  EXHIBIT C — RESPONDENT INFORMATION FOR SERVICE BY SHERIFF (NOV. 6, 2023).........20
  EXHIBITS D-1, D-2, D-3 & D-4 — NOVEMBER 21, 2023 PROPOSAL, AFFIDAVIT, AND MESSAGE .................................................................................21
  EXHIBIT E — YES ENERGY UTILITY BILL (DECEMBER 13, 2023) ........................24
  EXHIBITS F-1 & F-2 — DECEMBER 19, 2023 EMAIL ("DRAFT LEE LETTER") AND ATTACHED OFFER.................................................................................24
  EXHIBIT G — PUBLIC RELEASE OF INFORMATION (JANUARY 8, 2024).................27
  EXHIBIT H — RECORDINGS REQUEST (MAY 9–10, 2024) ...................................28
  EXHIBIT I — EVIDENCE REQUEST AND BEAR'S RESPONSE (MAY 10–11, 2024) ........30
  EXHIBITS J-1 & J-2 — APRIL 7, 2025 OPPOSITION MEMORANDUM (MAILED APRIL 14) AND CITY ASSESSOR RECORD.................................................................31
  EXHIBIT K — APRIL 30–MAY 1, 2025 SERVICE ADDRESS REQUEST AND CONDITIONING .........33
  EXHIBIT L — DEFENDANT'S MOTION TO STRIKE FILINGS FOR FAILURE TO SERVE (MAY 7, 2025) .................................................................................34
  EXHIBIT M — DECISION AND ORDER ON MOTION TO REOPEN (MAY 12, 2025).........34

EXHIBIT N — NOTICE OF HEARING (MAY 13, 2025) .................................................36
EXHIBIT O — EMAIL FROM ATTORNEY PORTER WITH PETITIONS (MAY 20, 2025) ....36
EXHIBIT P — PETITIONERS' HEARING EXHIBITS (MAY 26, 2025) .........................37
EXHIBIT Q — NOTICE OF SPECIAL APPEARANCE AND OBJECTION TO PERSONAL JURISDICTION
(MAY 26, 2025) ..........................................................................................38
EXHIBIT R — POST-HEARING PRESERVATION STATEMENT (MAY 29, 2025) .............39
EXHIBIT S — MOTION FOR JUDICIAL RECUSAL (JUNE 10, 2025) .........................40
EXHIBIT T — SUPERVISORY WRIT DENIAL (JUNE 16, 2025) ...............................40
EXHIBIT U — OBJECTION TO INFORMAL EMAIL SERVICE (JUNE 17, 2025) ............41
EXHIBIT V — DECISION ON MOTIONS (JUNE 20, 2025) ......................................42
EXHIBITS W-1 & W-2 — CERTIFIED DOCKET RECORDS FOR 2023CV002927 AND
2023CV002928 .........................................................................................43

**V. PROCEDURAL HISTORY (*FOR CONTEXT ONLY*)** ....................................**44**
**VI. IN CAMERA STATEMENT OF GOOD FAITH** .............................................**45**
**VII. JUDICIAL IMMUNITY IS NOT A BAR TO RELIEF** ..................................**46**
**VIII. CAUSES OF ACTION** ..........................................................................**49**
    INITIAL CLOSING AND TITLE COMPANY'S DISCLOSURE DUTIES ........................49
        *Count 1 – Deprivation of Property-Interest Integrity under 42 U.S.C. § 1983* ....................49
        Breach of custodial duty as settlement agent ..........................................49
        *Count 2 – Negligent Misrepresentation by Settlement Agent under 42 U.S.C. § 1983* .........50
        Failure to preserve accuracy in closing documentation ...........................50
    EXHIBITS B-1 & B-2 — NOVEMBER 1, 2023 "OFFER TO PURCHASE" ................50
        *Count 3 – Transmission of November 1 Proposal under 42 U.S.C. § 1983* ...........................50
        Emailing the property proposal to a third party for relay ........................50
        *Count 4 – Signature Block Implying Attorney Involvement under 42 U.S.C. § 1983* ...........51
        "Buyer's Legal Representative: Peter Bear" on proposal ........................51
        *Count 5 – Coercive Terms in Proposal under 42 U.S.C. § 1983* .............................52
        Quitclaim plus Power-of-Attorney or attorney-fee condition ..................52
        *Count 6 – Private Behavioral Restraints under 42 U.S.C. § 1983* ..........................53
        Conditions on future communication and conduct ..................................53
        *Count 7 – Threat of Continued Litigation Tied to Acceptance under 42 U.S.C. § 1983* .......53
        "Will not be obligated … to stop pursuing legal action" unless signed ............................53
        *Count 8 – Omission of Mortgage Liability Protections under 42 U.S.C. § 1983* ..................54
        No lender consent, assumption approval, or liability release ...........................54
        *Count 9 – False Accusations Used to Coerce Property Transfer under 42 U.S.C. § 1983* ..54
        Written criminal accusations inside contractual offer ...........................55
        *Count 10 – Contractual Waiver of Legal Rights under 42 U.S.C. § 1983* ..................55
        Attempt to compel permanent no-contact and speech waiver ..................55
        *Count 11 – Threatened Continuation of Injunction Proceedings under 42 U.S.C. § 1983* ...56
        Conditioning dismissal of pending litigation on acceptance of offer .............................56
        *Count 12 – Fraudulent Misrepresentation of Consideration under 42 U.S.C. § 1983* .........56
        False statements of value and waiver of claims ..................................56
        *Count 13 – Nullification of Prior Agreements under 42 U.S.C. § 1983* ...............................57
        Clause declaring all previous agreements null and void ........................57
    EXHIBIT C — RESPONDENT INFORMATION FOR SERVICE BY SHERIFF (NOV. 6, 2023) ..........58
        *Count 14 – Filing of Harassment-Injunction Petition under 42 U.S.C. § 1983* ...................58

Retaliatory use of judicial process after refusal to surrender property ...................58
*Count 15 – False Service Information Filed under 42 U.S.C. § 1983* ........................*58*
Use of false Wisconsin address to obtain defective service and jurisdiction ...................58
*Count 16 – False Statement of Firearm Access under 42 U.S.C. § 1983* ...........................*59*
Fabricated claim of access to weapons to influence judicial process ................................59
*Count 17 – Omission of Co-Owned Property Address under 42 U.S.C. § 1983* ...................*60*
Failure to identify the subject property in official service record .................................60
EXHIBITS D-1, D-2, D-3 & D-4 — NOVEMBER 21, 2023 PROPOSAL, AFFIDAVIT, AND MESSAGE ...........................................................................................................................61
*Count 18 – Transmission of November 21 Email and Attachments under 42 U.S.C. § 1983* .............................................................................................................................*61*
Emailing renewed proposal, letter, and sworn affidavit in single transmission ...............61
*Count 19 – Dual Role of Advocate and Witness under 42 U.S.C. § 1983* ...........................*61*
Serving simultaneously as counsel and sworn affiant ....................................................61
*Count 20 – False and Defamatory Sworn Statements under 42 U.S.C. § 1983* ....................*62*
Accusations of fabrication and criminal conduct in affidavit ..........................................62
*Count 21 – False Representation of Lawful Judicial Authority under 42 U.S.C. § 1983* .....*62*
Misuse of void temporary restraining order to coerce property transfer ..........................62
*Count 22 – Threat of Renewed Injunction and Civil-Damages Action under 42 U.S.C. § 1983* .............................................................................................................................*63*
Use of prospective judicial filings as coercive pressure transmitted through counsel ......63
*Count 23 – Renewed Coercive Property Proposal under 42 U.S.C. § 1983* ........................*64*
Re-issuance of $24,000 offer with lifetime contact restrictions and November 23 deadline ...........................................................................................................................64
*Count 24 – Fusion of Sworn Testimony and Negotiation under 42 U.S.C. § 1983* ...............*65*
Transmitting a sworn affidavit together with a settlement proposal ................................65
*Count 25 – Affidavit on "Information and Belief" Filed by Acting Counsel under 42 U.S.C. § 1983* .............................................................................................................................*65*
Use of belief-based sworn statements by attorney-witness to influence pending proceeding ...........................................................................................................................65
*Count 26 – Personal Bias and Friendship Conflict in Judicial Affidavit under 42 U.S.C. § 1983* .............................................................................................................................*66*
Affiant's admission of personal relationship with clients used in pending proceeding ....66
*Count 27 – Defamatory Professional Accusations under 42 U.S.C. § 1983* ........................*67*
Sworn defamatory portrayal of Plaintiff to influence pending proceeding ......................67
*Count 28 – Insertion of Irrelevant Personal Details to Prejudice Judicial Perception under 42 U.S.C. § 1983* ...........................................................................................................*68*
Reference to arranging clients' wedding in the Wisconsin Senate Chamber ....................68
*Count 29 – Characterization of Plaintiff as Engaged in "Campaign of Fear and Terror" under 42 U.S.C. § 1983* .................................................................................................*68*
Sworn portrayal of Plaintiff as threat to public safety to justify injunctive relief ............68
*Count 30 – Misuse of "Service by Publication" to Secure Default under 42 U.S.C. § 1983* *69*
False representation of completed service used to induce agreement ...............................69
*Count 31 – Coercive Settlement Demand Tied to Judicial Outcomes under 42 U.S.C. § 1983* .............................................................................................................................*70*
Quid-pro-quo settlement linked to anticipated court success .........................................70

EXHIBITS F-1 & F-2 — DECEMBER 19, 2023 EMAIL ("DRAFT LEE LETTER") AND ATTACHED OFFER..................................................................................................................70
  *Count 32 – Transmission of Revoked and New Offer under 42 U.S.C. § 1983*......................70
    Use of electronic communication to coerce property transfer outside judicial process ....70
  *Count 33 – Retaliatory and Defamatory Characterizations under 42 U.S.C. § 1983*...........71
    Use of professional authority to impair liberty and property interests..............................71
  *Count 34 – Threat of Public Exposure and Civil Damages under 42 U.S.C. § 1983* ...........71
    Coercive use of litigation and publicity threats to obtain property ...................................71
  *Count 35 – Conditional Forbearance and Promise of Non-Litigation under 42 U.S.C. § 1983*.................................................................................................................................72
    Economic coercion through quid-pro-quo agreement to withhold legal action ................72
  *Count 36 – Prediction of Judicial Findings and Offer of Evidence under 42 U.S.C. § 1983*73
    Use of asserted judicial authority to pressure settlement .................................................73
  *Count 37 – Interconnection of Litigation and Property Matters under 42 U.S.C. § 1983*....73
    Framing separate legal and private issues to extend leverage ..........................................73
  *Count 38 – Coordinated Transmission of December 19 Offer under 42 U.S.C. § 1983*.......74
    Joint action to divest property interest without due process.............................................74
  *Count 39 – Material Omission of Financial Safeguards under 42 U.S.C. § 1983*.................74
    Failure to include lender release or mortgage protection .................................................74
  *Count 40 – Reference to Active Restraining Order to Isolate Communication under 42 U.S.C. § 1983*.................................................................................................................75
    Use of judicial order as instrument of private coercion....................................................75
  *Count 41 – Removal of Prior Restrictions to Conceal Coercive Context under 42 U.S.C. § 1983*.................................................................................................................................76
    Presentation of facially neutral document masking threats ..............................................76
  *Count 42 – Authorship and Transmission of Coercive Offer under 42 U.S.C. § 1983*.........76
    Attorney's direct issuance of coercive proposal under color of professional authority ....76
EXHIBIT G — PUBLIC RELEASE OF INFORMATION (JANUARY 8, 2024)....................................77
  *Count 43 – Unauthorized Disclosure of Confidential Loan Application under 42 U.S.C. § 1983*.................................................................................................................................77
    Unsecured electronic release of private financial information..........................................77
  *Count 44 – Improper Handling of Financial Records under 42 U.S.C. § 1983*....................78
    Unauthorized release of lender-underwriting materials containing personal identifiers...78
  *Count 45 – Unauthorized Transmission of Confidential Financial Record to Counsel under 42 U.S.C. § 1983*..........................................................................................................79
    Disclosure of Plaintiff's lender-file document by co-owner outside lawful process ........79
  *Count 46 – Breach of Confidentiality / Transmission to Outside Counsel under 42 U.S.C. § 1983*.................................................................................................................................79
    Release of protected client materials to non-party law firm without safeguards ..............79
EXHIBIT H — RECORDINGS REQUEST (MAY 9–10, 2024) .........................................................80
  *Count 47 – Delegation of Evidence Control Without Production under 42 U.S.C. § 1983*..80
    Failure to produce material evidence referenced in judicial filings ..................................80
  *Count 48 – Affidavit Based on Belief Rather Than Knowledge under 42 U.S.C. § 1983*......81
    Submission of belief-based affidavit as sworn testimony ..................................................81
  *Count 49 – Misstatement of Professional Duty under 42 U.S.C. § 1983* ..............................81
    Misrepresentation of ethical obligations within judicial context.......................................81

*Count 50 – False Characterization of Judicial Participation under 42 U.S.C. § 1983* ........82
  Contradictory representation of role within judicial proceedings ...................................82
*Count 51 – Continued Interjection of Property Dispute into Evidence Inquiry under 42
U.S.C. § 1983* .................................................................................................................83
  Ongoing reference to real-estate conflict while denying evidentiary access during active
  litigation ..........................................................................................................................83
*Count 52 – Retaliatory Closing Tone under 42 U.S.C. § 1983* ..........................................84
  Dismissive response to lawful evidence request ..............................................................84
EXHIBIT I — EVIDENCE REQUEST AND BEAR'S RESPONSE (MAY 10–11, 2024) .....................84
*Count 53 – Refusal to Provide Supporting Evidence under 42 U.S.C. § 1983* ...................84
  Failure to provide corroborating materials referenced in sworn affidavit .......................84
*Count 54 – Misrepresentation of Affidavit's Judicial Status under 42 U.S.C. § 1983* ..........85
  Minimizing sworn statement's role to avoid scrutiny .......................................................85
*Count 55 – Retaliatory Libel Threat to Deter Petitioning under 42 U.S.C. § 1983* ...............85
  Threat of civil liability to chill challenge to sworn assertions...........................................85
*Count 56 – Witness-Tampering Threat to Deter Evidence Inquiry under 42 U.S.C. § 1983* 86
  Baseless criminal insinuation to suppress lawful requests .............................................86
*Count 57 – Procedural Role-Shifting to Obstruct Access under 42 U.S.C. § 1983* ..............86
  Ambiguous counsel/witness posture to block evidentiary communication......................86
*Count 58 – Failure to Provide Corroboration After Follow-Up Inquiry under 42 U.S.C. §
1983* ................................................................................................................................87
  Ignoring specific evidentiary questions raised after initial refusal ..................................87
*Count 59 – Use of Corrupted Quotation to Undermine Credibility under 42 U.S.C. § 1983*
...........................................................................................................................................88
  Returning a garbled version of Plaintiff's email and treating it as authentic ....................88
*Count 60 – Refusal to Provide Provenance and Authenticity under 42 U.S.C. § 1983* ........88
  Withholding chain-of-custody and authenticity basis for recordings cited in sworn filings
...........................................................................................................................................88
EXHIBITS J-1 & J-2 — APRIL 7, 2025 OPPOSITION MEMORANDUM (MAILED APRIL 14) AND CITY
ASSESSOR RECORD...........................................................................................................89
*Count 61 – Improper Notice and Missing Exhibits under 42 U.S.C. § 1983* .........................89
  Procedural deprivation through unserved and incomplete filing......................................89
*Count 62 – False Description of Ownership Status under 42 U.S.C. § 1983* ........................90
  Misrepresentation of property interest to diminish recorded title ...................................90
*Count 63 – Defamatory and Prejudicial Characterization of Litigant under 42 U.S.C. §
1983* ................................................................................................................................90
  Insertion of irrelevant personal attacks to bias judicial proceeding ...............................90
*Count 64 – Misuse of Waiver Doctrine to Sustain Void Orders under 42 U.S.C. § 1983*.....91
  Application of waiver theory to nullify jurisdictional protections ...................................91
EXHIBIT K — APRIL 30–MAY 1, 2025 SERVICE ADDRESS REQUEST AND CONDITIONING .........92
*Count 65 – Improper Delegation of Service under 42 U.S.C. § 1983*...................................92
  Evasion of lawful service requirements through unauthorized delegation.......................92
*Count 66 – Tacit Participation in Service Obstruction under 42 U.S.C. § 1983* ...................92
  Failure to correct co-counsel's unlawful service conditions ...........................................92
*Count 67 – Substitution of P.O. Box for Lawful Address under 42 U.S.C. § 1983* ...............93
  Evasion of lawful service requirements by providing invalid address...............................93

*Count 68 – Conditioning Service on Unauthorized Email Terms under 42 U.S.C. § 1983* ..93
Unlawful conditioning of procedural rights on non-statutory terms .................................93
*Count 69 – Escalation to Global Conditioning Across All Goodman Cases under 42 U.S.C.
§ 1983* ........................................................................................................................94
Expansion of unauthorized service demands across multiple proceedings .......................94
*Count 70 – Conspiracy to Obstruct Service under 42 U.S.C. § 1983* ...............................95
Coordinated evasion and obstruction of lawful service between co-counsel .....................95
EXHIBIT L — DEFENDANT'S MOTION TO STRIKE FILINGS FOR FAILURE TO SERVE (MAY 7, 2025)
.................................................................................................................................................95
*Count 71 – Failure of Service on Critical Filings under 42 U.S.C. § 1983* .....................95
Failure to ensure lawful service depriving notice and participation ................................95
*Count 72 – Failure of Service on Critical Filings by Co-Counsel under 42 U.S.C. § 1983* .96
Neglect of mandatory service obligations resulting in denial of notice ............................96
EXHIBIT M — DECISION AND ORDER ON MOTION TO REOPEN (MAY 12, 2025) .......................97
*Count 73 – Misapplication of Waiver Doctrine under 42 U.S.C. § 1983* ..............................97
Improper judicial construction treating procedural objection as consent ...........................97
*Count 74 – Denial of Vacatur and Continuation of Injunction under 42 U.S.C. § 1983* ......97
Judicial maintenance of restraints without jurisdiction or valid notice ............................97
*Count 75 – Knowing Enforcement of Jurisdiction Despite Actual Knowledge of Non-
Residence under 42 U.S.C. § 1983* .............................................................................98
Judicial disregard of factual record confirming absence of service and residence outside
the forum state ...................................................................................................................98
*Count 76 – Judicial Ratification of Defective Service under 42 U.S.C. § 1983* ....................99
Delegation of required service to a private litigant after asserting jurisdiction .................99
*Count 77 – Reversal of Procedural Order and Premature Merits Hearing under 42 U.S.C. §
1983* .............................................................................................................................99
Adjudicating the merits of an injunction before resolving validity and service ................99
EXHIBIT N — NOTICE OF HEARING (MAY 13, 2025) ........................................................100
*Count 78 – Scheduling Hearings Without Jurisdiction under 42 U.S.C. § 1983* ...............100
Advancing substantive proceedings while service and jurisdiction defects remained
unresolved ......................................................................................................................100
*Count 79 – Predetermined Merits-First Adjudication under 42 U.S.C. § 1983* .................101
Establishing a merits-before-jurisdiction sequence confirmed by later record entry ......101
EXHIBIT O — EMAIL FROM ATTORNEY PORTER WITH PETITIONS (MAY 20, 2025) ..................102
*Count 80 – Attempted Service of Petitions by Email under 42 U.S.C. § 1983* ..................102
Improper electronic service of initiating pleadings without authorization ......................102
*Count 81 – Participation in Improper Service under 42 U.S.C. § 1983* .............................102
Tacit participation in unauthorized electronic service of pleadings ................................102
EXHIBIT P — PETITIONERS' HEARING EXHIBITS (MAY 26, 2025) .........................................103
*Count 82 – Last-Minute Email Service of Exhibits under 42 U.S.C. § 1983* ......................103
Improper timing and electronic delivery of hearing evidence without adequate notice .103
*Count 83 – Submission and Disclosure of Time-Barred Confidential Exhibit under 42
U.S.C. § 1983* ..............................................................................................................104
Use and circulation of outdated and protected correspondence to influence judicial
proceedings .....................................................................................................................104
*Count 84 – Coordinated Evidentiary Misconduct under 42 U.S.C. § 1983* .......................105

Joint preparation and submission of unauthorized hearing exhibits.............................105
EXHIBIT V — DECISION ON MOTIONS (JUNE 20, 2025) ..............................................106
*Count 85 – Denial of Judicial Recusal under 42 U.S.C. § 1983* ........................................*106*
Refusal to withdraw despite appearance of bias............................................................106
*Count 86 – Denial of Motion to Vacate Void Orders under 42 U.S.C. § 1983* ..................*107*
Maintenance of judicial restraints entered without jurisdiction ...................................107
*Count 87 – Ratification of Improper Service under 42 U.S.C. § 1983* ...............................*107*
Judicial approval of unauthorized notice procedure......................................................107
EXHIBITS W-1 & W-2 — CERTIFIED DOCKET RECORDS FOR 2023CV002927 AND
2023CV002928 ..........................................................................................................................108
*Count 88 – Procedural Prejudice Through Selective Vacatur under 42 U.S.C. § 1983* .....*108*
Unequal judicial treatment of parallel proceedings......................................................108
RACKETEERING / RICO EXPANSION .....................................................................................109
*Count 89 – Early Pattern Establishment through False Representation of Ownership under*
*18 U.S.C. §§ 1962(c), 1964(c)* ............................................................................................*109*
Initial predicate act demonstrating continuity and enterprise intent..............................109
*Count 90 – Integration of November 2023 Communications into RICO Pattern under 18*
*U.S.C. §§ 1961–1964* ...........................................................................................................*110*
Linking renewed proposal, affidavit, and threats to earlier racketeering acts.................110
*Count 91 – Civil RICO Pattern Extension under 18 U.S.C. §§ 1961–1964* ........................*110*
Integration of proposal, petition, and service filings into pattern of racketeering acts ...110
*Count 92 – Integration of Affidavit into RICO Enterprise Pattern under 18 U.S.C. §§ 1961–*
*1964* .......................................................................................................................................*111*
Affidavit used as predicate act supporting pattern of racketeering activity ...................111
*Count 93 – Integration of December 19 Communications into RICO Pattern under 18*
*U.S.C. §§ 1961–1964* ...........................................................................................................*112*
Incorporating December 19 email and offer as additional predicate acts .......................112
*Count 94 – Integration of Evidence Obstruction into RICO Pattern under 18 U.S.C. §§*
*1961–1964* .............................................................................................................................*112*
Use of belief-based affidavit and evidence refusal as continuing predicate acts ............112
*Count 95 – Integration of May 10 Obstruction into RICO Pattern under 18 U.S.C. §§ 1961–*
*1964* .......................................................................................................................................*113*
Use of evidence refusal, belief-based affidavit, and coercive settlement as continuing
predicate acts ................................................................................................................113
*Count 96 – Exposure of Personally Identifiable Information as Racketeering Predicate*
*under 18 U.S.C. §§ 1961–1964* ............................................................................................*114*
Integration of January 8 2024 leak into pattern of racketeering activity.......................114
*Count 97 – Transmission of Confidential Record as Racketeering Predicate under 18*
*U.S.C. §§ 1961–1964* ...........................................................................................................*114*
Integration of Ian Goodman's disclosure into enterprise pattern ..................................114
*Count 98 – Integration of May 10–11 Communications into RICO Pattern under 18 U.S.C.*
*§§ 1961–1964* .......................................................................................................................*115*
Obstruction, threats, and false-record email cluster as related predicate acts ................115
*Count 99 – Integration of April 7 Memorandum into RICO Pattern under 18 U.S.C. §§*
*1961–1964* .............................................................................................................................*116*
Defective filing, false statements, and jurisdictional manipulation as predicate acts .....116

*Count 100 – Integration of April 30–May 1 Service Chain into RICO Pattern under 18 U.S.C. §§ 1961–1964*...........116
    Delegation, invalid address, and email conditioning as racketeering predicate acts.......116

*Count 101 – Integration of Unserved Filings into RICO Pattern under 18 U.S.C. §§ 1961–1964*.........117
    Use of service obstruction as racketeering predicate acts .............117

*Count 102 – Hobbs Act Extortion Predicate under 18 U.S.C. § 1951*.........117
    Use of threatened litigation and fear to obtain property interests.........118

*Count 103 – Obstruction of Justice Predicate under 18 U.S.C. §§ 1503, 1512*.........118
    Advocate-as-witness misconduct and fabrication of evidence.........118

*Count 104 – Wire Fraud Predicate under 18 U.S.C. § 1343*.........119
    Use of interstate email to circumvent lawful service and advance injunction proceedings .........119

*Count 105 – Identity Misuse Predicate under 18 U.S.C. § 1028(a)(7)*.........119
    Unauthorized acquisition and initial disclosure of personally identifiable financial data .........119

*Count 106 – Identity Misuse Predicate under 18 U.S.C. § 1028(a)(7)*.........120
    Unauthorized use of financial records for litigation leverage .........120

*Count 107 – Obstruction of Justice Predicate under 18 U.S.C. §§ 1503, 1512(b)*.........121
    Withholding evidence and altering records to impair defense .........121

*Count 108 – Wire Fraud Predicate under 18 U.S.C. § 1343*.........121
    Interstate email scheme to misrepresent service and gain procedural advantage.........121

*Count 109 – Hobbs Act Extortion Predicate under 18 U.S.C. § 1951(b)(2)*.........122
    Wrongful use of fear and litigation threats to obtain property rights .........122

*Count 110 – Hobbs Act Extortion Predicate under 18 U.S.C. § 1951(b)(2)*.........122
    Coercive litigation threats and property-surrender demands in coordinated package.....122

*Count 111 – Hobbs Act Extortion Predicate under 18 U.S.C. § 1951(b)(2)*.........123
    Fear of litigation and reputation used as economic coercion .........123

*Count 112 – Hobbs Act Extortion Predicate under 18 U.S.C. § 1951(b)(2)*.........124
    Pattern of injunction-conditioned property demands constituting racketeering predicate .........124

*Count 113 – Wire Fraud Predicate under 18 U.S.C. § 1343*.........124
    Interstate electronic release of confidential loan-application data .........124

*Count 114 – Identity Misuse Predicate under 18 U.S.C. § 1028(a)(7)*.........125
    Corruption and use of Plaintiff's email as false instrument in litigation.........125

*Count 115 – Wire Fraud Predicate under 18 U.S.C. § 1343*.........126
    Use of interstate email for coercive property offers and fraudulent inducement .........126

*Count 116 – Obstruction of Justice Predicate under 18 U.S.C. §§ 1503, 1512(b)*.........126
    Suppression of recordings and use of evidence requests for settlement pressure .........126

*Count 117 – Witness-Tampering Predicate under 18 U.S.C. § 1512(b)*.........127
    Conditioning property relief on silence and withdrawal of participation.........127

*Count 118 – Perjury Predicate under 18 U.S.C. § 1621*.........127
    Submission of affidavit containing belief-based, materially false statements.........127

*Count 119 – Identity-Misuse Predicate under 18 U.S.C. § 1028(a)(7)*.........128
    Negligent custodial handling enabling unauthorized disclosure of loan records .........128

*Count 120 – Racketeer Influenced and Corrupt Organizations (RICO) Conspiracy under 18 U.S.C. § 1962(d)* ....................................................................................................129
    Integrated enterprise combining extortion, fraud, obstruction, and identity-misuse predicates ......................................................................................................................129
DECLARATORY COUNTS ...........................................................................................................130
*Count 122 – Declaratory Relief under 28 U.S.C. § 2201(a)* ...............................................131
    Validity of email substitution for lawful service .............................................................131
*Count 123 – Declaratory Relief under 28 U.S.C. § 2201(a)* ...............................................131
    Construction of November 1 2021 Co-Ownership Agreement ........................................132
*Count 124 – Declaratory Relief under 28 U.S.C. § 2201(a)* ...............................................132
    Validity of service-address designation for 2023 filings..................................................132
*Count 125 – Declaratory Relief under 28 U.S.C. § 2201(a)* ...............................................132
    Clarification of lawful service methods and limitations on email or P.O. Box use ........133
*Count 126 – Declaratory Relief under 28 U.S.C. § 2201(a)* ...............................................133
    Clarification of due-process adequacy in state supervisory-writ proceedings ................133
*Count 127 – Declaratory Relief under 28 U.S.C. § 2201(a)* ...............................................134
    Sequence of lawful service before judicial action ...........................................................134
*Count 128 – Declaratory Relief under 28 U.S.C. § 2201(a)* ...............................................134
    Required sequence: service → vacatur → reopening.......................................................134
*Count 129 – Declaratory Relief under 28 U.S.C. § 2201(a)* ...............................................135
    Validity of judicial actions entered in void proceedings .................................................135
**IX. DAMAGES** ......................................................................................................................**135**
**X. RESERVATION OF RIGHTS**...........................................................................................**137**
**XI. TABLE OF AUTHORITIES** ............................................................................................**138**
**XII. EXHIBIT INDEX** ...........................................................................................................**140**
**XIII. JURY DEMAND**............................................................................................................**142**
**XIV. PRAYER FOR RELIEF**.................................................................................................**142**
**XV. VERIFICATION** ..............................................................................................................**143**

## I. NATURE OF ACTION

1. This is a civil action brought under *42 U.S.C. § 1983* and *18 U.S.C. §§ 1961–1964* to redress deprivations of federal rights arising from a coordinated pattern of extortion, fraud, and procedural manipulation affecting Plaintiff's ownership interest in the property located at 1430 Ellen Avenue, Madison, Wisconsin.

2. Defendants —including private attorneys, a co-owner, a title company, and state judicial actors — participated in a series of interrelated acts that combined private

coercion with color of state authority to deprive Plaintiff of property, liberty, and informational-privacy rights secured by the Fourteenth Amendment.

3. Beginning with the November 1, 2021 closing, **Dane County Title Company**, acting as settlement agent, mishandled Plaintiff's **Uniform Residential Loan Application** by including it in the general closing packet rather than maintaining it solely within the lender's underwriting file. This custodial breach later enabled unauthorized disclosure of Plaintiff's personal financial data.

4. In September 2022, **Peter D. Bear** transmitted an email that misrepresented the executed **Co-Ownership Agreement** for 1430 Ellen Avenue, substituting the term "residential owner" for "primary resident" and asserting exclusive possession for Ian Goodman. This communication initiated the continuing mischaracterization of Plaintiff's ownership status.

5. On November 1, 2023, **Ian Goodman** sent a written proposal captioned "Offer to Purchase Share of Mortgage and Property" through interstate email, offering $24,000 in exchange for Plaintiff's execution of a Quitclaim Deed and imposing lifetime behavioral restrictions and speech waivers. The document bore the signature block "Buyer's Legal Representative: Peter Bear," which Plaintiff understood as indicating attorney involvement in the offer's preparation.

6. The November 1 proposal linked acceptance to termination of pending injunction actions and threatened continued litigation and "service by publication" if Plaintiff did not surrender his interest, constituting a coercive use of state process to obtain property by fear of legal harm.

7. Five days later, Goodman filed a Wisconsin harassment-injunction petition using a Wisconsin address Plaintiff alleges was incorrect and including a statement regarding firearm access that Plaintiff disputes, converting a private dispute into an apparent state safety matter.

8. Throughout November 2023, **Attorney Bear** reinforced this campaign by sending a sworn affidavit, a renewed purchase proposal, and a Goodman letter that falsely asserted a "temporary restraining order" had been granted and that "service had been made by publication," creating the illusion of judicial finality to coerce settlement.

9. Those communications invoked law-enforcement response and civil-damages threats to pressure Plaintiff to sign the Quitclaim Deed, constituting extortion under *18 U.S.C. § 1951(b)(2)* and a deprivation of due process under color of state law.

10. On December 19, 2023, Bear emailed Plaintiff with the subject "Draft Lee Letter," revoking prior offers and issuing a new proposal declaring that the property "does not, and will not, belong to the Seller." This interstate transmission extended the extortionate pattern and added defamatory accusations and threats of public exposure.

11. On January 8, 2024, a trial consultant affiliated with the Jeff Scott Olson Law Firm emailed Plaintiff a OneDrive link titled Goodman Evidence.zip containing his unredacted loan application. The link was accessible to anyone with the URL and contained Plaintiff's personally identifiable information outside any judicial process.

12. These disclosures constituted identity misuse and wire-fraud predicates under *18 U.S.C. §§ 1028(a)(7)* and *1343*, furthering the enterprise's scheme to coerce settlement and discredit Plaintiff.

13. In May 2024, after repeated requests for evidence, Bear refused to produce recordings cited in sworn filings, claimed they were in his clients' exclusive control, and fabricated a corrupted version of Plaintiff's email to portray him as incoherent. These acts constituted obstruction of justice and false-instrument use within the ongoing RICO pattern.

14. In April and May 2025, **Attorney Allen S. Porter** joined the enterprise by accepting delegation of service from Bear and imposing unlawful email-only conditions while using a P.O. Box as address of record. Subsequent filings were transmitted solely by email, circumventing personal-service requirements and depriving Plaintiff of lawful notice.

15. Those service substitutions formed wire-fraud and obstruction predicates under *18 U.S.C. §§ 1343* and *1503*, integrating the April 30 – May 26 2025 chain into the same racketeering pattern begun in 2023.

16. In May and June 2025, **Judge Ryan D. Nilsestuen**, acting under color of state law, continued injunction orders without jurisdiction, denied vacatur of void injunctions, and advanced hearings despite non-service, permitting Defendants' pattern to achieve judicial enforcement of void orders.

17. Plaintiff alleges that these combined acts constitute an association-in-fact enterprise within the meaning of *18 U.S.C. § 1961(4)*, engaged in a pattern of racketeering activity through extortion, wire fraud, identity misuse, and obstruction of justice affecting interstate commerce.

18. The enterprise's purpose was to deprive Plaintiff of his co-ownership rights in 1430 Ellen Avenue, to extract a financial concession through threat and fear, and to suppress

his access to evidence and judicial review by misusing court process and personal information.

19.  Plaintiff seeks redress under *42 U.S.C. § 1983* for constitutional deprivations and under *18 U.S.C. § 1964(c)* for treble damages, declaratory relief under *28 U.S.C. § 2201(a)*, and such other relief as this Court deems just and equitable.

---

## II. JURISDICTION AND VENUE

20.  This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action asserts claims arising under federal law, including the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1964, the Due Process Clause of the Fourteenth Amendment, and 42 U.S.C. § 1983. The Court also has authority to grant declaratory and injunctive relief under 28 U.S.C. §§ 2201–2202.

21.  Jurisdiction is proper under *18 U.S.C. § 1965* because Defendants participated in an interstate racketeering enterprise and directed predicate acts into this District. They transmitted coercive proposals, threats, affidavits, and confidential records to Plaintiff in California with the foreseeable purpose of compelling surrender of his property rights. *Section 1965(b)–(d)* authorizes nationwide service of process and venue "where the ends of justice require," extending jurisdiction to all participants in a single RICO enterprise. The Ninth Circuit has held that *§ 1965(b)* permits personal jurisdiction over out-of-district defendants when a single forum is necessary to serve the ends of justice. *Butcher's Union Local No. 498 v. SDC Invest., Inc.*, 788 F.2d 535, 539 (9th Cir. 1986). That standard is met here because the alleged enterprise spans multiple states, and

adjudication in one forum is essential to ensure comprehensive resolution of the scheme.

22. The Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over state-law claims that share a common nucleus of operative fact with the federal claims. These claims arise from the same misrepresentations and records handling, including the co-ownership agreement, service address filings, and circulation of Plaintiff's financial information.

23. Defendants are subject to specific personal jurisdiction in this District under Fed. R. Civ. P. 4(k)(1)(A) and Cal. Code Civ. Proc. § 410.10. Each Defendant purposefully directed acts toward Plaintiff in California, including:

   a) transmitting the September 1, 2022 mischaracterization of the co-ownership agreement;

   b) emailing the November 1 and November 21, 2023 coercive purchase proposals;

   c) sending the December 19, 2023 "Draft Lee Letter" with threats of renewed injunctions;

   d) disseminating Plaintiff's confidential loan application via an unsecured interstate link received here; and

   e) conditioning access to evidence in May 2024 on surrender of property rights, with accompanying threats.

Defendants knew Plaintiff resided and worked in California, repeatedly identified his California employer in filings, and intended the harmful effects to be felt here. These allegations meet the "effects test" for specific jurisdiction under *Calder v. Jones*, 465

U.S. 783 (1984), as applied in *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 803 (9th Cir. 2004), and *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002).

24. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because all of the events and omissions giving rise to the claims occurred here. The coercive proposals, threats, and affidavits were transmitted into this District; the unauthorized disclosure of Plaintiff's confidential financial information was received and its effects were felt here; and Plaintiff sustained economic, reputational, and constitutional injuries here. Venue is also proper under § 1391(b)(3) to the extent any Defendant is not subject to suit in a single other district encompassing all parties.

25. Venue is further proper under *18 U.S.C. § 1965(a)* because Defendants "reside, are found, have agents, or transact their affairs" in this District through communications, transmissions, and coercive acts directed here. In 2021, Ian Goodman personally visited Plaintiff in California to discuss the Ellen Avenue property and related loan arrangements. During that visit, Goodman rented a vehicle through the Turo car-sharing service for travel within California, including a trip to Lake Tahoe, and later transmitted an email concerning a Turo dispute identified as "Case No. 8565746," confirming his physical presence in the state. This direct contact, followed by repeated email and document transmissions into California, establishes purposeful direction of the enterprise's activities toward this District.

26. Assignment to the San Jose Division is proper under N.D. Cal. Civ. L.R. 3-2(e) because the coercive proposals, injunction filings, and related racketeering conduct were directed to and received by Plaintiff in Santa Clara County during 2023, causing the primary injuries underlying this action. Subsequent procedural harms in 2025

occurred within the same federal district. Accordingly, venue and divisional assignment in the San Jose Division are proper.

---

### III. PARTIES

27. Plaintiff Lee Drone is an individual and citizen of the State of California. During the period relevant to the primary events alleged herein, he resided in Santa Clara County, where the coercive proposals and related communications were received, and still resides within the Northern District of California. Plaintiff was a party to a November 1, 2021 Co-Ownership Agreement concerning real property located in Madison, Wisconsin, and brings this action to vindicate his federal rights arising from the misuse of that agreement and related coercive conduct, not to determine title, possession, or any damages related to such property

28. **Defendant Peter D. Bear** is an attorney licensed to practice law in the State of Wisconsin and a former member of the Wisconsin State Senate. Beginning in 2022, he communicated with Plaintiff and others regarding the Ellen Avenue property and, in 2025, formally appeared in Dane County Circuit Court proceedings in connection with related disputes.

29. **Defendant Ian E. Goodman** is an individual residing in Madison, Wisconsin. He is a co-owner of the property at 1430 Ellen Avenue, Madison, Wisconsin, together with Plaintiff, under a written Co-Ownership Agreement executed on November 1, 2021.

30. **Defendant Dane County Title Company** is a Wisconsin corporation with its principal place of business in Madison, Wisconsin. It served as the settlement and closing agent

for the November 1, 2021, real estate transaction involving Plaintiff and Ian Goodman, and was responsible for handling the associated closing documents.

31. **Defendant Judge Ryan D. Nilsestuen** is a judicial officer of the Dane County Circuit Court, Branch 10, in the State of Wisconsin. He presided over proceedings in Case No. 2023CV002927 and 2023CV002928 at times relevant to this action.

32. **Defendant Allen S. Porter** is an attorney licensed to practice law in the State of Wisconsin. In 2025, he entered an appearance in Dane County Circuit Court on matters involving Plaintiff and participated in service-related communications.

## IV. FACTUAL BACKGROUND

### Initial Closing and Title Company's Disclosure Duties

33. On November 1, 2021, Plaintiff completed a real estate closing for the property at 1430 Ellen Avenue, Madison, Wisconsin. At that closing, he executed the promissory note, deed, and related documents, together with a notarized Co-Ownership Agreement with Ian Goodman. The Co-Ownership Agreement bears both signatures and the notary acknowledgment, confirming its execution on that date.

34. The closing was conducted by Dane County Title Company, acting as settlement agent for the lender, University of Wisconsin Credit Union. At the same closing, Dane County Title Company's notary oversaw simultaneous execution of the loan documents and the Co-Ownership Agreement, confirming their validity as a single transaction package.

35. As part of the closing packet, Dane County Title Company included Plaintiff's Uniform Residential Loan Application, which contained personal and financial

information. Plaintiff and Ian Goodman had each completed separate applications for the same loan, reflecting their individual income, credit, and occupancy information. Plaintiff's application properly belonged in the lender's underwriting file and not among the shared closing records. By including that application in the closing packet, Dane County Title Company caused Plaintiff's information to circulate beyond its intended scope.

36.     In January 2024, the same loan-application file resurfaced in unrelated materials, showing that the disclosure originated from the November 2021 closing. The failure to separate underwriting materials from general closing records resulted in Plaintiff's financial data appearing outside the lender's file, establishing that the breach of custody began with Dane County Title Company's handling of the original packet.

### Exhibits A-1 & A-2 — Co-Ownership Agreement and Mischaracterizing Email

37.     On September 1, 2022, Attorney Peter D. Bear emailed Plaintiff regarding the co-ownership agreement for 1430 Ellen Avenue, Madison, Wisconsin, copying Ian Goodman. In that message, Bear wrote that "Ian is in full compliance with the terms of the contract," that "the contract indicates that Ian is the residential owner," and that "there is no provision for any residency or visitation" by Plaintiff, while adding that Ian could allow it at his discretion. The email was sent from Bear's law-office account and stated that a copy of the agreement executed 11/1/2021 was attached.

38.     The attached document, titled *Legally Binding Agreement for Co-Ownership of the Property at 1430 Ellen Avenue, Madison, Wisconsin 53716,* was executed November 1, 2021, and bears the signatures of Lee Drone and Ian Goodman, together with a Wisconsin notary acknowledgment confirming execution on that date.

39. Paragraph 8 of the agreement states: "Ian Goodman is ultimately responsible at 100% for any damages or liens put against the property while he is the primary resident." Paragraph 9 states: "Lee Drone and Ian Goodman agree to split profits at the time of sale at 50%." Paragraph 14 states: "Neither Lee Drone or Ian Goodman can block the sale of the house after January 1, 2024."

40. The agreement does not use the phrase "residential owner" and does not assign exclusive possession or occupancy to either party. Its express terms document equal ownership and equal rights to title, profit, and decision-making regarding 1430 Ellen Avenue.

**Exhibits B-1 & B-2 — November 1, 2023 "Offer to Purchase"**

41. On November 1, 2023, Ian Goodman sent Plaintiff's father an email regarding 1430 Ellen Avenue, Madison, Wisconsin, later forwarded to Plaintiff. The email attached a document captioned "OFFER TO PURCHASE SHARE OF MORTGAGE AND PROPERTY," which included a signature block for "Buyer's Legal Representative: Peter Bear."

42. The proposal stated that the Buyer "will pay a purchase price of $24,000 for the seller's equity," that this "satisfies the seller's initial investment of approximately $7,100, and gives him a return on investment of approximately 240%," and that "Buyer waives any Unjust Enrichment claims relative to this profit for Seller." It provided that, upon payment, the Seller would sign a Quitclaim Deed transferring the Seller's full interest to the Buyer, and that the property was sold "as is."

43. The proposal stated that "The Seller will give power of attorney to his parents, Patt Drone and Jacalyn Drone, to communicate and execute any necessary documents

before, during and after the assumption process. If the Seller does not agree with this option, the Seller will assume the lawyer fees of the Buyer" for negotiation or purchase efforts going forward; it also recited an estimated assumption timeline of approximately six months with cooperative efforts toward the Buyer's assumption of the loan.

44.    The proposal included conditions regarding future communications and conduct, including that "Under no circumstances will the Seller communicate with the Buyer and his wife, Paula Goodman," that the Seller must "avoid any type of contact for life," and that the Seller must "refrain from committing acts of harassment, intimidation, extortion, and cyber activity" targeting the Goodmans. The document also stated that the Goodmans would "desist from filing a petition to the court for a Permanent Restraining Order" upon execution of the agreement.

45.    The proposal required execution "by close of business November 3, 2023," and stated that if the agreement was not executed by that time, the Buyer "will not be obligated … to stop pursuing legal action, including, as may be needed, continuing or re-filing with notice of service through publication." It further stated that, upon execution, the agreement would be the only controlling agreement in the matter and that "All previous agreements are then rendered null and void." The document contained no provision for lender consent, assumption approval, or release from liability on the existing mortgage, leaving the original financing obligations unchanged.

## Exhibit C — Respondent Information for Service by Sheriff (Nov. 6, 2023)

46.    On November 6, 2023, Ian Goodman filed a harassment-injunction petition and an accompanying *Respondent Information for Service by Sheriff* form in Dane County

Circuit Court Case No. 2023CV002927. The filings occurred three days after expiration of the November 1 offer and related to the same dispute concerning 1430 Ellen Avenue, Madison, Wisconsin. Both documents bear Ian Goodman's handwritten entries and signature.

47. In the address field, Goodman listed 7220 Inama Road, Sauk City, Wisconsin 53583, the residence of Plaintiff's parents. Plaintiff had not lived at that address for more than twenty years. Neither the petition nor the sheriff-service form identified the co-owned property at 1430 Ellen Avenue, Madison, Wisconsin 53716.

48. On the same form, Goodman entered Plaintiff's employer as Workday, Inc., 6110 Stoneridge Mall Road, Pleasanton, California 94588, identifying a California work address. The filing therefore contained both a Wisconsin parental address and a California business address but omitted the Madison property.

49. In the section labeled "CAUTION (Check all that apply)," Goodman checked the box stating "Respondent/Defendant has access to weapon(s)" and specified "Rifles, handgun." He further wrote: "Parents' vehicle, parents' home (defendant's last known location)." Those statements appear in Goodman's handwriting on the court form submitted for official service.

## Exhibits D-1, D-2, D-3 & D-4 — November 21, 2023 Proposal, Affidavit, and Message

50. On November 21, 2023, Peter D. Bear sent Plaintiff an email from his law office account with the subject line "Ian Goodman and Paula Goodman." The message was addressed to Plaintiff's personal email and included three attachments: (1) a letter from Ian Goodman, (2) a renewed proposal to purchase Plaintiff's interest in 1430 Ellen

Avenue, Madison, Wisconsin, and (3) a sworn affidavit executed by Bear on October 22, 2023.

51. In a letter transmitted with the November 21, 2023 email, Ian Goodman wrote: "I received a restricted call, which may have been you, immediately after the sheriff's attempted service at your parents house yesterday morning." He stated: "We must inform you that a new TRO has been granted, 2 weeks ago, with a hearing for the Permanent Restraining Order to follow." The letter continued: "Because of your avoidance of service, at the suggestion of the court, we have served you by publication, and will likely be granted the Permanent Injunction, regardless of if you appear or not." It warned: "Any violation of the Restraining Order will be met by immediate law enforcement response, to locate you at work, or wherever you may be." The letter added that Plaintiff had "traumatized and destabilized our life for the last 2 years," that "we will be filing a claim for damages in civil circuit court," and concluded: "You have our offer. ... You need to contact Attorney Bear if you wish to settle this matter."

52. The renewed proposal attached to the email offered payment of $24,000 in exchange for Plaintiff's execution of a Quitclaim Deed transferring his interest in 1430 Ellen Avenue to Ian Goodman. It required Plaintiff either to grant power of attorney to his parents for document execution or to assume responsibility for Ian Goodman's attorney's fees in any future negotiation. The proposal included terms prohibiting Plaintiff from contacting Ian or Paula Goodman and set a response deadline of November 23, 2023.

53. The affidavit executed by Peter D. Bear on October 22, 2023, was filed in Dane County in support of Ian and Paula Goodman. In that document, Bear stated: "I met Ian

Goodman when I represented a friend of his in 2010. Shortly thereafter, I represented Ian on a matter, and over the years I have worked with Ian on a number of matters for him, and his friends and family members who have needed legal services, in both civil and criminal matters. We have become personal friends over this period of time." He further wrote: "One of the civil matters on which I advised Ian is his current real estate purchase agreement with Lee Drone, the respondent in the petitions of Ian Goodman and Paula Goodman. I did not draft the agreement; it was, upon information and belief, drafted by Lee Drone."

54.    In the same affidavit, Bear wrote: "They are all false in every single aspect and detail, complete fabrications, alleging corruption and crimes that never occurred, and they are defamatory, libelous if published." He continued: "He seems to say I betrayed criminal clients who received very long prison sentences as a result. He wasn't sure about all details because when some of it allegedly happened, he was 'young,' his uncle told him." Bear also stated that these remarks appeared intended "to intimidate and dissuade Ian from retaining me as his attorney."

55.    Bear also included in the affidavit personal details concerning his relationship with Ian and Paula Goodman, stating that he had arranged their wedding to take place in the Wisconsin Senate Chamber and had sponsored the event as a former Senator. He wrote that he considered the Goodmans close friends and that their fear and distress about the situation were "visible and audible in the presentation."

56.    In the final paragraph of his affidavit, Bear stated that Plaintiff's actions constituted "a comprehensive campaign of fear, intimidation, even terror, to accomplish his nefarious goal of depriving the Goodmans of their hard-earned interest in the property at Ellen

Avenue." He concluded that the Goodmans' agreement with Plaintiff was "underpinned by the real estate agreement operative in this matter."

57. All three documents—the Goodman letter, the renewed proposal, and Bear's affidavit—were transmitted together in the November 21, 2023, email from Bear to Plaintiff. Each concerned the same property and was linked to ongoing communications between Bear and the Goodmans regarding the 1430 Ellen Avenue dispute.

## Exhibit E — YES Energy Utility Bill (December 13, 2023)

58. On December 13, 2023, Plaintiff received a YES Energy billing statement addressed to him at 3700 Casa Verde Street, Apartment 2304, San Jose, California 95134. The statement named Plaintiff as the resident at that location and identified it as his service address.

59. The bill covered the period from October 31, 2023 through November 30, 2023. It listed Plaintiff as the account holder for that apartment in San Jose, California, thereby documenting his residence in California during that timeframe.

## Exhibits F-1 & F-2 — December 19, 2023 Email ("Draft Lee Letter") and Attached Offer

60. On December 19, 2023, Attorney Peter D. Bear sent Plaintiff an email from his law-office account with the subject line "Draft Lee Letter." The message was addressed to Plaintiff's personal email and began, "Dear Mr Drone: This is on behalf of Ian and Paula Goodman, my clients, regarding pending and potential legal issues remaining between you and them." It included an attachment titled "OFFER TO PURCHASE 1430 ELLEN AVE."

61. In the email, Bear stated that "the offer I conveyed to you by email on November 21, 2023, not having been accepted by you, is revoked" and that "a new offer from the Goodmans to you will be presented herein." He described the Ellen Avenue agreement as "the central matter that gave rise to the others" and wrote that it "gave little specificity regarding an endpoint, other than that neither party can block a sale after January 1, 2024."

62. Bear wrote that the Goodmans had maintained records "in terms of audio and print" and that they intended to keep those records available to the court. He stated that "should the Goodmans need to file for re-opening the matter, the evidentiary filings … will be made public record."

63. Bear wrote that "the actions described in the injunction filings caused emotional trauma, pain, and suffering to the Goodmans" and that "a court could easily find that you committed the tort of intentional infliction of emotional distress upon Paula Goodman and Ian Goodman." He stated that "we'll provide you with our evidence upon request."

64. Bear wrote that "each matter — the real estate transaction, the injunction, and the claim for economic and non-economic damages — is independent … that said, the reality is that they are interconnected." He stated that if the Ellen Avenue sale were completed before January 1, the Goodmans "won't re-open the injunction / restraining-order matters and will agree to hold you harmless [and] not file a claim against you for their damages, unless you would violate the protective orders in place."

65. Bear closed the email by stating, "The Goodmans' offer is attached, your acceptance or counteroffer is requested by Friday, December 22, 2023. I will be pleased to

memorialize the Goodmans' commitments … in the event the sides come to terms by December 22." The attached document was titled "OFFER TO PURCHASE 1430 ELLEN AVE." and offered $24,000 for Plaintiff's ownership interest with a deadline of December 22, 2023.

66. The attached document, dated December 19, 2023, was captioned "OFFER TO PURCHASE 1430 ELLEN AVE." It identified Ian Goodman as Buyer and Lee Drone as Seller and offered to purchase Plaintiff's ownership interest for $24,000. It stated that this amount would "satisfy the seller's initial investment of approximately $7,100 and give him a return on investment of approximately 240%."

67. The offer specified that the property was sold "in 'as is' physical condition," with no credits or repairs to be offered or made. It stated that the transfer was "final and covers all aspects of the property ownership up to the time of this transfer."

68. The document required that "at the time of execution of the release of the interest in the property from Seller to Buyer, Buyer shall pay the full amount of $24,000." Upon payment, the Seller would sign a Quitclaim Deed transferring his full interest to the Buyer and acknowledge that "the 1430 Ellen Avenue property does not, and will not, belong to the Seller."

69. The offer recognized that the mortgage-release process could take "approximately six months as described by the lender" and stated that both parties would "work cooperatively towards the buyer's assumption of liability on the loan." It added that the Buyer was "willing to initiate the release of liability process before the initial agreed upon date (January 1, 2024)."

70. The document stated, "Because of the restraining order by the Buyer against the Seller, the Seller will communicate directly with the Buyer's Attorney regarding any notices pertaining to this purchase." It also provided that upon fulfillment of the terms, "no legal remedies will be taken for damages resulting from the actions of the Seller during the course of the Co-Ownership."

71. The offer required acceptance by December 22, 2023, and stated that "all the parties acknowledge that they have had the opportunity and sufficient time to consult legal counsel even if they decline to do so." It declared that the agreement would become "the only valid and controlling agreement in this matter" and that "all previous agreements are then rendered null and void."

**Exhibit G — Public Release of Information (January 8, 2024)**

72. On January 8, 2024, Sarah Furey Crandall, a trial consultant affiliated with the Jeff Scott Olson Law Firm and a personal acquaintance of Plaintiff's family, emailed Plaintiff under the subject line "Link to 'Goodman Evidence' Zip file." The message stated: "Lee – here is a link to all the 'evidence' that Ian says that he has. Let me know if you have trouble opening it …" and included a OneDrive URL linking to shared content.

73. The OneDrive link opened a compressed archive labeled "Goodman Evidence.zip," which contained multiple files, including a PDF titled "Lee Title Application (Non Occupant Section 5).pdf," dated December 20, 2023. The archive was originally provided to the Jeff Scott Olson Law Firm as part of a materials package transmitted by Peter D. Bear and was later accessible through the same OneDrive link distributed on

January 8, 2024. The link opened without login authentication or password requirement, permitting unrestricted online access to its contents.

74. The file "Lee Title Application (Non Occupant Section 5).pdf" was a copy of Plaintiff's Uniform Residential Loan Application and displayed his full confidential, private, and financial data, including his Social Security number, date of birth, home address, email address, phone number, employer (Workday, Inc., 6110 Stoneridge Mall Road, Pleasanton, CA 94588), income, assets, liabilities, and property information for 1430 Ellen Avenue, Madison, Wisconsin. No portion of the Social Security number, date of birth, or other personally identifiable information was redacted.

75. The Uniform Residential Loan Application is a standard lender underwriting form used in loan origination and is not a deed, mortgage note, or title instrument. On the form, Plaintiff's occupancy designation reflected his California residence while co-owning 1430 Ellen Avenue as a secondary property.

76. On January 8, 2024, the disclosure of Plaintiff's loan application occurred outside any court discovery process. The email and OneDrive link made Plaintiff's Social Security number, employment history, and financial records accessible without password protection or authentication, leaving the unredacted file viewable online without access restriction. The same document package had previously been transmitted to outside consultants by Peter D. Bear, and the version appearing in the shared archive matched that transmission.

**Exhibit H — Recordings Request (May 9–10, 2024)**

77. On May 9 2024, Plaintiff emailed Attorney Peter D. Bear requesting "the original audio recordings" that Bear and his clients had referenced in prior sworn filings.

Plaintiff asked for "the original source files rather than edited excerpts or transcripts" so he could "verify whether any alteration or misinterpretation had occurred."

78. On May 10 2024, Bear replied by email that the recordings were "the property of, and in the exclusive control of [his] clients." He wrote that he would "only forward" Plaintiff's request to them. The message did not include any link to the recordings or set a timeline for production.

79. In the same email, Bear wrote: "I submitted an affidavit in support of the Goodmans, wherein I say that I believe that Ian really believed your words to be of a threatening nature, and I could see reason for it. If that turned to be wrong, which I doubt, that does not constitute an ethical violation."

80. In the same message, Bear added that "the Goodmans represented themselves in their petitions for TRO and injunction against you," and that he had "submitted an affidavit in support." He wrote that he would not produce the recordings directly and would forward the request to his clients for their decision.

81. In the same May 10 2024 email, Attorney Peter D. Bear wrote: "I will get you an answer from the Goodmans regarding their recordings. Beyond that, I have told you all I have to say about that." He added, "I have told you for what seems like years now, that if you wish to reach a reasonable and amicable resolution of the real estate matter — as in non-threatening in word or tone — I am authorized to communicate with you about that." The message contained no schedule for production or authentication of the recordings.

82. The correspondence concluded with Bear's May 10 2024 email quoted above. No additional emails or attachments appear in the thread after that message.

**Exhibit I — Evidence Request and Bear's Response (May 10–11, 2024)**

83. On May 10, 2024 at 4:28 PM, Plaintiff emailed Attorney Peter D. Bear with subject "Evidence Request – Supporting Documents for Affidavit." The message requested "any and all evidence that supports the claims made in your affidavit" and "the strictest proof that each and every statement is true and accurate," attaching the October 22, 2023 affidavit. Plaintiff also asked Bear to clarify a representation issue noted in Ian Goodman's prior filings.

84. On May 10, 2024 at 5:47 PM, Bear replied that he "signed the affidavit affirming that everything [he] stated was true and accurate to the best of [his] knowledge. It was, and is." He wrote that he would not debate "the veracity or degrees thereof," invited Plaintiff to quote specific passages, and stated that "the Affidavit ... has never been entered into evidence in any proceeding," adding that protection had been obtained "by default." He cautioned that alleging deliberate falsehoods "may be committing libel ... if ... made publicly."

85. On May 11 2024 at 6:06 a.m., Attorney Peter D. Bear emailed Plaintiff instructing him "not to communicate with me any further regarding the Goodmans, or my Affidavit ... or for any other reason," and warning that "any violation of this request may be considered witness tampering"; Bear stated that Plaintiff's "reference to [Bear] as opposing counsel is inaccurate," and referred Plaintiff to Attorney Joe Klein for any future litigation communications.

86. On May 11, 2024 at 9:40 AM, Plaintiff sent a follow-up titled "Evidence Request – Supporting Documents for Affidavit." He identified three specific sections of Bear's affidavit for which proof was requested, noted that Bear was not actively representing

Ian Goodman in the partition case but was involved in the injunction matters, and requested confirmation of Bear's mailing address, phone, and email.

87. On May 11, 2024 at 11:30 AM, Bear responded: "Ian made and owns the recordings … The evidence is Mr. Goodman's. Your questions to me about the origins of his evidence are misdirected."

88. On May 12, 2024 at 6:47 PM, Bear sent another email asserting that he "looked at" the Goodmans' evidence, "made not one statement of fact requiring proof," and "stands by everything," attaching a memorial card.

89. No attachments or supporting documents were provided in response to Plaintiff's requests, and no proof was produced for any portion of Bear's affidavit.

90. Throughout the correspondence, Bear directed all questions regarding provenance or authenticity to Ian Goodman and declined to produce any evidentiary materials himself.

## Exhibits J-1 & J-2 — April 7, 2025 Opposition Memorandum (mailed April 14) and City Assessor Record

91. On April 14 2025, Plaintiff received by U.S. Mail a court-mailed copy of a memorandum filed April 7 2025 in Case No. 2023CV002927 (Branch 10) entitled Petitioner's Memorandum of Law in Opposition to Respondent's Motion to Reopen and Vacate. The envelope originated from the Dane County Circuit Court rather than from opposing counsel. The copy was stamped "COPY" and bore only the typed block "Peter D. Bear, SBN #1004871," without a handwritten or electronic signature and without any certificate of service. The record of this filing followed Attorney Bear's prior October 22 2023 affidavit that he stated had been "submitted in support of the

TRO," illustrating his continued participation in the same injunction proceedings in which he had previously acted as a sworn witness.

92. The memorandum referenced attached exhibits, including one identified as "Exhibit B," but no attachments were enclosed with the copy mailed by the court. Plaintiff received only the memorandum itself and was not provided the evidentiary materials cited within it. Whether or not that earlier affidavit had been formally filed, Bear's use of it as a purported sworn instrument in ongoing correspondence created a continuing advocate-as-witness conflict and supported the same coercive pattern described below.

93. Within the text of the memorandum, Peter D. Bear wrote that "Respondent has never actually resided at [1430 Ellen]; he is on the property title as a co-signer to the mortgage." The filing further described Plaintiff's filings as "erratic and hostile" and stated that they reflected "a troubling combination of fixation, hostility, and detachment from reality." It also characterized Plaintiff's use of 1430 Ellen Avenue as a service address in *Case No. 2025CV001148* as a "shifting narrative."

94. The memorandum cited Wisconsin appellate decisions *Stroup v. Career Academy, Inc.*, 38 Wis. 2d 284 (1968), and *Pasek v. Pasek*, 158 Wis. 2d 629 (Ct. App. 1990), to argue that Plaintiff had waived jurisdictional objections. It requested that the court deny Plaintiff's motion, uphold the injunction for Ian Goodman, reinstate the injunction for Paula Goodman, or alternatively authorize renewed service by publication while leaving the existing restraining orders in effect.

95. A City of Madison Assessor's Office record for 1430 Ellen Avenue lists **Lee Drone** and **Ian Goodman** as owners of record. The parcel report identifies both names on the ownership line and confirms that the property is jointly owned.

**Exhibit K — April 30–May 1, 2025 Service Address Request and Conditioning**

96. On April 30 2025, Plaintiff emailed Attorney Peter D. Bear with the subject line "Request for Service Address – Case No. 2025CV001149," stating: "I would like to confirm your preferred address for formal service of documents." The message sought confirmation for completion of lawful service under Wisconsin procedure.

97. Later that day, Attorney Bear replied by email: "Attorney Allen S. Porter will represent me in this matter. He will accept service for me, and you may send other documents to him as well." Bear copied Attorney Allen S. Porter on the message and added no further comment.

98. On May 1 2025, Plaintiff emailed Attorney Porter with the subject line "Request for Service Address – Case No. 2025CV001149," asking for a lawful address for personal service in accordance with Wisconsin statutory requirements.

99. Later that day, Attorney Porter replied by email stating: "You can use my P.O. Box indicated in my signature block below. However, I will only accept service on Peter's behalf on the condition that, if you don't join the circuit court e-filing system, you will allow me to serve you by email with all documents I subsequently file with the Court throughout the case." The signature block listed P.O. Box 7093, Madison, Wisconsin 53707.

100. That May 1 email was copied to Attorney Bear, who remained in the correspondence chain. The record shows no further reply, comment, or clarification from Bear regarding Porter's conditions or the use of a post-office box for service.

101. Later on May 1 2025, Attorney Porter sent a second email to Plaintiff stating: "In addition to agreeing to accept service by email of all documents filed in that case, you

must agree to accept service by email of all filings in all of the cases with the Goodmans." This message was also copied to Attorney Bear. No further emails appear in the thread after this exchange.

## Exhibit L — Defendant's Motion to Strike Filings for Failure to Serve (May 7, 2025)

102. On May 7 2025, Plaintiff filed a Motion to Strike Filings for Failure to Serve in Dane County Circuit Court, Branch 10 (Case No. 2023CV002927). The motion identified multiple documents that lacked a certificate or proof of service under *Wis. Stat. § 801.14(1)*, including:

   a) a Transcript filed February 4 2025 for the November 13 2023 hearing;

   b) a Transcript filed April 4 2025 for the November 27 2023 hearing;

   c) a Petitioner's Response filed April 7 2025;

   d) an Amended Response filed April 14 2025;

   e) an Affidavit of Attorney Joseph Klein filed April 14 2025 (while withdrawn from representation); and

   f) an Affidavit of Alan Ferguson filed April 14 2025.

   Each appeared on the court docket without a certificate or proof of service.

103. The motion also referenced an email from Attorney Allen S. Porter dated May 1 2025 (see *Exhibit K*), in which Porter stated that he would accept service only if Plaintiff agreed to email service for all Goodman-related cases. The motion included that email as a reference within its discussion of service procedure.

## Exhibit M — Decision and Order on Motion to Reopen (May 12, 2025)

104. On May 12 2025, Judge Ryan D. Nilsestuen of the Dane County Circuit Court, Branch 10, issued a written Decision and Order on Motion to Reopen in *Ian Goodman v. Lee*

*Drone*, Case No. 2023CV002927. The Order addressed Plaintiff's motions to reopen and vacate prior injunction proceedings and stated that "for the reasons stated below, the Court is granting the motion in part." It recited that Ian Goodman filed a petition for a temporary restraining order and injunction on November 6 2023 and that Paula Goodman filed an almost identical petition in *Paula Goodman v. Lee Drone*, Case No. 2023CV002928. The Court noted that an injunction hearing was held on November 13 2023, that a two-week extension was granted, and that notice of the hearing was published in the *Wisconsin State Journal*.

105.  In its analysis section, the Decision and Order cited *Stroup v. Career Academy, Inc.*, 38 Wis. 2d 284 (1968); *Pasek v. Pasek*, 158 Wis. 2d 629 (Ct. App. 1990); and *Lees v. DILHR*, 49 Wis. 2d 491 (1971). The Court found that Plaintiff had filed "numerous affidavits and motions seeking relief, including sanctions and injunctive relief, against Mr. Goodman," and concluded that "[b]y doing so, Mr. Drone waived his challenge to the Court's personal jurisdiction over him."

106.  The Order further stated that "the Court has personal jurisdiction over Mr. Drone" and that, "[i]n the interest of justice and due process, the Court will schedule an injunction hearing and hear the matter on the merits." It acknowledged that Plaintiff had not previously received the petition and directed Petitioner Ian Goodman to "promptly send a copy of the petition to Mr. Drone." The Court declined to vacate the existing injunction, stating that a decision on vacatur "will be made following the hearing." A footnote indicated that the Court's decision was based on testimony given at the November 27, 2024, injunction hearing.

107. In its final section titled "Order," the Decision directed that the case be reopened and that a scheduling order issue for an upcoming injunction and motion hearing. The Decision and Order was electronically signed by Judge Ryan D. Nilsestuen on May 12, 2025.

## Exhibit N — Notice of Hearing (May 13, 2025)

108. On May 13, 2025, the Dane County Circuit Court, Branch 10, filed two documents in Ian Goodman v. Lee Drone, Case No. 2023CV002927, each titled Notice of Hearing and signed by the clerk of court.

109. The first notice (Document No. 43) scheduled a "Motion hearing" for May 27, 2025, at 2:00 p.m. before Judge Ryan D. Nilsestuen in Courtroom 8C, 215 South Hamilton Street, Madison, Wisconsin. It listed Plaintiff's mailing address as 3964 Rivermark Plaza Unit 2514, Santa Clara, California 95054.

110. The second notice (Document No. 44) scheduled an "Injunction hearing" for the same date, time, and location, also before Judge Nilsestuen. It identified the same case number and address for service and was filed on the same day, May 13, 2025.

111. Both notices stated that the hearings concerned a harassment restraining order and that the matters would not be adjourned except upon formal motion for good cause or stipulation of all parties.

## Exhibit O — Email from Attorney Porter with Petitions (May 20, 2025)

112. On May 20, 2025, Attorney Allen S. Porter emailed Plaintiff with the subject line: "Ian Goodman v. Lee Drone, Dane County Circuit Court Case No. 23 CV 2927; Paula Goodman v. Lee Drone, Dane County Circuit Court Case No. 23 CV 2928." The subject combined both cases and identified Plaintiff as the respondent in each.

113. In the body of the email, Porter wrote: "Pursuant to the Court's Decision and Order entered May 12, 2025, attached are the Petitions for Temporary Restraining Order and/or Petition and Motion for Injunction Hearing in the above-referenced cases."

114. The email listed two PDF attachments titled "Pet TRO.pdf" and "2 - Petition for TRO_injunction.pdf." The message was sent to Plaintiff and copied to Peter D. Bear at peterbearlaw@gmail.com.

115. The email did not include a certificate of service, proof of mailing, or any court authorization for electronic service; the petitions were transmitted solely as email PDF attachments and not through the clerk's office or by personal delivery.

## Exhibit P — Petitioners' Hearing Exhibits (May 26, 2025)

116. On May 26, 2025, at 8:56 p.m., Attorney Allen S. Porter emailed Plaintiff with the subject line "Petitioners' Hearing Exhibits," copying Attorney Peter D. Bear. The body stated: "Attached are exhibits I may offer into evidence at the hearing tomorrow." The message was sent less than twenty-four hours before the scheduled May 27, 2025 hearing in Case No. 2023CV002927 and included Porter's P.O. Box 7093, Madison, Wisconsin, and Gmail address in the signature block.

117. The email contained several attachments identified as hearing exhibits for the May 27, 2025 proceeding. Among them was a file labeled "Ex 1-Email 9-3-22.pdf," a California business email between Plaintiff and Ian Goodman dated September 3, 2022. The communication predated the Wisconsin litigation by more than two years and included standard confidentiality disclaimers against disclosure.

118. The email and its attachments were transmitted electronically to Plaintiff and Peter D. Bear on May 26, 2025, without any accompanying certificate of service, record of filing through the court clerk, or authorization for electronic service.

**<u>Exhibit Q — Notice of Special Appearance and Objection to Personal Jurisdiction (May 26, 2025)</u>**

119. On May 26, 2025, you filed a "Notice of Special Appearance and Objection to Personal Jurisdiction" in Dane County Case No. 2023CV002927 (paired caption also lists 2023CV002928). The filing expressly states you are "appearing specially and not generally" for the sole purpose of contesting personal jurisdiction and that you "have never been properly served" in either case. It asserts there was no personal service, substituted service, or lawful publication, and that you have not consented to the court's jurisdiction.

120. The notice explains that, because service never occurred, the 2023CV002927 injunction is "void from the outset," and 2023CV002928—dismissed in February and later reopened—also "remains void." The document states you will not respond to allegations or argue the merits, to avoid implying the court has authority to proceed. It further describes your professional background and the personal and reputational harms you attribute to enforcement of orders entered without jurisdiction.

121. The filing cites *Wis. Stat. § 801.11* and Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950), as the legal basis for your objection that due process requires proper notice and an opportunity to be heard. As relief, it asks the court to declare it lacks personal jurisdiction, vacate and expunge all prior orders entered without

jurisdiction, issue a written ruling within seven days to preserve review rights, and grant further just relief.

**Exhibit R — Post-Hearing Preservation Statement (May 29, 2025)**

122. On May 29, 2025, Plaintiff filed a Post-Hearing Preservation Statement in Dane County Circuit Court Case No. 2023CV002927. The filing reiterated that Plaintiff appeared only under special appearance and had never been lawfully served under *Wis. Stat. § 801.11*. It stated: "Any resulting orders or judgments are therefore void ab initio for lack of personal jurisdiction, not merely voidable."

123. The same filing preserved objections to the May 27, 2025 hearing procedure. Plaintiff listed objections including: (a) the court proceeding to the merits of the injunction hearing before resolving jurisdictional defects, (b) lack of proof of lawful service in the record, (c) denial of procedural fairness by preventing Plaintiff from presenting opening arguments and from giving closing arguments, and (d) improper sequencing of the hearing, with testimony and evidence taken before jurisdictional motions were heard.

124. Certified docket records for Case Nos. 2023CV002927 and 2023CV002928 show that both cases were jointly heard on November 27, 2023, resulting in entry of injunctions. On January 21, 2025, the court conducted a service-focused hearing in Case No. 2023CV002928, during which testimony was taken about service attempts at a California address where Plaintiff no longer lived.

125. The docket for Case No. 2023CV002928 records that on February 17, 2025, the circuit court dismissed Paula Goodman's petition for lack of personal jurisdiction following the January 21 hearing. By contrast, the docket for Case No. 2023CV002927 contains

no dismissal entry for Ian Goodman's petition on that date. Instead, it reflects later proceedings, including a May 12, 2025 Decision and Order and a May 27, 2025 injunction hearing, with the injunction maintained until November 2027.

## Exhibit S — Motion for Judicial Recusal (June 10, 2025)

126. On June 10, 2025, Plaintiff filed a Motion for Judicial Recusal in Dane County Circuit Court Case No. 2023CV002927. The motion was directed to Judge Ryan D. Nilsestuen and expressly reserved all prior jurisdictional objections.

127. The filing cited *Wis. Stat. § 757.19(2)(g)* and State v. Harrell, 182 Wis. 2d 408 (1994), stating that recusal is mandatory where impartiality might reasonably be questioned. It described the joint handling of Case Nos. 2023CV002927 and 2023CV002928 as prejudicial, and noted repeated refusal by the court to address jurisdictional objections, as well as acceptance of filings that had not been properly served.

128. The motion further identified issues at the May 27, 2025 hearing, including acceptance of exhibits served by email less than 24 hours before the hearing, denial of Plaintiff's ability to present opening statements, and denial of the opportunity to make closing arguments.

## Exhibit T — Supervisory Writ Denial (June 16, 2025)

129. On June 16, 2025, the Wisconsin Court of Appeals, District IV, issued an ex parte order in Case No. 2025AP001220W. The petition was filed by Plaintiff, identified as *Lee Drone*, and the case caption listed "State of Wisconsin ex rel. Lee Joseph Drone v. Circuit Court for Dane County (L.C. #2023CV2023CV002927)." The order was signed by the Clerk of Court of Appeals, Samuel A. Christensen.

130. The petition requested prohibition against enforcement of a harassment injunction issued in Case No. 2023CV002927. Plaintiff alleged that the circuit court had failed to rule on motions he filed relating to service and personal jurisdiction. The Court of Appeals cited *Wis. Stat. Rule 809.51(2)* and denied the petition ex parte, without briefing or oral argument.

131. The appellate order noted that the circuit court docket entry for May 27, 2025 reflected argument on pending motions, and stated that no transcript or written order had been provided for review. It explained that in a writ proceeding, the petitioner must supply the appellate court with adequate materials to review. The order concluded that even if written or oral rulings had been supplied, a supervisory writ would still be denied because other remedies, such as appeal, remained available.

### Exhibit U — Objection to Informal Email Service (June 17, 2025)

132. On June 17, 2025, Plaintiff filed an "Objection to Informal Email Service and Supplement to Preserved Jurisdictional Objection and Supervisory Writ" in Dane County Circuit Court Case No. 2023CV002927. The document stated that Allen S. Porter had attempted to serve injunction-related documents on May 20, 2025 by email. It emphasized that Plaintiff had not consented to email service in this case or in the related Case No. 2023CV002928.

133. The filing explained that while Plaintiff had consented to limited email service in three unrelated matters, such consent did not extend to the injunction proceedings. It further stated that the petitions had been transmitted only by email and that no stipulation or court order existed authorizing this method of service. Plaintiff emphasized that prior attempts had been made by opposing counsel to impose unauthorized global service

terms, including Attorney Porter's earlier efforts to condition acceptance of service on expanded email requirements.

134. The objection reaffirmed Plaintiff's jurisdictional stance, stating that receipt of documents by informal email did not constitute valid service and did not waive objections to personal jurisdiction. It noted that service after May 22, 2025 would be untimely under Wisconsin statutes and insufficient to meet due process requirements before the May 27 hearing. The filing concluded by reiterating that jurisdiction remained expressly contested, and it preserved all objections to service, personal jurisdiction, and due process.

**Exhibit V — Decision on Motions (June 20, 2025)**

135. On June 20, 2025, Judge Ryan D. Nilsestuen of the Dane County Circuit Court, Branch 10, issued a written *Decision on Motions* in *Ian Goodman v. Lee Drone*, Case No. 2023CV002927. The order, signed by Judge Nilsestuen and filed the same day, stated that the court had already made a final decision and order in the case and had previously addressed many of the arguments raised by the Respondent. The *Decision on Motions* denied the pending motions filed by the Respondent.

136. Among the motions denied was the *Motion for Judicial Recusal* filed June 10, 2025, which cited *Wis. Stat. § 757.19(2)(g)* and asserted bias arising from the joint handling of companion cases and the court's refusal to address jurisdictional issues.

137. The *Decision* also denied the *Emergency Motion to Vacate Void Injunction Orders* filed June 16, 2025. That motion sought to vacate injunctions entered on November 27, 2023, and May 27, 2025, on the ground that they were void for lack of personal jurisdiction.

138. The same *Decision* further denied the *Objection to Informal Email Service* filed June 17, 2025. That objection argued that service of documents by email was unauthorized because no stipulation or court order permitted electronic service and Plaintiff had not consented to receive documents electronically.

**Exhibits W-1 & W-2 — Certified Docket Records for 2023CV002927 and 2023CV002928**

139. On November 27, 2023, the Dane County Circuit Court jointly heard Case No. 2023CV002927 (Ian Goodman v. Lee Drone) and Case No. 2023CV002928 (Paula Goodman v. Lee Drone). The certified dockets record that injunctions were entered in both cases the same day following a combined hearing at which both petitioners appeared and Plaintiff did not.

140. On November 29, 2023, each docket—2023CV002927 (W-1) and 2023CV002928 (W-2)—records a Certificate of Non-Service on Lee Joseph Drone, indicating that personal service had not been completed as of that date.

141. On May 15, 2024, both dockets reflect filing of an Affidavit/Declaration of Service, stating that an injunction order was served on Lee Joseph Drone on May 13, 2024. The entries indicate service of the *orders only*, with no reference to service of the underlying petitions or affidavits.

142. On January 21, 2025, the court held a hearing in Case No. 2023CV002928 limited to questions of service. Testimony was taken, including from Ian Goodman, concerning an attempted service effort at a California address where Plaintiff no longer resided. The hearing was confined to service issues and did not reach the merits of Paula Goodman's petition.

143. The certified docket for Case No. 2023CV002927 (W-1) shows no January 21, 2025 entry, while Case No. 2023CV002928 (W-2) records that on February 17, 2025, the petition in that case was dismissed following the January 21 hearing. By contrast, Case No. 2023CV002927 continued forward, with later entries including a May 12, 2025 Decision and Order on Motion to Reopen and a May 27, 2025 injunction hearing, at which the injunction was re-entered with an expiration date of November 2027.

## V. PROCEDURAL HISTORY *(for context only)*

This section is provided for procedural background and does not assert a separate cause of action.

144. In May 2024, Plaintiff was first officially notified of the injunction in Case No. 2023CV002927. He retained counsel with the expectation that both jointly adjudicated cases, 2023CV002927 and 2023CV002928, would be addressed. Counsel's filings, however, were limited to Case No. 2023CV002928, leaving 2023CV002927 unaddressed despite arising from the same defective service record.

145. In October 2024, within one year of the injunction, counsel filed a motion to vacate for lack of personal jurisdiction, but only in Case No. 2023CV002928. The omission of Case No. 2023CV002927 left the injunction in that case intact despite identical service defects. The circuit court accepted the filing as confined to Case No. 2023CV002928 without inquiry, perpetuating the gap between the companion cases.

146. On February 17, 2025, the circuit court dismissed Case No. 2023CV002928 for lack of personal jurisdiction. The dismissal confirmed defective service but was not extended to Case No. 2023CV002927, even though both cases had been jointly adjudicated. This

created inconsistent treatment attributable both to counsel's omission and the court's acceptance of divergent outcomes despite a shared record.

147. Within days of the February 17, 2025 dismissal, Plaintiff acted pro se to address Case No. 2023CV002927:

   a) February 18, 2025 — submitted a letter regarding vacatur.

   b) February 21, 2025 — filed a Request to Reopen and Dismiss and a Motion to Reopen and Vacate.

   c) March 31, 2025 — filed a Motion to Vacate Injunction, Expunge Records, and for Perjury Sanctions.

   d) April 17, 2025 — filed a Motion to Supplement the Record.

   e) May 12, 2025 — filed a Motion for Clarification and Reconsideration of Personal Jurisdiction.

   f) May 2025 — filed an Emergency Objection to In-Person Hearing and Request for Remote Appearance.

   g) Plaintiff clarified he does not seek appellate-style review of state rulings in this federal action; the references show how orders entered without jurisdiction were weaponized to obstruct contractual rights under the Ellen Avenue Co-Ownership Agreement and support federal claims.

---

## VI. IN CAMERA STATEMENT OF GOOD FAITH

148. Should the Court have any concern regarding Plaintiff's underlying conduct or the factual background giving rise to this matter, Plaintiff is prepared to submit a

confidential in-camera statement, for the Court's review only, to affirm that no unlawful or improper behavior occurred.

149. This submission would be made solely for evidentiary clarification, without public disclosure, and without waiving any preserved jurisdictional objections or federal rights. Plaintiff's intent in offering such a statement is to ensure full candor with the Court while maintaining the integrity of constitutional and procedural defenses asserted herein.

## VII. JUDICIAL IMMUNITY IS NOT A BAR TO RELIEF

150. Plaintiff acknowledges that judges are ordinarily entitled to absolute judicial immunity for acts taken within their judicial capacity. However, immunity does not extend to actions taken in the **clear absence of jurisdiction** or to non-judicial acts. See *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978); *Forrester v. White*, 484 U.S. 219, 227 (1988).

151. The record demonstrates that Judge Ryan D. Nilsestuen repeatedly acted without jurisdiction in Case No. 2023CV002927, which proceeded without lawful service and was therefore void ab initio. His conduct exceeded judicial authority and inflicted constitutional injury on Plaintiff.

152. Specific acts demonstrating the absence of jurisdiction include, but are not limited to:

   a) **Application of waiver doctrine absent service** (Exhibit M). The court held Plaintiff "waived" objections to jurisdiction by filing motions, even though no lawful service had been made. *Peralta v. Heights Medical Center, Inc., 485 U.S. 80 (1988)* (default judgment without valid service violates due process and cannot be excused by waiver).

b) **Declining vacatur while "reopening" proceedings** (Exhibit M). The court refused to vacate void injunctions while advancing the case, leaving restraints in effect despite service defects. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980) (jurisdiction cannot be conferred by judicial fiat when service is absent).

c) **Issuing hearing notices despite lack of jurisdiction** (Exhibit N). On May 13, 2025, the court scheduled substantive hearings despite Plaintiff's preserved objections. *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) (notice and jurisdictional foundation are prerequisites to adjudication).

d) **Proceeding to merits before resolving jurisdiction** (Exhibit R). On May 27, 2025, the court admitted testimony and exhibits while jurisdiction remained contested. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (jurisdiction must be established before merits can be reached).

e) **Ratifying untimely and unlawful email service** (Exhibit R). The court accepted exhibits served by email less than 24 hours before hearing, contrary to statutory rules. *Greene v. Lindsey*, 456 U.S. 444, 449–51 (1982) (service methods that fail to give real notice violate due process).

f) **Denial of statutory recusal motion** (Exhibit V). On June 20, 2025, the court denied Plaintiff's motion for recusal despite impartiality being reasonably questioned. *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 877 (2009) (due process requires recusal when probability of bias is constitutionally intolerable).

g) **Denial of emergency vacatur of void injunctions** (Exhibit V). The court refused to vacate injunctions void for lack of service. *Kalb v. Feuerstein*, 308

U.S. 433, 438 (1940) (orders entered without jurisdiction are nullities and void ab initio).

h) **Ratification of informal email service without authority** (Exhibit V). By overruling Plaintiff's objection, the court validated email service absent stipulation, order, or statute. *Jones v. Flowers*, 547 U.S. 220, 226 (2006) (due process requires service reasonably calculated to reach the party).

i) **Inconsistent treatment of companion cases** (Exhibits W-1 & W-2). Paula Goodman's case (2023CV002928) was dismissed for lack of jurisdiction, while Ian Goodman's (2023CV002927) continued on identical facts. *Bush v. Vera*, 517 U.S. 952, 981 (1996) (arbitrary and inconsistent adjudication violates equal protection and due process).

j) **Continuing proceedings in 2023CV002927 despite confirmed defects** (Exhibits W-1 & W-2). After acknowledging defective service in 2023CV002928, the court nonetheless advanced 2023CV002927 through hearings and orders. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 433 (1982) (failure to afford a hearing consistent with statutory requirements is a due process violation).

153. These actions are not protected by judicial immunity because they were taken in the clear absence of jurisdiction, and in several instances constituted procedural manipulation rather than legitimate judicial acts. Accordingly, Judge Ryan D. Nilsestuen is properly named as a Defendant, and claims for declaratory and injunctive relief, as well as damages under 42 U.S.C. § 1983 and related authorities, may proceed.

*→ For clarity, Plaintiff does not dispute the general principle of absolute judicial immunity for acts within a judge's lawful jurisdiction. This clarification simply affirms that the specific acts alleged—procedural manipulation undertaken in the clear absence of jurisdiction—fall outside that protection.*

---

## VIII. CAUSES OF ACTION

### Initial Closing and Title Company's Disclosure Duties

### Count 1 – Deprivation of Property-Interest Integrity under 42 U.S.C. § 1983

*Breach of custodial duty as settlement agent*

154. Dane County Title Company, acting as settlement agent for University of Wisconsin Credit Union, undertook dual responsibility for both the loan documents and the Co-Ownership Agreement executed on November 1, 2021. By combining those instruments and retaining borrower-specific financial data within the shared closing packet, the company failed to preserve the custodial integrity and confidentiality of Plaintiff's property and financial records. This conduct deprived Plaintiff of due-process protections securing the accuracy and custody of ownership documents. (¶¶ 34–35)

→ **Primary Actor(s):** Dane County Title Company

→ **Federal Right Violated:** Fourteenth Amendment — procedural due-process violation through failure to safeguard property and financial records entrusted to a custodial agent

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944); *Jones v. Flowers*, 547 U.S. 220 (2006)

→ **Criminal Parallel** *(for reference only): 18 U.S.C. § 1343* — wire fraud via transmission of inaccurate property records

## Count 2 – Negligent Misrepresentation by Settlement Agent under 42 U.S.C. § 1983

*Failure to preserve accuracy in closing documentation*

155. At the **November 1, 2021 closing, Dane County Title Company** included Plaintiff's personal loan application within the shared closing packet, creating a false appearance of joint documentation between the co-borrowers. The company thereby misrepresented the contents of the closing file and failed to maintain accurate segregation of records entrusted to its custody. This inaccurate compilation and custodial failure constituted a procedural-due-process violation impairing the security of Plaintiff's property records. (¶¶ 33 & 35)

→ **Primary Actor(s):** Dane County Title Company

→ **Federal Right Violated:** Fourteenth Amendment — procedural due process and property-record integrity

→ **Federal Cases:** *Greene v. Lindsey,* 456 U.S. 444 (1982); *Peralta v. Heights Medical Center, Inc., 485 U.S. 80 (1988)*; *Logan v. Zimmerman Brush Co.,* 455 U.S. 422 (1982); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.,* 322 U.S. 238 (1944)

→ **Criminal Parallel** *(for reference only): 18 U.S.C. § 1001* — false statement or misrepresentation within a financial record

## Exhibits B-1 & B-2 — November 1, 2023 "Offer to Purchase"

## Count 3 – Transmission of November 1 Proposal under 42 U.S.C. § 1983

*Emailing the property proposal to a third party for relay*

156. Acting outside any judicial process, Ian Goodman sent an email on **November 1, 2023**, regarding **1430 Ellen Avenue, Madison, Wisconsin**, attaching a document captioned **"OFFER TO PURCHASE SHARE OF MORTGAGE AND PROPERTY."** The proposal, bearing the signature block "Buyer's Legal Representative: Peter Bear," was transmitted to Plaintiff's father and forwarded to Plaintiff, initiating a private effort to alter Plaintiff's property rights without lawful authority. (¶ 41)

→ **Primary Actor(s):** Ian Goodman

→ **Federal Right Violated:** Fourteenth Amendment Procedural Due Process — interference with property rights by unsolicited coercive communication

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950); *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80 (1988); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944); *United States v. Throckmorton, 98 U.S. 61 (1878)*

→ **Criminal Parallel** *(for reference only): 18 U.S.C. § 1343* — wire fraud via interstate email transmission of a deceptive proposal

**Count 4 – Signature Block Implying Attorney Involvement under 42 U.S.C. § 1983**

*"Buyer's Legal Representative: Peter Bear" on proposal*

157. The **November 1 2023** proposal included a signature block reading **"Buyer's Legal Representative: Peter Bear."** Plaintiff alleges the designation falsely implied attorney authorship or approval, concealing the true source and impairing his ability to identify who made the offer. (¶ 41)

→ **Primary Actor(s):** Ian Goodman

→ **Federal Right Violated:** Fourteenth Amendment — deprivation of fair notice and clarity in contractual communications

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950)*; *Peralta v. Heights Medical Center, Inc., 485 U.S. 80 (1988)*; *Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)*; *United States v. Throckmorton, 98 U.S. 61 (1878)*

→ **Criminal Parallel** *(for reference only): 18 U.S.C. § 1001* — false representation or concealment of authorship in a matter affecting property rights

**Count 5 – Coercive Terms in Proposal under 42 U.S.C. § 1983**

*Quitclaim plus Power-of-Attorney or attorney-fee condition*

158. The proposal offered **$24,000** in exchange for execution of a **Quitclaim Deed** relinquishing all ownership interest in **1430 Ellen Avenue** and required Plaintiff either to grant **Power of Attorney** to his parents or to assume the Buyer's attorney's fees. Plaintiff alleges these conditions were structured to compel involuntary transfer of his ownership without fair process or protection. (¶ 42)

→ **Primary Actor(s):** Ian Goodman

→ **Federal Right Violated:** Fourteenth Amendment — coercive attempt to deprive property interest without due process

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950)*; *Logan v. Zimmerman Brush Co.,* 455 U.S. 422 (1982); *Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)*; *Jones v. Flowers,* 547 U.S. 220 (2006)

→ **Criminal Parallel** *(for reference only): 18 U.S.C. § 1951* — Hobbs Act extortion by coercive economic proposal

**Count 6 – Private Behavioral Restraints under 42 U.S.C. § 1983**

*Conditions on future communication and conduct*

159. The proposal included conditions restricting Plaintiff's future communication with the Goodmans and their representatives and imposed conduct requirements unrelated to any property transaction. Plaintiff alleges these restrictions functioned as a **private injunction** without judicial authority, restraining speech and association. (¶ 44)

→ **Primary Actor(s):** Ian Goodman

→ **Federal Right Violated:** First and Fourteenth Amendments — unlawful prior restraint of speech and movement without judicial authority

→ **Federal Cases:** *Greene v. Lindsey*, 456 U.S. 444 (1982); *Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)*; *Jones v. Flowers, 547 U.S. 220 (2006)*

→ **Criminal Parallel** *(for reference only): 18 U.S.C. § 241* — conspiracy to interfere with constitutionally protected liberty rights

**Count 7 – Threat of Continued Litigation Tied to Acceptance under 42 U.S.C. § 1983**

*"Will not be obligated … to stop pursuing legal action" unless signed*

160. The proposal stated that if Plaintiff did not sign, the Buyer **"will not be obligated … to stop pursuing legal action,"** including **"continuing or re-filing with notice of service through publication."** It also accused Plaintiff of **"harassment, intimidation, and extortion."** Plaintiff alleges these statements constituted a **threat of continued litigation** and reputational harm intended to coerce surrender of his property interest. (¶¶ 44–45)

→ **Primary Actor(s):** Ian Goodman

→ **Federal Right Violated:** Fourteenth Amendment — coercive use of legal process to deprive property and due process

→ **Federal Cases:** *Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)*; *Jones v. Flowers, 547 U.S. 220 (2006)*; *Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)*; *United States v. Throckmorton, 98 U.S. 61 (1878)*

→ **Criminal Parallel** *(for reference only):* *18 U.S.C. § 1951* — Hobbs Act coercion through threat of continued litigation

**Count 8 – Omission of Mortgage Liability Protections under 42 U.S.C. § 1983**

*No lender consent, assumption approval, or liability release*

161. The offer required execution by **close of business November 3, 2023,** providing only two days for response. It contained no provision for **lender consent, assumption approval,** or **release from liability** on the existing mortgage. Plaintiff alleges the omission of these material protections sought to induce a transfer without informed consent or financial safeguards. (¶ 45)

→ **Primary Actor(s):** Ian Goodman

→ **Federal Right Violated:** Fourteenth Amendment — deprivation of property interest through material omission of financial liability terms

→ **Federal Cases:** *Peralta v. Heights Medical Center, Inc., 485 U.S. 80 (1988)*; *Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)*; *Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)*; *Jones v. Flowers, 547 U.S. 220 (2006)*

→ **Criminal Parallel** *(for reference only):* *18 U.S.C. § 1343* — wire fraud by transmitting a proposal omitting material financial terms

**Count 9 – False Accusations Used to Coerce Property Transfer under 42 U.S.C. § 1983**

*Written criminal accusations inside contractual offer*

162. The proposal described Plaintiff with terms such as "harassment," "intimidation," "extortion," and "cyber activity," embedding those accusations in a property-purchase document to justify threatened litigation unless he accepted the offer. Plaintiff alleges that inclusion of these terms defamed his personal and professional reputation and was used as a coercive device linking his character and property interests, causing constitutional injury. (¶ 44)

→ **Primary Actor(s):** Ian Goodman

→ **Federal Right Violated:** Fourteenth Amendment — liberty and property deprivation through reputational coercion

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950)*; *Paul v. Davis*, 424 U.S. 693 (1976); *Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)*

→ **Criminal Parallel** *(for reference only): 18 U.S.C. § 1343* — wire fraud and extortion by reputational threat

**Count 10 – Contractual Waiver of Legal Rights under 42 U.S.C. § 1983**

*Attempt to compel permanent no-contact and speech waiver*

163. The proposal required Plaintiff to "avoid any type of contact for life," "stop any harassment," and "refrain from extortion and cyber activity." Plaintiff alleges these provisions sought to impose a permanent waiver of speech and petition rights as a condition of receiving payment, constituting an unconstitutional condition and private abuse of state process. (¶ 44)

→ **Primary Actor(s):** Ian Goodman

→ **Federal Right Violated:** First and Fourteenth Amendments — coerced waiver of speech and petition rights through contract terms

→ **Federal Cases:** *Perry v. Sindermann*, 408 U.S. 593 (1972); *Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982); Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)*

→ **Criminal Parallel** *(for reference only): 18 U.S.C. § 1951* — extortion by conditioning property transfer on civil-rights waiver

## Count 11 – Threatened Continuation of Injunction Proceedings under 42 U.S.C. § 1983

*Conditioning dismissal of pending litigation on acceptance of offer*

164. The proposal stated that the Goodmans would "desist from filing a petition to the court for a Permanent Restraining Order" only if Plaintiff executed the agreement. Plaintiff alleges this created a quid pro quo between property surrender and cessation of litigation, constituting abuse of judicial process and coercive use of state proceedings. (¶ 44)

→ **Primary Actor(s):** Ian Goodman

→ **Federal Right Violated:** Fourteenth Amendment — coercive use of legal process to obtain property under duress

→ **Federal Cases:** *Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982); Jones v. Flowers, 547 U.S. 220 (2006); Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)*

→ **Criminal Parallel** *(for reference only): 18 U.S.C. § 1951* — obstruction and extortion through litigation threats

## Count 12 – Fraudulent Misrepresentation of Consideration under 42 U.S.C. § 1983

*False statements of value and waiver of claims*

165. The proposal described the $24,000 offer as representing a 240 percent return and included language purporting to waive any "unjust enrichment" claims. Plaintiff alleges these statements were **false and misleading**, intended to induce agreement by misrepresenting material facts and disclaiming lawful claims, thereby depriving Plaintiff of property by fraud. (¶ 42)

→ **Primary Actor(s):** Ian Goodman

→ **Federal Right Violated:** Fourteenth Amendment — deprivation of property through fraudulent inducement

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950)*; *Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)*; *Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)*

→ **Criminal Parallel** *(for reference only): 18 U.S.C. § 1343* — wire fraud through false statements of consideration

**Count 13 – Nullification of Prior Agreements under 42 U.S.C. § 1983**

*Clause declaring all previous agreements null and void*

166. The final paragraph of the proposal stated that **"all previous agreements are then rendered null and void."** Plaintiff alleges this clause sought to invalidate the notarized **Co-Ownership Agreement** executed on **November 1 2021,** thereby extinguishing his recorded property rights without adjudication, constituting a direct deprivation of contractual and property interests. (¶ 45)

→ **Primary Actor(s):** Ian Goodman

→ **Federal Right Violated:** Fourteenth Amendment — deprivation of existing contractual and property rights without due process

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950)*;

*Peralta v. Heights Medical Center, Inc., 485 U.S. 80 (1988)*; *Logan v. Zimmerman Brush*

*Co., 455 U.S. 422 (1982)*

→ **Criminal Parallel** *(for reference only): 18 U.S.C. § 1343* — wire fraud through attempt

to void existing legal instrument

## Exhibit C — Respondent Information for Service by Sheriff (Nov. 6, 2023)

## Count 14 – Filing of Harassment-Injunction Petition under 42 U.S.C. § 1983

*Retaliatory use of judicial process after refusal to surrender property*

167. After Plaintiff declined to sign the November 1, 2023, proposal, Ian Goodman filed a

harassment-injunction petition in *Dane County Circuit Court Case No. 2023CV002927*

on November 6, 2023. Plaintiff alleges the filing was retaliatory and intended to punish

his refusal to transfer ownership, constituting abuse of judicial process and interference

with property and contractual rights. (¶ 46)

→ **Primary Actor(s):** Ian Goodman

→ **Federal Right Violated:** Fourteenth Amendment — retaliation and misuse of state

judicial process to coerce property transfer

→ **Federal Cases:** *Younger v. Harris*, 401 U.S. 37 (1971); *Logan v. Zimmerman Brush Co.*,

455 U.S. 422 (1982); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944)

*(Younger cited as context for coercive state-process misuse.)*

→ **Criminal Parallel (for reference only):** *18 U.S.C. § 1951* — extortion through

retaliatory litigation

## Count 15 – False Service Information Filed under 42 U.S.C. § 1983

*Use of false Wisconsin address to obtain defective service and jurisdiction*

168. On November 6, 2023, Ian Goodman listed 7220 Inama Road, Sauk City, Wisconsin 53583 — Plaintiff's parents' address — as the Respondent's location in the same case filing. Plaintiff had not lived there for over twenty years, and Goodman omitted the co-owned property at 1430 Ellen Avenue, Madison, Wisconsin, while simultaneously listing Plaintiff's California employer, Workday, Inc. Plaintiff alleges this combination of entries was used to create the appearance of Wisconsin residency for service and to deprive him of notice and opportunity to be heard. (¶¶ 47–48)

→ **Primary Actor(s):** Ian Goodman

→ **Federal Right Violated:** Fourteenth Amendment Procedural Due Process — denial of notice and proper service through false address information

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950); *Peralta v. Heights Medical Center, Inc., 485 U.S. 80 (1988)*; *Greene v. Lindsey*, 456 U.S. 444 (1982); *Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)*

→ **Criminal Parallel (for reference only):** *18 U.S.C. § 1341* — mail fraud by false service filing to obtain judicial advantage

**Count 16 – False Statement of Firearm Access under 42 U.S.C. § 1983**

*Fabricated claim of access to weapons to influence judicial process*

169. On the same November 6, 2023, form, Goodman checked the box stating "Respondent/Defendant has access to weapon(s)" and hand-wrote "Rifles, handgun," followed by the notation "Parents' vehicle, parents' home (defendant's last known location)." Plaintiff alleges that no such firearms were in his possession and that the notation was inserted to portray him as dangerous and influence judicial perception. (¶ 49)

→ **Primary Actor(s):** Ian Goodman

→ **Federal Right Violated:** Fourteenth Amendment — misuse of judicial filing to impair liberty and property interests through false safety representations

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950)*; *Paul v. Davis*, 424 U.S. 693 (1976); *Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)*

→ **Criminal Parallel (for reference only):** *18 U.S.C. § 1001* — false statement in a matter within judicial proceedings

## Count 17 – Omission of Co-Owned Property Address under 42 U.S.C. § 1983

*Failure to identify the subject property in official service record*

170. Neither the petition nor the sheriff's information form identified 1430 Ellen Avenue, Madison, Wisconsin, the co-owned property at the center of the parties' dispute. By excluding the property address and replacing it with the Wisconsin parental address, Goodman prevented the court and sheriff from linking the petition to the actual property records and used the omission to advance a false narrative of residency and venue. (¶¶ 47–48)

→ **Primary Actor(s):** Ian Goodman

→ **Federal Right Violated:** Fourteenth Amendment Procedural Due Process — impairment of notice and property record integrity through omission of material information

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950)*; *Peralta v. Heights Medical Center, Inc., 485 U.S. 80 (1988)*; *Logan v. Zimmerman Brush Co.,* 455 U.S. 422 (1982)

→ **Criminal Parallel (for reference only):** *18 U.S.C. § 1343* — wire fraud by omission of material facts in a judicial document

## Exhibits D-1, D-2, D-3 & D-4 — November 21, 2023 Proposal, Affidavit, and Message

### Count 18 – Transmission of November 21 Email and Attachments under 42 U.S.C. § 1983

*Emailing renewed proposal, letter, and sworn affidavit in single transmission*

171.  From his law-office account, Peter D. Bear sent an electronic message attaching the Goodman letter, renewed proposal, and his sworn affidavit. Plaintiff alleges the combined transmission constituted an unauthorized and coercive communication concerning property rights outside any judicial process. (¶¶ 50, 57)

→ **Primary Actor(s):** Peter D. Bear

→ **Federal Right Violated:** Fourteenth Amendment — **procedural due process** interference through unauthorized electronic transmission of property-related documents

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982)

→ **Criminal Parallel** *(for reference only): 18 U.S.C. § 1343* — wire fraud via interstate transmission of deceptive materials

### Count 19 – Dual Role of Advocate and Witness under 42 U.S.C. § 1983

*Serving simultaneously as counsel and sworn affiant*

172.  Peter D. Bear executed and later sent his own sworn affidavit supporting their injunction petition, merging the roles of advocate and witness in the same dispute and undermining impartial process. (¶¶ 50 & 53)

→ **Primary Actor(s):** Peter D. Bear

→ **Federal Right Violated:** Fourteenth Amendment — deprivation of **fair procedure** through conflicted advocate-witness participation

→ **Federal Cases:** *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982); *Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)*

→ **Criminal Parallel** *(for reference only): 18 U.S.C. § 1621* — false sworn statement or perjury within judicial context

**Count 20 – False and Defamatory Sworn Statements under 42 U.S.C. § 1983**

*Accusations of fabrication and criminal conduct in affidavit*

173. In his October 22 2023 affidavit, Peter D. Bear accused Plaintiff of a "campaign of intimidation and terror" and asserted that Plaintiff's statements were "false and defamatory." Plaintiff alleges these sworn characterizations, made in support of the Goodmans' petition, deprived him of liberty and property interests intertwined with reputation. (¶¶ 54, 56)

→ **Primary Actor(s):** Peter D. Bear

→ **Federal Right Violated:** Fourteenth Amendment — **liberty and property** deprivation through defamatory sworn testimony

→ **Federal Cases:** *Paul v. Davis*, 424 U.S. 693 (1976); *Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950)*; *Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)*

→ **Criminal Parallel** *(for reference only): 18 U.S.C. § 1621* — false sworn statement impairing legal rights

**Count 21 – False Representation of Lawful Judicial Authority under 42 U.S.C. § 1983**

*Misuse of void temporary restraining order to coerce property transfer*

174. Plaintiff alleges that Ian Goodman represented that a temporary restraining order and publication service were valid and enforceable, despite the absence of lawful jurisdiction or notice. By invoking a void order as binding authority and linking it to his property proposal, Goodman misused the appearance of judicial power to mislead Plaintiff regarding his legal position and to coerce acceptance of the offer. (¶ 51)

→ **Primary Actor(s):** Ian Goodman

→ **Federal Right Violated:** Fourteenth Amendment — deprivation of due process through reliance on void judicial authority

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950); *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80 (1988); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944)

→ **Criminal Parallel** *(for reference only): 18 U.S.C. § 242* — deprivation of rights under color of void judicial process

**Count 22 – Threat of Renewed Injunction and Civil-Damages Action under 42 U.S.C. § 1983**

*Use of prospective judicial filings as coercive pressure transmitted through counsel*

175. Plaintiff alleges that on November 21, 2023, Attorney Peter D. Bear transmitted a letter authored by Ian Goodman that threatened renewed injunction proceedings and civil-damages actions unless Plaintiff accepted a property-transfer proposal. By using counsel to deliver threats of further court filings and financial liability as leverage for acceptance, Goodman employed the appearance of imminent judicial process to coerce surrender of Plaintiff's ownership interest without due process of law. (¶¶ 50–52; Exhibit D — November 21, 2023, Proposal, Letter, and Affidavit)

→ **Primary Actor(s):** Ian Goodman; Peter D. Bear

→ **Federal Right Violated:** Fourteenth Amendment Procedural Due Process — use of threatened judicial process to coerce property transfer

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982); *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80 (1988); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944)

→ **Criminal Parallel (for reference only):** *18 U.S.C. § 1951* — Hobbs Act extortion through threat of judicial process

**Count 23 – Renewed Coercive Property Proposal under 42 U.S.C. § 1983**

*Re-issuance of $24,000 offer with lifetime contact restrictions and November 23 deadline*

176. Plaintiff alleges that on November 21, 2023, Attorney Peter D. Bear, acting for Ian Goodman, re-issued the prior $24,000 proposal to purchase Plaintiff's interest in 1430 Ellen Avenue. The November 21 version — redrafted in Bear's format and transmitted with the Goodman letter — maintained the same price but restated the behavioral restrictions, extended the response deadline to November 23, 2023, and presented the document as a continuation of the earlier offer. Plaintiff alleges that this re-issuance furthered a pattern of economic and procedural coercion intended to compel surrender of his ownership interest. (¶ 52)

→ **Primary Actor(s):** Ian Goodman; Peter D. Bear

→ **Federal Right Violated:** Fourteenth Amendment — economic coercion to deprive property without due process

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982); *Jones v. Flowers*, 547 U.S. 220 (2006); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944)

→ **Criminal Parallel (for reference only):** *18 U.S.C. § 1951* — Hobbs Act extortion by coercive economic proposal

**Count 24 – Fusion of Sworn Testimony and Negotiation under 42 U.S.C. § 1983**

*Transmitting a sworn affidavit together with a settlement proposal*

177. By sending his sworn affidavit together with the renewed property proposal, Peter D. Bear combined judicial testimony and private negotiation in a single communication. Plaintiff alleges this fusion blurred the line between litigation and settlement and misused judicial material to influence a private transaction. (¶¶ 50, 57)

→ **Primary Actor(s):** Peter D. Bear

→ **Federal Right Violated:** Fourteenth Amendment — **procedural due process impairment** through conflation of judicial and transactional roles

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950); Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944); Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)*

→ **Criminal Parallel** *(for reference only): 18 U.S.C. § 1343* — wire fraud via combined use of sworn judicial document and negotiation materials

**Count 25 – Affidavit on "Information and Belief" Filed by Acting Counsel under 42 U.S.C. § 1983**

*Use of belief-based sworn statements by attorney-witness to influence pending proceeding*

178. In his sworn affidavit dated October 22 2023, Peter D. Bear stated that the Co-Ownership Agreement "was, upon information and belief, drafted by Lee Drone," and included other characterizations made without personal knowledge. Plaintiff alleges that by submitting a belief-based affidavit while serving as counsel in the same matter, Bear violated procedural fairness and impartial-process guarantees. His dual role and reliance on unverified assertions deprived Plaintiff of a neutral and evidentiary-sound proceeding. (¶ 53)

→ **Primary Actor(s):** Peter D. Bear

→ **Federal Right Violated:** Fourteenth Amendment — deprivation of due process through counsel's submission of belief-based sworn testimony in a pending proceeding

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944)

→ **Criminal Parallel (for reference only):** 18 U.S.C. § 1621 — perjury-type misrepresentation based on sworn statement lacking personal knowledge

**Count 26 – Personal Bias and Friendship Conflict in Judicial Affidavit under 42 U.S.C. § 1983**

*Affiant's admission of personal relationship with clients used in pending proceeding*

179. Peter D. Bear's affidavit states that he and Ian Goodman "have become personal friends over this period of time." Plaintiff alleges this admission of friendship while acting as affiant in the Goodmans' petition demonstrated personal bias that undermined judicial neutrality. (¶¶ 53, 55)

→ **Primary Actor(s):** Peter D. Bear

→ **Federal Right Violated:** Fourteenth Amendment — **denial of impartial process** through undisclosed personal interest

→ **Federal Cases:** *Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)*; *Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)*

→ **Criminal Parallel** *(for reference only): 18 U.S.C. § 1001* — omission of material facts in a judicial submission

**Count 27 – Defamatory Professional Accusations under 42 U.S.C. § 1983**

*Sworn defamatory portrayal of Plaintiff to influence pending proceeding*

180. Plaintiff alleges that Peter D. Bear submitted a sworn affidavit containing false and defamatory statements derived from a private conversation that occurred in Plaintiff's own home, portraying him as unethical and criminal. By introducing those statements under oath in a judicial filing, Bear used private speech to inflict reputational injury and to impair Plaintiff's ability to assert, defend, and access his property interests at 1430 Ellen Avenue. These defamatory accusations were employed to influence a pending proceeding and to discredit Plaintiff's ownership and legal standing. (¶ 54)

→ **Primary Actor(s):** Peter D. Bear

→ **Federal Right Violated:** Fourteenth Amendment — **liberty and property deprivation** through defamatory sworn assertions

→ **Federal Cases:** *Paul v. Davis*, 424 U.S. 693 (1976); *Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950)*; *Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)*

→ **Criminal Parallel** *(for reference only): 18 U.S.C. § 1621* — false oath intended to affect judicial outcome

**Count 28 – Insertion of Irrelevant Personal Details to Prejudice Judicial Perception under 42 U.S.C. § 1983**

*Reference to arranging clients' wedding in the Wisconsin Senate Chamber*

181. The affidavit references arranging the Goodmans' wedding "in the Wisconsin Senate Chamber," emphasizing personal favor and official connections. Plaintiff alleges this reference was intended to impress official prestige and prejudice judicial perception. (¶ 55)

→ **Primary Actor(s):** Peter D. Bear

→ **Federal Right Violated:** Fourteenth Amendment — **procedural impartiality violation** through irrelevant prestige reference

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950)*; *Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)*

→ **Criminal Parallel** *(for reference only): 18 U.S.C. § 1343* — wire fraud by use of false official impression to influence judicial proceeding

**Count 29 – Characterization of Plaintiff as Engaged in "Campaign of Fear and Terror" under 42 U.S.C. § 1983**

*Sworn portrayal of Plaintiff as threat to public safety to justify injunctive relief*

182. The closing paragraph of Bear's affidavit portrayed Plaintiff as conducting "a comprehensive campaign of fear, intimidation, even terror" to deprive the Goodmans of property. Plaintiff alleges this false criminal portrayal was used to influence the tribunal and justify injunctive relief. (¶ 56)

→ **Primary Actor(s):** Peter D. Bear

→ **Federal Right Violated:** Fourteenth Amendment — **liberty and property deprivation** through false criminal portrayal in judicial filing

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950)*; *Paul v. Davis*, 424 U.S. 693 (1976); *Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)*

→ **Criminal Parallel** *(for reference only): 18 U.S.C. § 1001* — false statement affecting judicial proceedings

## Count 30 – Misuse of "Service by Publication" to Secure Default under 42 U.S.C. § 1983

*False representation of completed service used to induce agreement*

183. Plaintiff alleges that Ian Goodman knowingly asserted in his November 21 2023 letter, "we have served you by publication, and will likely be granted the Permanent Injunction, regardless of if you appear or not," and falsely claimed this was "at the suggestion of the court." Goodman had already made the same statement in his November 1 proposal and was aware that Plaintiff lived and worked in California, not Wisconsin. By repeating the false claim and attributing it to court authority, Goodman created the illusion of valid jurisdiction and inevitable judgment to coerce acceptance of his property offer. (¶ 51)

→ **Primary Actor(s):** Ian Goodman

→ **Federal Right Violated:** Fourteenth Amendment — procedural due-process deprivation through false assertion of judicial service and default status

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950); *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80 (1988); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944)

→ **Criminal Parallel** *(for reference only): 18 U.S.C. § 1001* — false statement in a matter within judicial jurisdiction

## Count 31 – Coercive Settlement Demand Tied to Judicial Outcomes under 42 U.S.C. § 1983

*Quid-pro-quo settlement linked to anticipated court success*

184. The Goodman letter concluded, "You need to contact Attorney Bear if you wish to settle this matter," linking settlement to the asserted TRO and publication-service posture. Plaintiff alleges this quid-pro-quo demand used the appearance of judicial power to coerce property surrender and waiver of rights. (¶ 51)

→ **Primary Actor(s):** Ian Goodman

→ **Federal Right Violated:** Fourteenth Amendment — **abuse of anticipated judicial authority** to coerce property transfer and suppress petition rights

→ **Federal Cases:** *Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)*; *Jones v. Flowers, 547 U.S. 220 (2006)*; *Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)*

→ **Criminal Parallel** *(for reference only): 18 U.S.C. § 1951* — Hobbs Act extortion through quid-pro-quo use of judicial outcomes

## Exhibits F-1 & F-2 — December 19, 2023 Email ("Draft Lee Letter") and Attached Offer

## Count 32 – Transmission of Revoked and New Offer under 42 U.S.C. § 1983

*Use of electronic communication to coerce property transfer outside judicial process*

185. Plaintiff alleges that by emailing a revoked and renewed offer to purchase Plaintiff's property interest while judicial orders remained active, Peter D. Bear used interstate communication to interfere with property rights without due process of law. (¶ 60)

→ **Primary Actor(s):** Peter D. Bear

→ **Federal Right Violated:** Fourteenth Amendment — procedural due-process deprivation through unauthorized electronic communication

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982)

→ **Criminal Parallel** *(for reference only)*: 18 U.S.C. § 1343 — wire fraud via coercive offer transmission

**Count 33 – Retaliatory and Defamatory Characterizations under 42 U.S.C. § 1983**

*Use of professional authority to impair liberty and property interests*

186. Plaintiff alleges that Peter D. Bear, by characterizing the November 1 2021 Co-Ownership Agreement as "unconscionable" and accusing Plaintiff of coercion and abuse, acted under color of authority to retaliate against protected property claims and to defame Plaintiff in a manner depriving him of liberty and property interests. (¶ 62)

→ **Primary Actor(s):** Peter D. Bear

→ **Federal Right Violated:** Fourteenth Amendment — retaliatory defamation and abuse of process impairing liberty and property

→ **Federal Cases:** *Paul v. Davis*, 424 U.S. 693 (1976); *Greene v. Lindsey*, 456 U.S. 444 (1982); *Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)*

→ **Criminal Parallel** *(for reference only)*: 18 U.S.C. § 241 — conspiracy to interfere with rights through retaliatory communication

**Count 34 – Threat of Public Exposure and Civil Damages under 42 U.S.C. § 1983**

*Coercive use of litigation and publicity threats to obtain property*

187. Plaintiff alleges that Peter D. Bear threatened to reopen injunction proceedings and publicize allegations as a means of pressuring Plaintiff to accept his clients' property proposal, thereby coercing surrender of rights through abuse of judicial process. (¶ 63)

→ **Primary Actor(s):** Peter D. Bear

→ **Federal Right Violated:** Fourteenth Amendment — coercive threat of judicial action to compel property transfer

→ **Federal Cases:** *Greene v. Lindsey*, 456 U.S. 444 (1982); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982); *Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)*

→ **Criminal Parallel** *(for reference only)*: 18 U.S.C. § 1951 — Hobbs Act extortion by threat of litigation and public exposure

**Count 35 – Conditional Forbearance and Promise of Non-Litigation under 42 U.S.C. § 1983**

*Economic coercion through quid-pro-quo agreement to withhold legal action*

188. Plaintiff alleges that Peter D. Bear, by conditioning the Goodmans' agreement not to reopen injunction proceedings upon Plaintiff's acceptance of the property offer, used an implicit quid-pro-quo threat of litigation to coerce surrender of property interests without due process. (¶ 64)

→ **Primary Actor(s):** Peter D. Bear

→ **Federal Right Violated:** Fourteenth Amendment — economic coercion through conditional forbearance of legal rights

→ **Federal Cases:** *Mullane*, 339 U.S. 306 (1950); *Logan*, 455 U.S. 422 (1982); *Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)*

→ **Criminal Parallel** *(for reference only)*: 18 U.S.C. § 1951 — Hobbs Act extortion by quid-pro-quo forbearance

## Count 36 – Prediction of Judicial Findings and Offer of Evidence under 42 U.S.C. § 1983

*Use of asserted judicial authority to pressure settlement*

189. Plaintiff alleges that Peter D. Bear, by stating that a court "could easily find" Plaintiff liable and offering to supply "evidence upon request," invoked anticipated judicial action to coerce acceptance of his clients' offer and thus interfered with procedural due process. (¶ 65)

→ **Primary Actor(s):** Peter D. Bear

→ **Federal Right Violated:** Fourteenth Amendment — procedural due-process deprivation through false prediction of judicial findings

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950); *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80 (1988); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944)

→ **Criminal Parallel** *(for reference only)*: 18 U.S.C. § 1001 — false statement regarding judicial status or evidence

## Count 37 – Interconnection of Litigation and Property Matters under 42 U.S.C. § 1983

*Framing separate legal and private issues to extend leverage*

190. Plaintiff alleges that Peter D. Bear, by asserting that the property and injunction matters were "independent but interconnected," extended the coercive reach of judicial proceedings into a private transaction, thereby abusing state process to influence property rights. (¶ 66)

→ **Primary Actor(s):** Peter D. Bear

→ **Federal Right Violated:** Fourteenth Amendment — abuse of state process to influence private property transactions

→ **Federal Cases:** *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982); *Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)*; *United States v. Throckmorton*, 98 U.S. 61 (1878)

→ **Criminal Parallel** *(for reference only)*: 18 U.S.C. § 1343 — wire fraud by interlinking judicial and private matters

## Count 38 – Coordinated Transmission of December 19 Offer under 42 U.S.C. § 1983

*Joint action to divest property interest without due process*

191. Plaintiff alleges that Peter D. Bear and Ian Goodman, by jointly drafting and transmitting the December 19 offer to purchase Plaintiff's property interest, sought to effect a transfer of ownership under false pretext and without judicial safeguards. (¶¶ 67–68)

→ **Primary Actor(s):** Ian Goodman; Peter D. Bear

→ **Federal Right Violated:** Fourteenth Amendment — concerted coercion to divest property interest without due process

→ **Federal Cases:** *Jones v. Flowers*, 547 U.S. 220 (2006); *Logan*, 455 U.S. 422 (1982); *Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)*

→ **Criminal Parallel** *(for reference only)*: 18 U.S.C. § 241 — conspiracy to interfere with constitutional property rights

## Count 39 – Material Omission of Financial Safeguards under 42 U.S.C. § 1983

*Failure to include lender release or mortgage protection*

192. Plaintiff alleges that Peter D. Bear, by omitting any provision for lender consent, mortgage-assumption approval, or liability-release protection in the December 19 offer, concealed material financial risk to Plaintiff and thereby induced property transfer without due process. (¶ 68)

→ **Primary Actor(s):** Peter D. Bear

→ **Federal Right Violated:** Fourteenth Amendment — deprivation of property through material omission of financial terms

→ **Federal Cases:** *Peralta*, 485 U.S. 80 (1988); *Logan*, 455 U.S. 422 (1982); *Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)*

→ **Criminal Parallel** *(for reference only)*: 18 U.S.C. § 1343 — wire fraud by omission of material financial protections

## Count 40 – Reference to Active Restraining Order to Isolate Communication under 42 U.S.C. § 1983

*Use of judicial order as instrument of private coercion*

193. Plaintiff alleges that Peter D. Bear, by invoking an active restraining order within the December 19 contract to restrict communication and channel all contact through his office, used a judicial order as leverage in a private transaction to deprive Plaintiff of property rights without due process. (¶ 69)

→ **Primary Actor(s):** Peter D. Bear

→ **Federal Right Violated:** Fourteenth Amendment — misuse of judicial authority to impair private property communication

→ **Federal Cases:** *Mullane*, 339 U.S. 306 (1950); *Peralta*, 485 U.S. 80 (1988); *Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)*

→ **Criminal Parallel** *(for reference only)*: 18 U.S.C. § 242 — deprivation of rights under color of law

## Count 41 – Removal of Prior Restrictions to Conceal Coercive Context under 42 U.S.C. § 1983

*Presentation of facially neutral document masking threats*

194. Plaintiff alleges that Peter D. Bear, by removing explicit lifetime contact and behavioral restrictions from the December 19 offer while retaining threatening language in the accompanying email, presented a false appearance of neutrality to conceal ongoing coercion. (¶ 70)

→ **Primary Actor(s):** Peter D. Bear

→ **Federal Right Violated:** Fourteenth Amendment — fraudulent presentation concealing coercive conditions

→ **Federal Cases:** *Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)*; *Logan*, 455 U.S. 422 (1982); *United States v. Throckmorton*, 98 U.S. 61 (1878)

→ **Criminal Parallel** *(for reference only)*: 18 U.S.C. § 1343 — wire fraud through concealment of coercive terms

## Count 42 – Authorship and Transmission of Coercive Offer under 42 U.S.C. § 1983

*Attorney's direct issuance of coercive proposal under color of professional authority*

195. Plaintiff alleges that Attorney Peter D. Bear, acting through his law-office email account, personally composed and issued the December 19, 2023, communication attaching a property-transfer proposal. The message presented itself as a professional directive rather than a client communication and contained coercive terms requiring Plaintiff to surrender ownership rights. By using the authority of his legal position to

originate and transmit that proposal, Bear engaged in state-linked coercive conduct that functioned as a deprivation of property without procedural due process. (¶¶ 60–71)

→ **Primary Actor(s):** Peter D. Bear

→ **Federal Right Violated:** Fourteenth Amendment Procedural Due Process — deprivation of property through attorney's direct use of professional authority to issue coercive proposal

→ **Federal Cases:** *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944); *United States v. Throckmorton*, 98 U.S. 61 (1878)

→ **Criminal Parallel (for reference only):** *18 U.S.C. § 1343* — wire fraud by use of professional communication channel to advance coercive scheme

→ **Pattern Relevance (cited as context):** This act forms part of the continuing course of coercive communications described in Counts 46 through 48, constituting a predicate pattern element under *18 U.S.C. §§ 1961 et seq.*

## Exhibit G — Public Release of Information (January 8, 2024)

**Count 43 – Unauthorized Disclosure of Confidential Loan Application under 42 U.S.C. § 1983**

*Unsecured electronic release of private financial information*

196. Plaintiff alleges that Peter D. Bear, after obtaining Plaintiff's lender-underwriting materials from co-defendant Ian Goodman, caused the electronic disclosure of Plaintiff's confidential financial information through an unsecured online link accessible to third parties. The release occurred outside any authorized discovery process and without consent, resulting in public exposure of protected personal data. (¶¶ 72–74)

→ **Primary Actor(s):** Peter D. Bear

→ **Federal Right Violated:** Fourteenth Amendment — informational-privacy and procedural-due-process rights under color of law

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950); *Peralta v. Heights Medical Center, Inc., 485 U.S. 80 (1988)*; *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944); *United States v. Throckmorton, 98 U.S. 61 (1878)*

→ **Criminal Parallel (for reference only):** *18 U.S.C. § 1343* — wire-fraud predicate by unauthorized electronic disclosure of confidential data

**Count 44 – Improper Handling of Financial Records under 42 U.S.C. § 1983**

*Unauthorized release of lender-underwriting materials containing personal identifiers*

197. Plaintiff alleges that Peter D. Bear distributed Plaintiff's lender-specific financial form to non-party consultants for use in external communications, enabling unprotected circulation of personal identifiers. This conduct constituted improper handling of financial records and violated informational-privacy protections under federal due process. (¶¶ 73–75)

→ **Primary Actor(s):** Peter D. Bear

→ **Federal Right Violated:** Fourteenth Amendment — informational-privacy and procedural-due-process deprivation

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950)*; *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982); *Peralta v. Heights Medical Center, Inc., 485 U.S. 80 (1988)*; *Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)*

→ **Criminal Parallel (for reference only):** *18 U.S.C. § 1028(a)(7)* — identity-misuse predicate through unauthorized transfer of personally identifiable information

**Count 45 – Unauthorized Transmission of Confidential Financial Record to Counsel under 42 U.S.C. § 1983**

*Disclosure of Plaintiff's lender-file document by co-owner outside lawful process*

198. Plaintiff alleges that Ian Goodman transmitted Plaintiff's confidential lender-underwriting document to Peter D. Bear for non-judicial use, initiating the unauthorized flow of protected personal data later included in the Goodman Evidence archive. This upstream disclosure violated Plaintiff's right to informational privacy and procedural due process. (¶¶ 73 & 76)

→ **Primary Actor(s):** Ian Goodman

→ **Federal Right Violated:** Fourteenth Amendment — informational-privacy and due-process deprivation through unauthorized transfer of personal financial data

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950)*; *Peralta v. Heights Medical Center, Inc., 485 U.S. 80 (1988)*; *Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)*

→ **Criminal Parallel (for reference only):** *18 U.S.C. § 1028(a)(7)* — identity-misuse predicate by unauthorized transfer of personally identifiable information

**Count 46 – Breach of Confidentiality / Transmission to Outside Counsel under 42 U.S.C. § 1983**

*Release of protected client materials to non-party law firm without safeguards*

199. Plaintiff alleges that **Attorney Peter D. Bear transmitted Plaintiff's confidential loan-application materials to the Jeff Scott Olson Law Firm, which was not counsel**

of record in any proceeding involving Plaintiff. The firm's trial consultant, **Sarah Furey Crandall,** later distributed an unsecured link to those materials. This disclosure caused Plaintiff's protected personal and financial information to circulate beyond authorized proceedings and outside any court-approved discovery process. (¶¶ 72–73 & 76)

→ **Primary Actor(s):** Peter D. Bear

→ **Federal Right Violated:** *Fourteenth Amendment* — confidentiality and due-process rights violated by extra-judicial disclosure to non-party law firm

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950); *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80 (1988); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944)

→ **Criminal Parallel** *(for reference only)*: *18 U.S.C. § 1343* — wire-fraud predicate by unauthorized electronic disclosure of confidential records

## Exhibit H — Recordings Request (May 9–10, 2024)

**Count 47 – Delegation of Evidence Control Without Production under 42 U.S.C. § 1983**

*Failure to produce material evidence referenced in judicial filings*

200. Plaintiff alleges that although Bear claimed not to represent the Goodmans in the injunction proceedings, he had already submitted and relied upon their recordings in sworn filings and property negotiations. By invoking those materials as evidence and then refusing to produce them, Bear acted jointly with the Goodmans to obstruct Plaintiff's procedural access to material evidence and thereby deprived Plaintiff of his right to a fair hearing. (¶¶ 77–78, 82)

→ **Primary Actor(s):** Peter D. Bear

→ **Federal Right Violated:** Fourteenth Amendment Procedural Due Process — denial of access to evidence used in judicial proceedings

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944)

→ **Criminal Parallel** *(for reference only): 18 U.S.C. § 1512(c)(2)* — obstruction of justice by withholding evidence

## Count 48 – Affidavit Based on Belief Rather Than Knowledge under 42 U.S.C. § 1983

*Submission of belief-based affidavit as sworn testimony*

201. Plaintiff alleges that Bear knowingly filed a sworn affidavit based solely on subjective belief and not personal knowledge, introducing unreliable evidence into judicial proceedings and thereby violating Plaintiff's right to due process. (¶ 79)

→ **Primary Actor(s):** Peter D. Bear

→ **Federal Right Violated:** Fourteenth Amendment Procedural Due Process — submission of false or unreliable affidavit testimony

→ **Federal Cases:** *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944); *Mooney v. Holohan*, 294 U.S. 103 (1935); *Napue v. Illinois*, 360 U.S. 264 (1959)

→ **Criminal Parallel** *(for reference only): 18 U.S.C. § 1001* — false statement within affidavit made under color of law

## Count 49 – Misstatement of Professional Duty under 42 U.S.C. § 1983

*Misrepresentation of ethical obligations within judicial context*

202. Plaintiff alleges that Bear misrepresented professional disciplinary standards to excuse false affidavit content, thereby obstructing accountability and undermining the integrity of judicial processes guaranteed by due process. (¶ 79)

→ **Primary Actor(s):** Peter D. Bear

→ **Federal Right Violated:** Fourteenth Amendment Procedural Due Process — deprivation of fair tribunal through ethical misrepresentation

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944); *Peralta v. Heights Medical Center, Inc., 485 U.S. 80 (1988)*

→ **Criminal Parallel** *(for reference only): 18 U.S.C. § 1343* — wire fraud by misrepresentation of legal and ethical obligations

**Count 50 – False Characterization of Judicial Participation under 42 U.S.C. § 1983**

*Contradictory representation of role within judicial proceedings*

203. Plaintiff alleges that Bear falsely described his clients as self-represented while acknowledging his own sworn participation, misleading Plaintiff and the court regarding the scope of his advocacy and thereby violating procedural transparency rights. (¶ 80)

→ **Primary Actor(s):** Peter D. Bear

→ **Federal Right Violated:** Fourteenth Amendment Procedural Due Process — confusion of counsel-witness roles undermining judicial transparency

→ **Federal Cases:** *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950)

→ **Criminal Parallel** *(for reference only): 18 U.S.C. § 1001* — false statement affecting judicial record

**Count 51 – Continued Interjection of Property Dispute into Evidence Inquiry under 42 U.S.C. § 1983**

*Ongoing reference to real-estate conflict while denying evidentiary access during active litigation*

204. Plaintiff alleges that Attorney Peter D. Bear, while refusing to provide the requested recordings, inserted renewed discussion of a "reasonable and amicable … resolution of the real-estate matter" into the same communication responding to a lawful evidentiary request. At the time, injunction orders remained in effect and the partition action concerning 1430 Ellen Avenue was pending, where those same recordings were material to both parties' positions. By reintroducing private property negotiations into a judicial evidence exchange, Bear conflated litigation with settlement and further obstructed Plaintiff's ability to obtain or present evidence essential to a fair hearing in the partition case. (¶ 81)

→ **Primary Actor(s):** Peter D. Bear

→ **Federal Right Violated:** Fourteenth Amendment Procedural Due Process — compromised impartiality and evidentiary access during pending proceedings

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982); *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80 (1988)

→ **Criminal Parallel** *(for reference only): 18 U.S.C. § 1512(b)* — communication tending to influence or obstruct evidentiary process

**Count 52 – Retaliatory Closing Tone under 42 U.S.C. § 1983**

*Dismissive response to lawful evidence request*

205. Plaintiff alleges that Bear concluded the May 10 2024 exchange with dismissive and retaliatory language intended to discourage further requests for evidence and to chill Plaintiff's exercise of his procedural rights. (¶ 82)

→ **Primary Actor(s):** Peter D. Bear

→ **Federal Right Violated:** First and Fourteenth Amendments — retaliation and chilling of protected petition activity

→ **Federal Cases:** *Paul v. Davis*, 424 U.S. 693 (1976); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950)

→ **Criminal Parallel** *(for reference only): 18 U.S.C. § 1512(b)* — intimidation or communication discouraging exercise of rights

**Exhibit I — Evidence Request and Bear's Response (May 10–11, 2024)**

**Count 53 – Refusal to Provide Supporting Evidence under 42 U.S.C. § 1983**

*Failure to provide corroborating materials referenced in sworn affidavit*

206. Plaintiff alleges that Peter D. Bear refused to provide documents substantiating his October 22, 2023, affidavit and declined to furnish any supporting proof despite a specific evidentiary request. (¶¶ 83–84, 89)

→ **Primary Actor(s):** Peter D. Bear

→ **Federal Right Violated:** Fourteenth Amendment Procedural Due Process — obstruction of access to material evidence necessary for a fair hearing

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944)

→ **Criminal Parallel** *(for reference only):* 18 U.S.C. § 1512(c)(2) — obstruction by withholding supporting evidence

## Count 54 – Misrepresentation of Affidavit's Judicial Status under 42 U.S.C. § 1983

*Minimizing sworn statement's role to avoid scrutiny*

207.  Plaintiff alleges that Attorney Peter D. Bear asserted that his affidavit "has never been entered into evidence in any proceeding" and attributed resulting outcomes to default, thereby deflecting accountability for its sworn assertions. By misrepresenting the affidavit's judicial status, Bear precluded meaningful review or correction of false or unreliable statements made under oath. (¶ 84)

→ **Primary Actor(s):** Peter D. Bear

→ **Federal Right Violated:** Fourteenth Amendment Procedural Due Process — procedural deception impairing the ability to review and challenge sworn filings

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950); *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80 (1988); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944)

→ **Criminal Parallel** *(for reference only):* 18 U.S.C. § 1001 — false or misleading statements affecting a judicial proceeding

## Count 55 – Retaliatory Libel Threat to Deter Petitioning under 42 U.S.C. § 1983

*Threat of civil liability to chill challenge to sworn assertions*

208.  Plaintiff alleges that Bear warned that accusing him of deliberate falsehoods **"may be committing libel … if … made publicly,"** thereby chilling Plaintiff's evidence challenge and petitioning activity. (¶ 84)

→ **Primary Actor(s):** Peter D. Bear

→ **Federal Right Violated:** First and Fourteenth Amendments — retaliation and chilling of petition rights

→ **Federal Cases:** *Paul v. Davis*, 424 U.S. 693 (1976); *Logan*, 455 U.S. 422; *Mullane*, 339 U.S. 306

→ **Criminal Parallel** *(for reference only): 18 U.S.C. § 1951* — extortion-adjacent coercion by threat of civil liability

**Count 56 – Witness-Tampering Threat to Deter Evidence Inquiry under 42 U.S.C. § 1983**

*Baseless criminal insinuation to suppress lawful requests*

209.  Plaintiff alleges that Bear warned **"Any violation of this request may be considered witness tampering,"** deterring further communications seeking evidentiary support. (¶ 85)

→ **Primary Actor(s):** Peter D. Bear

→ **Federal Right Violated:** First and Fourteenth Amendments — chilling of petition rights and procedural coercion

→ **Federal Cases:** *Paul v. Davis*, 424 U.S. 693; *Logan*, 455 U.S. 422; *Mullane*, 339 U.S. 306

→ **Criminal Parallel** *(for reference only): 18 U.S.C. § 1512(b)* — intimidation via witness-tampering threats

**Count 57 – Procedural Role-Shifting to Obstruct Access under 42 U.S.C. § 1983**

*Ambiguous counsel/witness posture to block evidentiary communication*

210. Plaintiff alleges that Bear disclaimed being opposing counsel while invoking his role as affiant and redirecting Plaintiff to another attorney, creating ambiguity over his procedural status and obstructing a clear channel for evidentiary communication. This ambiguity impaired Plaintiff's ability to seek material proof tied to Bear's sworn statements. (¶ 85)

→ **Primary Actor(s):** Peter D. Bear

→ **Federal Right Violated:** Fourteenth Amendment Procedural Due Process — misleading procedural posture obstructing access to material proof

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944)

→ **Criminal Parallel** *(for reference only): 18 U.S.C. § 1001* — misleading statement impairing procedural rights

**Count 58 – Failure to Provide Corroboration After Follow-Up Inquiry under 42 U.S.C. § 1983**

*Ignoring specific evidentiary questions raised after initial refusal*

211. Plaintiff alleges that after his May 11 2024 follow-up email identifying three specific sections of Bear's affidavit for proof, Bear failed to produce or address any supporting documentation before sending further correspondence unrelated to the evidentiary request. This continued non-production after specific inquiry deprived Plaintiff of procedural access to corroborating materials essential to verify sworn representations. (¶ 86)

→ **Primary Actor(s):** Peter D. Bear

→ **Federal Right Violated:** Fourteenth Amendment Procedural Due Process — denial of reasonable opportunity to test the truth of sworn affidavit statements

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944)

→ **Criminal Parallel** *(for reference only): 18 U.S.C. § 1512(c)(2)* — obstruction by withholding responsive evidence after formal request

## Count 59 – Use of Corrupted Quotation to Undermine Credibility under 42 U.S.C. § 1983

*Returning a garbled version of Plaintiff's email and treating it as authentic*

212. 212. Plaintiff alleges that Attorney Peter D. Bear reproduced a corrupted block of Plaintiff's May 11, 2024 email within the reply thread (displaying text errors such as "allyyou," "Asrepredebts or ovetsimplifiess," and "tshs e injunction"), and, in the same exchange, described Plaintiff's tone as "belligerent, irrational and histrionic," thereby creating a misleading record to impugn credibility and affect the proceedings. (¶¶ 86, 90.)

→ **Primary Actor(s):** Peter D. Bear

→ **Federal Right Violated:** Fourteenth Amendment — fabrication/misrepresentation impairing fair process

→ **Federal Cases:** *Hazel-Atlas*, 322 U.S. 238; *Logan*, 455 U.S. 422; *Mullane*, 339 U.S. 306

→ **Criminal Parallel** *(for reference only): 18 U.S.C. § 1512(c)(2)* — obstruction via falsified or distorted evidence

## Count 60 – Refusal to Provide Provenance and Authenticity under 42 U.S.C. § 1983

*Withholding chain-of-custody and authenticity basis for recordings cited in sworn filings*

213. Plaintiff alleges that Bear refused to provide chain-of-custody or authenticity information for the recordings referenced in his sworn filings, stating that the evidence "is Mr. Goodman's" and that inquiries to him were "misdirected." By withholding provenance and authentication details required for due-process verification, Bear impeded Plaintiff's ability to examine the reliability of material evidence used in judicial proceedings. (¶¶ 83–85, 87, 89)

→ **Primary Actor(s):** Peter D. Bear

→ **Federal Right Violated:** Fourteenth Amendment Procedural Due Process — denial of fair hearing through suppression of evidentiary foundation and chain-of-custody data

→ **Federal Cases:** *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982); *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80 (1988); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944)

→ **Criminal Parallel** *(for reference only): 18 U.S.C. § 1512(c)(2)* — obstruction by withholding or concealing material evidence

## Exhibits J-1 & J-2 — April 7, 2025 Opposition Memorandum (mailed April 14) and City Assessor Record

**Count 61 – Improper Notice and Missing Exhibits under 42 U.S.C. § 1983**

*Procedural deprivation through unserved and incomplete filing*

214. **Plaintiff alleges** that Attorney Peter D. Bear's April 7 2025 memorandum was never served through counsel of record and reached him only via a court-generated mailing without its referenced exhibits or certificate of service, thereby denying lawful notice and opportunity to respond. (¶¶ 91–92)

→ **Primary Actor(s):** Peter D. Bear

→ **Federal Right Violated:** *Fourteenth Amendment Procedural Due Process* — denial of notice and opportunity to be heard through defective service

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950); *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80 (1988); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944); *United States v. Throckmorton*, 98 U.S. 61 (1878)

→ **Criminal Parallel (for reference only):** *18 U.S.C. § 1503* — obstruction of justice through procedurally defective filing

## Count 62 – False Description of Ownership Status under 42 U.S.C. § 1983

*Misrepresentation of property interest to diminish recorded title*

215. **Plaintiff alleges** that Peter D. Bear falsely portrayed him as only a "co-signer to the mortgage," omitting his recorded co-ownership, and thereby misrepresented a protected property interest within a judicial filing. (¶¶ 93, 95)

→ **Primary Actor(s):** Peter D. Bear

→ **Federal Right Violated:** *Fourteenth Amendment Procedural Due Process* — deprivation of property interest through false characterization of title status

→ **Federal Cases:** *Mullane*, 339 U.S. 306; *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982); *Hazel-Atlas*, 322 U.S. 238; *United States v. Throckmorton*, 98 U.S. 61 (1878)

→ **Criminal Parallel (for reference only):** *18 U.S.C. § 1001* — false statement in court filing affecting property rights

## Count 63 – Defamatory and Prejudicial Characterization of Litigant under 42 U.S.C. § 1983

*Insertion of irrelevant personal attacks to bias judicial proceeding*

216. **Plaintiff alleges** that Bear included personal and mental-state accusations labeling him "erratic and hostile" and "detached from reality," using those statements to undermine credibility and bias the tribunal without evidentiary foundation. (¶ 93)

→ **Primary Actor(s):** Peter D. Bear

→ **Federal Right Violated:** *Fourteenth Amendment Procedural Due Process* — denial of impartial hearing through defamatory judicial submission

→ **Federal Cases:** *Greene v. Lindsey*, 456 U.S. 444 (1982); *Logan*, 455 U.S. 422; *Peralta*, 485 U.S. 80; *Hazel-Atlas*, 322 U.S. 238

→ **Criminal Parallel (for reference only):** *18 U.S.C. § 241* — conspiracy against rights through defamatory judicial communication

**Count 64 – Misuse of Waiver Doctrine to Sustain Void Orders under 42 U.S.C. § 1983**

*Application of waiver theory to nullify jurisdictional protections*

217. **Plaintiff alleges** that Bear invoked *Stroup v. Career Academy, Inc.*, 38 Wis. 2d 284 (1968), and *Pasek v. Pasek*, 158 Wis. 2d 629 (Ct. App. 1990), to claim that Plaintiff had waived jurisdictional objections despite his documented special appearances and objections to service, thereby misapplying law to preserve void orders. (¶ 94)

→ **Primary Actor(s):** Peter D. Bear

→ **Federal Right Violated:** *Fourteenth Amendment Procedural Due Process* — denial of jurisdictional integrity through misuse of waiver theory

→ **Federal Cases:** *Jones v. Flowers*, 547 U.S. 220 (2006); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980); *Hazel-Atlas*, 322 U.S. 238; *Throckmorton*, 98 U.S. 61

→ **Criminal Parallel (for reference only):** *18 U.S.C. § 1503* — obstruction through misleading application of law

<u>**Exhibit K — April 30–May 1, 2025 Service Address Request and Conditioning**</u>

**Count 65 – Improper Delegation of Service under 42 U.S.C. § 1983**

*Evasion of lawful service requirements through unauthorized delegation*

218. Plaintiff alleges that **Attorney Peter D. Bear**, when asked to confirm his preferred service address, replied that **Attorney Allen S. Porter "will represent me in this matter ... He will accept service for me."** By designating a substitute recipient rather than providing his own address, **Bear** interfered with lawful service procedure and denied **direct notice** required for due process. (¶¶ 96–97)

→ **Primary Actor(s):** Peter D. Bear

→ **Federal Right Violated:** Fourteenth Amendment — denial of access to court and proper notice through evasive service practices

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950); *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80 (1988); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944); *United States v. Throckmorton*, 98 U.S. 61 (1878)

→ **Criminal Parallel** *(for reference only): 18 U.S.C. § 1503* — obstruction of justice by officer of the court through evasion of service

**Count 66 – Tacit Participation in Service Obstruction under 42 U.S.C. § 1983**

*Failure to correct co-counsel's unlawful service conditions*

219. Plaintiff alleges that after naming **Allen S. Porter** to receive service, **Bear** remained on correspondence in which **Porter** required use of **P.O. Box 7093** and **email acceptance** as conditions for service. **Bear** made no objection or correction, thereby **acquiescing in procedural irregularities** that impeded lawful notice. (¶¶ 97–100)

→ **Primary Actor(s):** Peter D. Bear

→ **Federal Right Violated:** Fourteenth Amendment — due-process violation through knowing participation in service obstruction

→ **Federal Cases:** *Mullane*, 339 U.S. 306 (1950); *Peralta*, 485 U.S. 80 (1988); *Hazel-Atlas*, 322 U.S. 238 (1944); *Throckmorton*, 98 U.S. 61 (1878)

→ **Criminal Parallel** *(for reference only): 18 U.S.C. § 241* — conspiracy to interfere with civil rights by joint service obstruction

## Count 67 – Substitution of P.O. Box for Lawful Address under 42 U.S.C. § 1983

*Evasion of lawful service requirements by providing invalid address*

220.  Plaintiff alleges that **Attorney Allen S. Porter** identified **P.O. Box 7093, Madison, Wisconsin 53707** as his address for service, without a physical location for personal delivery, depriving Plaintiff of a valid means to complete **lawful service** and obtain **proof of notice.** (¶ 99)

→ **Primary Actor(s):** Allen S. Porter

→ **Federal Right Violated:** Fourteenth Amendment — deprivation of notice and opportunity to be heard through invalid service address

→ **Federal Cases:** *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982); *Greene v. Lindsey*, 456 U.S. 444 (1982); *Mullane*, 339 U.S. 306 (1950); *Peralta*, 485 U.S. 80 (1988)

→ **Criminal Parallel** *(for reference only): 18 U.S.C. § 1503* — obstruction of justice through evasion of lawful service

## Count 68 – Conditioning Service on Unauthorized Email Terms under 42 U.S.C. § 1983

*Unlawful conditioning of procedural rights on non-statutory terms*

221. Plaintiff alleges that in the same May 1 2025 email, **Porter** stated he would **"only accept service on Peter's behalf on the condition that, if you don't join the circuit court e-filing system, you will allow me to serve you by email,"** thereby conditioning a procedural right on terms not authorized by law or court order. (¶ 99)

→ **Primary Actor(s):** Allen S. Porter

→ **Federal Right Violated:** Fourteenth Amendment — denial of procedural due process by conditioning access to court on unauthorized terms

→ **Federal Cases:** *Peralta*, 485 U.S. 80 (1988); *Jones v. Flowers*, 547 U.S. 220 (2006); *Mullane*, 339 U.S. 306 (1950); *Logan*, 455 U.S. 422 (1982)

→ **Criminal Parallel** *(for reference only): 18 U.S.C. § 1503* — obstruction of justice through unauthorized alteration of procedural requirements

**Count 69 – Escalation to Global Conditioning Across All Goodman Cases under 42 U.S.C. § 1983**

*Expansion of unauthorized service demands across multiple proceedings*

222. Plaintiff alleges that later on May 1 2025, **Porter** wrote that Plaintiff **"must agree to accept service by email of all filings in all of the cases with the Goodmans,"** expanding the condition beyond the single pending matter to every related case and attempting to bind Plaintiff to a **global waiver of procedural rights.** (¶ 101)

→ **Primary Actor(s):** Allen S. Porter

→ **Federal Right Violated:** Fourteenth Amendment — denial of equal access to judicial process through coordinated procedural obstruction

→ **Federal Cases:** *Greene*, 456 U.S. 444 (1982); *Logan*, 455 U.S. 422 (1982); *Peralta*, 485 U.S. 80 (1988); *Mullane*, 339 U.S. 306 (1950)

→ **Criminal Parallel** *(for reference only): 18 U.S.C. § 241* — conspiracy to interfere with civil rights by coordinated service obstruction

**Count 70 – Conspiracy to Obstruct Service under 42 U.S.C. § 1983**

*Coordinated evasion and obstruction of lawful service between co-counsel*

223. Plaintiff alleges that **Bear's** April 30 designation of **Porter** to receive service, followed by **Porter's** May 1 emails imposing unauthorized conditions and using a post-office box, constituted **concerted action** impairing Plaintiff's ability to complete lawful service and receive procedural notice. (¶¶ 96–101)

→ **Primary Actor(s):** Allen S. Porter; Peter D. Bear

→ **Federal Right Violated:** Fourteenth Amendment — conspiracy to deny due process and fair notice through procedural manipulation

→ **Federal Cases:** *Hazel-Atlas*, 322 U.S. 238 (1944); *Throckmorton*, 98 U.S. 61 (1878); *Logan*, 455 U.S. 422 (1982); *Jones v. Flowers*, 547 U.S. 220 (2006)

→ **Criminal Parallel** *(for reference only): 18 U.S.C. § 241* — conspiracy to interfere with due-process rights through coordinated service obstruction

## Exhibit L — Defendant's Motion to Strike Filings for Failure to Serve (May 7, 2025)

**Count 71 – Failure of Service on Critical Filings under 42 U.S.C. § 1983**

*Failure to ensure lawful service depriving notice and participation*

224. Plaintiff alleges that **Attorney Peter D. Bear**, while acting as counsel of record, failed to ensure that filings in Case No. 2023CV002927 were properly served, leaving Plaintiff without notice or opportunity to respond. This omission violated the procedural requirements of *Wis. Stat. § 801.14(1)* and denied Plaintiff due-process notice and a meaningful chance to be heard. (¶¶ 102–103)

→ **Primary Actor(s):** Peter D. Bear

→ **Federal Right Violated:** Fourteenth Amendment — denial of notice and opportunity to be heard through defective service

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950); *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80 (1988); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944); *United States v. Throckmorton*, 98 U.S. 61 (1878)

→ **Criminal Parallel** *(for reference only): 18 U.S.C. § 1503* — obstruction of justice through failure to perform lawful service obligations

**Count 72 – Failure of Service on Critical Filings by Co-Counsel under 42 U.S.C. § 1983**

*Neglect of mandatory service obligations resulting in denial of notice*

225. Plaintiff alleges that **Attorney Allen S. Porter,** acting in coordination with co-counsel, failed to ensure or verify proper service of court filings in Case No. 2023CV002927, continuing the denial of notice and opportunity to participate in proceedings. (¶¶ 102–103)

→ **Primary Actor(s):** Allen S. Porter

→ **Federal Right Violated:** Fourteenth Amendment — deprivation of notice and hearing through failure of lawful service

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950); *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80 (1988); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944); *United States v. Throckmorton*, 98 U.S. 61 (1878)

→ **Criminal Parallel** *(for reference only): 18 U.S.C. § 1503* — obstruction of justice through neglect of mandatory service duties

**Exhibit M — Decision and Order on Motion to Reopen (May 12, 2025)**

**Count 73 – Misapplication of Waiver Doctrine under 42 U.S.C. § 1983**

*Improper judicial construction treating procedural objection as consent*

226. Judge Ryan D. Nilsestuen, while acting under color of state law, is alleged to have treated Plaintiff's procedural filings as a waiver of personal-jurisdiction defenses despite the absence of lawful service or appearance. This act allegedly misapplied controlling Wisconsin precedent, converting a procedural objection into implied consent and thereby denying due process. (¶¶ 104–105)

→ **Primary Actor(s):** Ryan D. Nilsestuen (individual capacity)

→ **Federal Right Violated:** Fourteenth Amendment — denial of due process through erroneous waiver finding absent service

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950); *Jones v. Flowers*, 547 U.S. 220 (2006); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944); *United States v. Throckmorton*, 98 U.S. 61 (1878)

→ **Criminal Parallel (for reference only):** 18 U.S.C. § 242 — deprivation of rights under color of law by misapplying judicial authority

**Count 74 – Denial of Vacatur and Continuation of Injunction under 42 U.S.C. § 1983**

*Judicial maintenance of restraints without jurisdiction or valid notice*

227. Judge Nilsestuen, acting under color of law, is alleged to have maintained injunctive restraints while reopening proceedings despite unresolved jurisdictional and service

defects, thereby prolonging a deprivation of liberty and property without lawful notice or hearing. (¶ 106)

→ **Primary Actor(s):** Ryan D. Nilsestuen (individual capacity)

→ **Federal Right Violated:** Fourteenth Amendment — continuation of judicial restraints absent jurisdiction or lawful notice

→ **Federal Cases:** *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80 (1988); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982); *Hazel-Atlas*, 322 U.S. 238 (1944); *Throckmorton*, 98 U.S. 61 (1878)

→ **Criminal Parallel (for reference only):** 18 U.S.C. § 242 — deprivation of rights under color of law by enforcing void orders

**Count 75 – Knowing Enforcement of Jurisdiction Despite Actual Knowledge of Non-Residence under 42 U.S.C. § 1983**

*Judicial disregard of factual record confirming absence of service and residence outside the forum state*

228. Judge Nilsestuen, while acting under color of state law, is alleged to have exercised judicial power despite clear record evidence that personal jurisdiction was lacking, sustaining judicial control over a non-resident party and thereby violating due-process and equal-protection guarantees. (¶¶ 104–106)

→ **Primary Actor(s):** Ryan D. Nilsestuen (individual capacity)

→ **Federal Right Violated:** Fourteenth Amendment — knowing exercise of jurisdiction without service or domicile, constituting intentional deprivation of due process

→ **Federal Cases:** *Peralta*, 485 U.S. 80 (1988); *Mullane*, 339 U.S. 306 (1950); *Jones v. Flowers*, 547 U.S. 220 (2006); *Throckmorton*, 98 U.S. 61 (1878)

→ **Criminal Parallel (for reference only):** 18 U.S.C. § 242 — willful deprivation of rights under color of law

## Count 76 – Judicial Ratification of Defective Service under 42 U.S.C. § 1983

*Delegation of required service to a private litigant after asserting jurisdiction*

229. Judge Nilsestuen, while acting under color of state law, is alleged to have ratified defective service by directing a private party to perform post-hoc notice after asserting jurisdiction, thereby delegating an official judicial duty and denying procedural safeguards guaranteed by due process. (¶ 106)

→ **Primary Actor(s):** Ryan D. Nilsestuen (individual capacity)

→ **Federal Right Violated:** Fourteenth Amendment — due-process violation through ratification of defective service and delegation of official duty

→ **Federal Cases:** *Mullane*, 339 U.S. 306 (1950); *Jones v. Flowers*, 547 U.S. 220 (2006); *Peralta*, 485 U.S. 80 (1988); *Throckmorton*, 98 U.S. 61 (1878)

→ **Criminal Parallel (for reference only):** 18 U.S.C. § 242 — deprivation of rights under color of law by ratifying unlawful service procedure

## Count 77 – Reversal of Procedural Order and Premature Merits Hearing under 42 U.S.C. § 1983

*Adjudicating the merits of an injunction before resolving validity and service*

230. Judge Nilsestuen, while acting under color of state law, is alleged to have advanced the case to a merits hearing before deciding motions challenging service and validity, thereby reversing the required procedural sequence and depriving Plaintiff of a jurisdictionally sound opportunity to be heard. (¶ 106)

→ **Primary Actor(s):** Ryan D. Nilsestuen (individual capacity)

→ **Federal Right Violated:** Fourteenth Amendment — denial of procedural due process through premature merits adjudication prior to jurisdictional determination

→ **Federal Cases:** *Mullane*, 339 U.S. 306 (1950); *Peralta*, 485 U.S. 80 (1988); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982); *Throckmorton*, 98 U.S. 61 (1878)

→ **Criminal Parallel (for reference only):** 18 U.S.C. § 242 — deprivation of rights under color of law through premature adjudication of void proceeding

**Exhibit N — Notice of Hearing (May 13, 2025)**

**Count 78 – Scheduling Hearings Without Jurisdiction under 42 U.S.C. § 1983**

*Advancing substantive proceedings while service and jurisdiction defects remained unresolved*

231. Plaintiff alleges that Judge Ryan D. Nilsestuen, while acting under color of state law, issued multiple hearing notices on May 13, 2025, in *Ian Goodman v. Lee Drone*, Case No. 2023CV002927, scheduling both a motion hearing and an injunction hearing for May 27, 2025, while personal-jurisdiction and service defects remained unresolved. By advancing substantive proceedings without lawful authority, Judge Nilsestuen exercised judicial power beyond the court's jurisdiction, subjecting Plaintiff to continuing restraint and depriving him of procedural due process under the Fourteenth Amendment. (¶¶ 108–111)

→ **Primary Actor(s):** Ryan D. Nilsestuen (individual capacity)

→ **Federal Right Violated:** Fourteenth Amendment — denial of due process through judicial action without jurisdiction

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944); *United States v. Throckmorton*, 98 U.S. 61 (1878)

→ **Criminal Parallel (for reference only):** 18 U.S.C. § 242 — deprivation of rights under color of law through unauthorized judicial proceedings

**Count 79 – Predetermined Merits-First Adjudication under 42 U.S.C. § 1983**

*Establishing a merits-before-jurisdiction sequence confirmed by later record entry*

232. Plaintiff alleges that Judge Ryan D. Nilsestuen, while acting under color of state law, predetermined that the court would hear the merits of *Ian Goodman v. Lee Drone*, Case No. 2023CV002927, before resolving Plaintiff's motions challenging service, jurisdiction, and validity of prior orders. In his May 12 2025 Decision and Order, the judge stated that Plaintiff had "waived" jurisdictional objections and that any decision on vacatur would follow the merits hearing. The following day, May 13 2025, the court issued dual notices scheduling both a motion hearing and an injunction hearing for May 27 2025, thereby implementing the same procedural posture. A subsequent docket entry dated May 27 2025 confirmed that the court proceeded with the injunction hearing first and addressed pending motions only afterward. By establishing and adhering to this merits-first structure, Judge Nilsestuen denied Plaintiff the constitutional right to a threshold determination of notice and jurisdiction before adjudicating the case's substance. (¶¶ 104–111 and court record entry of May 27 2025)

→ **Primary Actor(s):** Ryan D. Nilsestuen (individual capacity)

→ **Federal Right Violated:** Fourteenth Amendment — denial of procedural due process through predetermined merits-first adjudication

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950); *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80 (1988); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982); *United States v. Throckmorton*, 98 U.S. 61 (1878)

→ **Criminal Parallel** *(for reference only):* 18 U.S.C. § 242 — deprivation of rights under color of law through predetermined jurisdictional posture

## Exhibit O — Email from Attorney Porter with Petitions (May 20, 2025)

**Count 80 – Attempted Service of Petitions by Email under 42 U.S.C. § 1983**

*Improper electronic service of initiating pleadings without authorization*

233. Plaintiff alleges that Attorney Allen S. Porter, while acting under color of state law, attempted to serve initiating restraining-order petitions exclusively by email, invoking a judicial order as authority for electronic service never authorized by law. By replacing lawful service with unauthorized electronic transmission, Porter deprived Plaintiff of constitutionally required notice and opportunity to be heard, violating procedural due process under the Fourteenth Amendment. (¶¶ 112–115)

→ **Primary Actor(s):** Allen S. Porter

→ **Federal Right Violated:** Fourteenth Amendment — denial of notice and opportunity to be heard through unauthorized electronic service

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950); *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80 (1988); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944); *United States v. Throckmorton*, 98 U.S. 61 (1878)

→ **Criminal Parallel (for reference only):** 18 U.S.C. § 1503 — obstruction of justice through unauthorized service of pleadings

**Count 81 – Participation in Improper Service under 42 U.S.C. § 1983**

*Tacit participation in unauthorized electronic service of pleadings*

234. Plaintiff alleges that Attorney Peter D. Bear, while acting under color of state law, knowingly participated in and ratified an unauthorized attempt at service by remaining on the electronic distribution chain, receiving the improper pleadings, and failing to object to the method used. By endorsing a procedurally defective service attempt, Bear aided in depriving Plaintiff of due-process protections guaranteed by the Fourteenth Amendment. (¶ 114)

→ **Primary Actor(s):** Peter D. Bear

→ **Federal Right Violated:** Fourteenth Amendment — denial of notice and opportunity to respond through improper electronic service

→ **Federal Cases:** *Mullane*, 339 U.S. 306 (1950); *Peralta*, 485 U.S. 80 (1988); *Hazel-Atlas*, 322 U.S. 238 (1944); *Throckmorton*, 98 U.S. 61 (1878)

→ **Criminal Parallel (for reference only):** 18 U.S.C. § 1503 — obstruction of justice through participation in unauthorized service

## Exhibit P — Petitioners' Hearing Exhibits (May 26, 2025)

### Count 82 – Last-Minute Email Service of Exhibits under 42 U.S.C. § 1983

*Improper timing and electronic delivery of hearing evidence without adequate notice*

235. Plaintiff alleges that **Attorney Allen S. Porter**, while acting under color of state law, transmitted hearing exhibits by email less than twenty-four hours before the scheduled May 27, 2025 hearing in *Ian Goodman v. Lee Drone*, Case No. 2023CV002927. By substituting electronic attachments for lawful service and denying reasonable time for review or response, Porter deprived Plaintiff of meaningful notice and the opportunity to be heard, constituting a violation of procedural due process under the Fourteenth Amendment. (¶¶ 116–118)

→ **Primary Actor(s):** Allen S. Porter

→ **Federal Right Violated:** Fourteenth Amendment — denial of meaningful notice and opportunity to be heard through last-minute electronic delivery

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950); *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80 (1988); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944); *United States v. Throckmorton*, 98 U.S. 61 (1878)

→ **Criminal Parallel (for reference only):** *18 U.S.C.* § 1503 — obstruction of justice through last-minute withholding of proper service

**Count 83 – Submission and Disclosure of Time-Barred Confidential Exhibit under 42 U.S.C. § 1983**

*Use and circulation of outdated and protected correspondence to influence judicial proceedings*

236. Plaintiff alleges that **Attorney Allen S. Porter**, while acting under color of state law, attached and transmitted a September 3, 2022 business email between Plaintiff and Ian Goodman as a proposed exhibit in the 2025 Wisconsin injunction proceeding. By submitting an out-of-period document unrelated to the pending case and containing explicit disclaimers against disclosure, Porter both violated procedural due-process guarantees of fairness and infringed Plaintiff's privacy and property interests protected under the Fourteenth Amendment. (¶ 117)

→ **Primary Actor(s):** Allen S. Porter

→ **Federal Right Violated:** Fourteenth Amendment — deprivation of due-process and privacy protections through introduction and dissemination of time-barred, confidential evidence

→ **Federal Cases:** *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950); *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80 (1988); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944); *Whalen v. Roe*, 429 U.S. 589 (1977); *Nixon v. Administrator of General Services*, 433 U.S. 425 (1977)

→ **Criminal Parallel (for reference only):** *18 U.S.C.* §§ 1512(c)(2), 1343 — obstruction and misuse of electronic communication through unauthorized disclosure of protected material

**Count 84 – Coordinated Evidentiary Misconduct under 42 U.S.C. § 1983**

*Joint preparation and submission of unauthorized hearing exhibits*

237. Plaintiff alleges that Attorneys Allen S. Porter and Peter D. Bear, while acting jointly under color of state law, engaged in coordinated evidentiary misconduct by preparing, exchanging, and using hearing exhibits outside the procedures prescribed for service and filing. Their informal, non-record transmission and collective reliance on unfiled materials constituted a concerted misuse of judicial process, depriving Plaintiff of procedural due process and equal protection guaranteed by the Fourteenth Amendment. (¶¶ 116–118)

→ **Primary Actor(s):** Allen S. Porter; Peter D. Bear

→ **Federal Right Violated:** Fourteenth Amendment — denial of procedural due process and equal protection through concerted misuse of judicial process

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950); *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80 (1988); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944); *United States v. Throckmorton*, 98 U.S. 61 (1878)

→ **Criminal Parallel (for reference only):** *18 U.S.C.* § 241 — conspiracy against rights through collusive judicial conduct

**Exhibit V — Decision on Motions (June 20, 2025)**

**Count 85 – Denial of Judicial Recusal under 42 U.S.C. § 1983**

*Refusal to withdraw despite appearance of bias*

238. Plaintiff alleges that Judge Ryan D. Nilsestuen, while acting under color of state law, refused to recuse himself after credible grounds for disqualification had been presented, continuing to preside under circumstances creating a reasonable appearance of partiality. By declining recusal in the face of those grounds, he denied Plaintiff the constitutional right to a neutral and detached tribunal guaranteed by the Fourteenth Amendment. (¶ 136)

→ **Primary Actor(s):** Ryan D. Nilsestuen (individual capacity)

→ **Federal Right Violated:** Fourteenth Amendment — impartial-tribunal requirement and due-process guarantee of a neutral adjudicator

→ **Federal Cases:** *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009); *Tumey v. Ohio*, 273 U.S. 510 (1927); *In re Murchison*, 349 U.S. 133 (1955); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944)

→ **Criminal Parallel (for reference only):** *18 U.S.C. § 242* — deprivation of rights under color of law by refusing recusal from a biased proceeding

**Count 86 – Denial of Motion to Vacate Void Orders under 42 U.S.C. § 1983**

*Maintenance of judicial restraints entered without jurisdiction*

239. Plaintiff alleges that Judge Ryan D. Nilsestuen, while acting under color of state law, refused to vacate injunctions alleged to be void for lack of jurisdiction. By declining to set aside those restraints, he sustained orders issued without lawful authority, prolonging the deprivation of Plaintiff's liberty and property interests without due process of law. (¶ 137)

→ **Primary Actor(s):** Ryan D. Nilsestuen (individual capacity)

→ **Federal Right Violated:** Fourteenth Amendment — procedural due process and freedom from enforcement of void orders

→ **Federal Cases:** *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80 (1988); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944); *United States v. Throckmorton*, 98 U.S. 61 (1878)

→ **Criminal Parallel (for reference only):** *18 U.S.C. § 242* — continuation of rights deprivation under color of law

**Count 87 – Ratification of Improper Service under 42 U.S.C. § 1983**

*Judicial approval of unauthorized notice procedure*

240. Plaintiff alleges that Judge Ryan D. Nilsestuen, while acting under color of state law, overruled an objection to an unauthorized method of service that lacked statutory or constitutional basis. By endorsing that procedure and treating it as valid notice, he ratified a practice that denied Plaintiff his right to lawful notice and a meaningful opportunity to be heard before enforcement of judicial orders. (¶ 138)

→ **Primary Actor(s):** Ryan D. Nilsestuen (individual capacity)

→ **Federal Right Violated:** Fourteenth Amendment — notice and opportunity to be heard before enforcement of orders

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950); *Jones v. Flowers*, 547 U.S. 220 (2006); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944); *United States v. Throckmorton*, 98 U.S. 61 (1878)

→ **Criminal Parallel (for reference only):** *18 U.S.C. § 242* — judicial approval of procedural deprivation under color of law

**Exhibits W-1 & W-2 — Certified Docket Records for 2023CV002927 and 2023CV002928**

**Count 88 – Procedural Prejudice Through Selective Vacatur under 42 U.S.C. § 1983**

*Unequal judicial treatment of parallel proceedings*

241. Plaintiff alleges that Judge Ryan D. Nilsestuen, while acting under color of state law, presided over two parallel actions that arose from identical procedural defects but rendered opposite outcomes, extending restraints in one while vacating the other. By permitting disparate treatment of companion cases based on the same record and counsel involvement, he denied Plaintiff equal application of law and a consistent exercise of judicial remedy guaranteed by the Fourteenth Amendment. (¶¶ 139–143)

→ **Primary Actor(s):** Ryan D. Nilsestuen (individual capacity)

→ **Federal Right Violated:** Fourteenth Amendment — equal-protection and procedural-due-process guarantees against selective judicial remedy

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950); *Jones v. Flowers*, 547 U.S. 220 (2006); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944); *United States v. Throckmorton*, 98 U.S. 61 (1878)

→ **Criminal Parallel (for reference only):** *18 U.S.C. § 242* — deprivation of rights under color of law through selective application of judicial remedy

<u>**Racketeering / RICO Expansion**</u>

**Count 89 – Early Pattern Establishment through False Representation of Ownership under 18 U.S.C. §§ 1962(c), 1964(c)**

*Initial predicate act demonstrating continuity and enterprise intent*

242.    Plaintiff alleges that Attorney Peter D. Bear, while acting under color of professional authority and in coordination with Ian Goodman, knowingly misrepresented the terms of Plaintiff's co-ownership agreement to restate his recorded interest as a non-possessory status. This false representation, first communicated on September 1, 2022, and repeated in later proposals and affidavits, was made to diminish Plaintiff's ownership rights and initiate a course of conduct intended to coerce transfer of his interest through fraudulent and litigation-based pressure. (¶ 37)

→ **Primary Actor(s):** Ian Goodman; Peter D. Bear

→ **Federal Right Violated:** *18 U.S.C. § 1962(c)* — participation in an enterprise through a pattern of racketeering activity involving wire fraud and false representations affecting property rights

→ **Federal Cases:** *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229 (1989); *Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479 (1985)*; *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944)

→ **Criminal Parallel (for reference only):** *18 U.S.C. § 1343* — wire fraud through interstate transmission of false legal representations

**Count 90 – Integration of November 2023 Communications into RICO Pattern under 18 U.S.C. §§ 1961–1964**

*Linking renewed proposal, affidavit, and threats to earlier racketeering acts*

243. Plaintiff alleges that Ian Goodman and Peter D. Bear, acting jointly and under color of state law, furthered a continuing fraudulent ownership scheme through interstate communications including the October 22 2023 affidavit, the November 1 and November 21 purchase proposals, and the November 6 filings. These acts expanded the enterprise's scheme initiated in 2022 to extort Plaintiff's property interests and damage his reputation through coordinated misuse of judicial process, constituting a related and ongoing pattern of racketeering activity. (¶¶ 50–54)

→ **Primary Actor(s):** Ian Goodman; Peter D. Bear

→ **Federal Right Violated:** *18 U.S.C. § 1962(c)* — participation in an enterprise through a pattern of racketeering activity affecting interstate commerce

→ **Federal Cases:** *Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479 (1985)*; *H.J. Inc. v. Northwestern Bell Telephone Co.,* 492 U.S. 229 (1989)

→ **Criminal Parallel (for reference only):** *18 U.S.C. § 1961(1)* — pattern of racketeering involving wire, mail, and extortion acts

**Count 91 – Civil RICO Pattern Extension under 18 U.S.C. §§ 1961–1964**

*Integration of proposal, petition, and service filings into pattern of racketeering acts*

244. Plaintiff alleges that Ian Goodman and Peter D. Bear, while acting in concert and under color of state law, used the November 1 2023 proposal, November 6 2023 petition, and related service filings as interrelated predicate acts within a continuing racketeering pattern. These communications and filings shared a common purpose to deprive

Plaintiff of property and due-process protections through fraudulent representation and misuse of judicial process. (¶¶ 41–49)

→ **Primary Actor(s):** Ian Goodman; Peter D. Bear

→ **Federal Right Violated:** *18 U.S.C. § 1962(c)* — participation in an enterprise through a pattern of racketeering activity affecting interstate commerce

→ **Federal Cases:** *Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479 (1985)*; *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229 (1989)

→ **Criminal Parallel (for reference only):** *18 U.S.C. § 1961(1)* — racketeering pattern involving wire, mail, and extortion acts

## Count 92 – Integration of Affidavit into RICO Enterprise Pattern under 18 U.S.C. §§ 1961–1964

*Affidavit used as predicate act supporting pattern of racketeering activity*

245. Plaintiff alleges that Attorney Peter D. Bear, while acting under color of state law, used his October 22 2023 affidavit as a fraudulent instrument to support the enterprise's scheme to deprive Plaintiff of property and reputation. The affidavit served as a predicate act of wire fraud and obstruction, reinforcing continuity with the November 1 and November 21 proposals and advancing the pattern of racketeering activity. (¶ 53)

→ **Primary Actor(s):** Peter D. Bear

→ **Federal Right Violated:** *18 U.S.C. § 1962(c)* — participation in an enterprise through a pattern of racketeering activity involving false sworn statements and wire fraud

→ **Federal Cases:** *Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479 (1985)*; *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229 (1989)

→ **Criminal Parallel (for reference only):** *18 U.S.C. § 1961(1)* — racketeering predicates of wire fraud and perjury

**Count 93 – Integration of December 19 Communications into RICO Pattern under 18 U.S.C. §§ 1961–1964**

*Incorporating December 19 email and offer as additional predicate acts*

246. Plaintiff alleges that Ian Goodman and Peter D. Bear continued the enterprise's scheme through the December 19 2023 email and attached offer, which combined threats, defamation, and extortionate pressure to compel Plaintiff to relinquish property rights. These communications constituted further predicate acts of wire fraud and obstruction that extended the ongoing racketeering pattern. (¶¶ 60–71)

→ **Primary Actor(s):** Ian Goodman; Peter D. Bear

→ **Federal Right Violated:** *18 U.S.C. § 1962(c)* — participation in an enterprise through a pattern of racketeering activity affecting interstate commerce

→ **Federal Cases:** *Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479 (1985)*; *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229 (1989)

→ **Criminal Parallel (for reference only):** *18 U.S.C. § 1961(1)* — pattern of racketeering including wire, mail, and extortion acts

**Count 94 – Integration of Evidence Obstruction into RICO Pattern under 18 U.S.C. §§ 1961–1964**

*Use of belief-based affidavit and evidence refusal as continuing predicate acts*

247. Plaintiff alleges that Attorney Peter D. Bear, while acting under color of state law, refused to produce requested recordings and relied on a belief-based affidavit to sustain false accusations and obstruct evidentiary review. These acts, independent of any later

settlement communications, constituted predicate offenses of obstruction and wire fraud within a continuing racketeering enterprise. (¶¶ 77–82)

→ **Primary Actor(s):** Peter D. Bear

→ **Federal Right Violated:** *18 U.S.C. § 1962(c)* — participation in an enterprise through racketeering acts of obstruction and fraud

→ **Federal Cases:** *Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479 (1985)*; *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229 (1989)

→ **Criminal Parallel (for reference only):** *18 U.S.C. § 1961(1)* — racketeering predicates of obstruction and wire fraud

**Count 95 – Integration of May 10 Obstruction into RICO Pattern under 18 U.S.C. §§ 1961–1964**

*Use of evidence refusal, belief-based affidavit, and coercive settlement as continuing predicate acts*

248. Plaintiff alleges that Attorney Peter D. Bear, while acting under color of state law, refused to produce requested recordings and relied on a belief-based affidavit to sustain false accusations and obstruct evidentiary review. These actions formed independent predicate offenses of obstruction and wire fraud within a continuing racketeering enterprise. (¶¶ 77–82)

→ **Primary Actor(s):** Peter D. Bear

→ **Federal Right Violated:** *18 U.S.C. § 1962(c)* — participation in an enterprise through a pattern of racketeering activity affecting interstate commerce

→ **Federal Cases:** *Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479 (1985)*; *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229 (1989)

→ **Criminal Parallel (for reference only):** *18 U.S.C. § 1961(1)* — racketeering predicates of obstruction, wire fraud, and extortion

## Count 96 – Exposure of Personally Identifiable Information as Racketeering Predicate under 18 U.S.C. §§ 1961–1964

*Integration of January 8 2024 leak into pattern of racketeering activity*

249. Plaintiff alleges that Attorney Peter D. Bear released Plaintiff's financial records containing personally identifiable information through electronic transmission on January 8 2024, constituting racketeering acts of wire fraud and identity misuse. These acts furthered the enterprise's scheme to injure Plaintiff's property and reputation through unlawful disclosure. (¶¶ 72–76)

→ **Primary Actor(s):** Peter D. Bear

→ **Federal Right Violated:** *18 U.S.C. § 1962(c)* — participation in an enterprise through pattern of racketeering involving identity misuse and wire fraud

→ **Federal Cases:** *Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479 (1985)*; *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229 (1989)

→ **Criminal Parallel (for reference only):** *18 U.S.C. § 1961(1)* — racketeering pattern predicates of wire fraud and identity misuse

## Count 97 – Transmission of Confidential Record as Racketeering Predicate under 18 U.S.C. §§ 1961–1964

*Integration of Ian Goodman's disclosure into enterprise pattern*

250. Plaintiff alleges that Ian Goodman transmitted Plaintiff's financial records to Attorney Peter D. Bear by electronic means, constituting racketeering acts of wire fraud and

identity misuse in furtherance of the enterprise's scheme to damage Plaintiff's property and reputation. (¶¶ 72, 76)

→ **Primary Actor(s):** Ian Goodman

→ **Federal Right Violated:** *18 U.S.C. § 1962(c)* — participation in an enterprise through racketeering acts involving transmission of confidential records

→ **Federal Cases:** *Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479 (1985)*; *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229 (1989)

→ **Criminal Parallel (for reference only):** *18 U.S.C. § 1961(1)* — racketeering pattern predicates of wire fraud and identity misuse

## Count 98 – Integration of May 10–11 Communications into RICO Pattern under 18 U.S.C. §§ 1961–1964

*Obstruction, threats, and false-record email cluster as related predicate acts*

251. Plaintiff alleges that Attorney Peter D. Bear engaged in acts of obstruction, threatening communications, and fabrication of correspondence on May 10 and May 11 2024 that collectively formed predicate acts of wire fraud and witness intimidation within the enterprise's ongoing pattern. (¶¶ 83–90)

→ **Primary Actor(s):** Peter D. Bear

→ **Federal Right Violated:** *18 U.S.C. § 1962(c)* — participation in an enterprise through a pattern of racketeering activity affecting interstate commerce

→ **Federal Cases:** *Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479 (1985)*; *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229 (1989)

→ **Criminal Parallel (for reference only):** *18 U.S.C. § 1961(1)* — racketeering predicates of obstruction, wire fraud, and extortion

**Count 99 – Integration of April 7 Memorandum into RICO Pattern under 18 U.S.C. §§ 1961–1964**

*Defective filing, false statements, and jurisdictional manipulation as predicate acts*

252. Plaintiff alleges that Attorney Peter D. Bear, while acting under color of state law, submitted a defective court filing on or about April 7 2025 containing false ownership assertions, defamatory language, and jurisdictional misrepresentations. These acts constituted predicate offenses of obstruction of justice, mail fraud, and abuse of process within the enterprise's continuing racketeering pattern, undertaken to sustain void judicial authority and injure Plaintiff's property and reputation. (¶¶ 91–95)

→ **Primary Actor(s):** Peter D. Bear

→ **Federal Right Violated:** 18 U.S.C. § 1962(c) — participation in an enterprise through a pattern of racketeering activity affecting interstate commerce

→ **Federal Cases:** *Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479 (1985)*; *H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229 (1989)*

→ **Criminal Parallel (for reference only):** 18 U.S.C. § 1961(1) — racketeering pattern (predicates of mail fraud, obstruction, and false statement)

**Count 100 – Integration of April 30–May 1 Service Chain into RICO Pattern under 18 U.S.C. §§ 1961–1964**

*Delegation, invalid address, and email conditioning as racketeering predicate acts*

253. Plaintiff alleges that Allen S. Porter and Peter D. Bear used an April 30–May 1, 2025 service chain—consisting of unauthorized delegation of service, substitution of an invalid P.O. Box, and coercive email-service conditions—as interrelated predicate acts

of obstruction, mail fraud, and civil-rights conspiracy within a continuing racketeering pattern. (¶¶ 96–101)

→ **Primary Actor(s):** Allen S. Porter; Peter D. Bear

→ **Federal Right Violated:** *18 U.S.C. § 1962(c)* — participation in an enterprise through a pattern of racketeering activity affecting interstate commerce

→ **Federal Cases:** *Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479 (1985)*; *H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229 (1989)*

→ **Criminal Parallel (for reference only):** *18 U.S.C. § 1961(1)* — predicates of obstruction, mail fraud, and civil-rights conspiracy

## Count 101 – Integration of Unserved Filings into RICO Pattern under 18 U.S.C. §§ 1961–1964

*Use of service obstruction as racketeering predicate acts*

254. Plaintiff alleges that Peter D. Bear and Allen S. Porter coordinated to avoid lawful service, conceal non-service, and impede procedural notice, thereby committing related predicates of obstruction and mail fraud within an ongoing racketeering pattern. (¶¶ 102–103)

→ **Primary Actor(s):** Allen S. Porter; Peter D. Bear

→ **Federal Right Violated:** *18 U.S.C. § 1962(c)* — participation in an enterprise through a pattern of racketeering activity affecting interstate commerce

→ **Federal Cases:** *Sedima*, 473 U.S. 479; *H.J. Inc.*, 492 U.S. 229

→ **Criminal Parallel (for reference only):** *18 U.S.C. § 1961(1)* — predicates of obstruction and mail fraud

## Count 102 – Hobbs Act Extortion Predicate under 18 U.S.C. § 1951

*Use of threatened litigation and fear to obtain property interests*

255. Plaintiff alleges that Ian Goodman and Peter D. Bear employed threats of injunction proceedings and law-enforcement action to coerce surrender of Plaintiff's property interest in 1430 Ellen Avenue, conditioning dismissal on execution of a quitclaim deed, constituting wrongful use of fear and legal process to obtain property affecting interstate commerce. (¶¶ 41–45, 50–52)

→ **Primary Actor(s):** Ian Goodman; Peter D. Bear

→ **Federal Right Violated:** Fourteenth Amendment — freedom from coerced property transfer under threat of process

→ **Federal Cases:** *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982); *Jones v. Flowers*, 547 U.S. 220 (2006); *Hazel-Atlas*, 322 U.S. 238 (1944); *Throckmorton*, 98 U.S. 61 (1878)

→ **Criminal Parallel (for reference only):** *18 U.S.C. § 1951* — Hobbs Act extortion affecting interstate commerce

**Count 103 – Obstruction of Justice Predicate under 18 U.S.C. §§ 1503, 1512**

*Advocate-as-witness misconduct and fabrication of evidence*

256. Plaintiff alleges that Peter D. Bear executed a belief-based affidavit, leveraged it in settlement communications, refused to produce supporting evidence, and advanced a corrupted email as authentic, thereby obstructing justice through false sworn representation and manipulation of evidence. (¶¶ 53–56, 83–89)

→ **Primary Actor(s):** Peter D. Bear

→ **Federal Right Violated:** Fourteenth Amendment — right to truthful evidence and a neutral tribunal

→ **Federal Cases:** *Mullane*, 339 U.S. 306 (1950); *Jones*, 547 U.S. 220; *Hazel-Atlas*, 322 U.S. 238; *Throckmorton*, 98 U.S. 61

→ **Criminal Parallel (for reference only):** *18 U.S.C. §§ 1503, 1512* — obstruction and witness tampering

## Count 104 – Wire Fraud Predicate under 18 U.S.C. § 1343

*Use of interstate email to circumvent lawful service and advance injunction proceedings*

257. Plaintiff alleges that Allen S. Porter, with concurrent notice to Peter D. Bear, used interstate email transmissions of petitions and exhibits as substitutes for lawful service and represented such transmissions as valid notice, furthering a scheme to obtain favorable orders without due-process compliance. (¶¶ 111–117)

→ **Primary Actor(s):** Allen S. Porter

→ **Federal Right Violated:** Fourteenth Amendment — procedural due process and lawful notice

→ **Federal Cases:** *Mullane*, 339 U.S. 306; *Greene v. Lindsey*, 456 U.S. 444 (1982); *Hazel-Atlas*, 322 U.S. 238; *Throckmorton*, 98 U.S. 61

→ **Criminal Parallel (for reference only):** *18 U.S.C. § 1343* — wire fraud via interstate email to misrepresent service

## Count 105 – Identity Misuse Predicate under 18 U.S.C. § 1028(a)(7)

*Unauthorized acquisition and initial disclosure of personally identifiable financial data*

258. Plaintiff alleges that Dane County Title Company, Ian Goodman, and Peter D. Bear, while acting individually and in concert, unlawfully acquired and initially disclosed Plaintiff's personally identifiable financial information contained in his Uniform Residential Loan Application. The data—including Social Security number,

employment, and asset details—was removed from secure custodial control and circulated electronically without authorization, constituting identity misuse through unauthorized acquisition and first-stage disclosure of protected personal information. (¶¶ 35–36, 72–76)

→ **Primary Actor(s):** Dane County Title Company; Ian Goodman; Peter D. Bear

→ **Federal Right Violated:** Fourteenth Amendment — informational privacy and property interest in personal data

→ **Federal Cases:** *Whalen v. Roe*, 429 U.S. 589 (1977); *Doe v. Chao*, 540 U.S. 614 (2004); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944); *United States v. Throckmorton*, 98 U.S. 61 (1878)

→ **Criminal Parallel (for reference only):** *18 U.S.C.* § 1028(a)(7) — identity misuse through unauthorized acquisition and initial disclosure of financial records

## Count 106 – Identity Misuse Predicate under 18 U.S.C. § 1028(a)(7)

*Unauthorized use of financial records for litigation leverage*

259. Plaintiff alleges that Ian Goodman and Peter D. Bear used Plaintiff's loan-application file—containing personally identifiable financial data—without authorization to influence litigation and settlement, constituting identity misuse under federal law. (¶¶ 35–36, 72–76)

→ **Primary Actor(s):** Ian Goodman; Peter D. Bear

→ **Federal Right Violated:** Fourteenth Amendment — informational privacy and property interest in personal data

→ **Federal Cases:** *Whalen*, 429 U.S. 589; *Doe v. Chao*, 540 U.S. 614; *Hazel-Atlas*, 322 U.S. 238; *Throckmorton*, 98 U.S. 61

→ **Criminal Parallel (for reference only):** *18 U.S.C. § 1028(a)(7)* — identity misuse

## Count 107 – Obstruction of Justice Predicate under 18 U.S.C. §§ 1503, 1512(b)

*Withholding evidence and altering records to impair defense*

260. Plaintiff alleges that Peter D. Bear refused to produce original recordings referenced in his affidavit and relied on a corrupted email version as if authentic, thereby obstructing judicial process by withholding and falsifying evidence. (¶¶ 77–82, 83–89)

→ **Primary Actor(s):** Peter D. Bear

→ **Federal Right Violated:** Fourteenth Amendment — fair hearing and access to a complete record

→ **Federal Cases:** *Mullane*, 339 U.S. 306; *Jones*, 547 U.S. 220; *Hazel-Atlas*, 322 U.S. 238; *Throckmorton*, 98 U.S. 61

→ **Criminal Parallel (for reference only):** *18 U.S.C. §§ 1503, 1512(b)* — obstruction and witness tampering

## Count 108 – Wire Fraud Predicate under 18 U.S.C. § 1343

*Interstate email scheme to misrepresent service and gain procedural advantage*

261. Plaintiff alleges that Peter D. Bear and Allen S. Porter used interstate emails to impose unauthorized service conditions and to present electronic delivery as lawful service, including the April 30–May 1, 2025 exchanges and the May 20 & May 26 transmissions, constituting wire-fraud predicates to secure procedural advantage. (¶¶ 96–101, 111–117)

→ **Primary Actor(s):** Allen S. Porter; Peter D. Bear

→ **Federal Right Violated:** Fourteenth Amendment — lawful notice and procedural due process

→ **Federal Cases:** *Mullane*, 339 U.S. 306; *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80 (1988); *Hazel-Atlas*, 322 U.S. 238; *Throckmorton*, 98 U.S. 61

→ **Criminal Parallel (for reference only):** *18 U.S.C. § 1343* — wire fraud via misrepresented service compliance

**Count 109 – Hobbs Act Extortion Predicate under 18 U.S.C. § 1951(b)(2)**

*Wrongful use of fear and litigation threats to obtain property rights*

262. Plaintiff alleges that Ian Goodman, with Peter D. Bear identified as counsel, issued a coercive purchase proposal requiring Plaintiff to quitclaim his interest in 1430 Ellen Avenue and accept lifetime restrictions to avoid continued injunction litigation, constituting attempted extortion through wrongful use of fear and color of process. (¶¶ 41–45)

→ **Primary Actor(s):** Ian Goodman; Peter D. Bear

→ **Federal Right Violated:** Fourteenth Amendment — protection from coerced property transfer under threat of process

→ **Federal Cases:** *Logan*, 455 U.S. 422; *Jones*, 547 U.S. 220; *Hazel-Atlas*, 322 U.S. 238; *Throckmorton*, 98 U.S. 61

→ **Criminal Parallel (for reference only):** *18 U.S.C. § 1951(b)(2)* — Hobbs Act extortion via litigation threats

**Count 110 – Hobbs Act Extortion Predicate under 18 U.S.C. § 1951(b)(2)**

*Coercive litigation threats and property-surrender demands in coordinated package*

263. Plaintiff alleges that on **November 21, 2023**, Ian Goodman and Peter D. Bear jointly transmitted a coordinated set of communications combining a renewed purchase proposal, a threatening letter, and Bear's sworn affidavit accusing Plaintiff of

misconduct. These acts used threat of litigation, law-enforcement action, and reputational harm to coerce surrender of property rights in **1430 Ellen Avenue**. (¶¶ 50–52)

→ **Primary Actor(s):** Ian Goodman; Peter D. Bear

→ **Federal Right Violated:** Fourteenth Amendment — protection from coerced property transfer through fear of litigation

→ **Federal Cases:** *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982); *Jones v. Flowers*, 547 U.S. 220 (2006); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944); *United States v. Throckmorton*, 98 U.S. 61 (1878)

→ **Criminal Parallel (for reference only):** *18 U.S.C. § 1951(b)(2)* — Hobbs Act extortion through threat of litigation and economic coercion

## Count 111 – Hobbs Act Extortion Predicate under 18 U.S.C. § 1951(b)(2)

*Fear of litigation and reputation used as economic coercion*

264. Plaintiff alleges that Peter D. Bear, acting under color of state law and in concert with the Goodmans, transmitted a **December 19, 2023** proposal revoking prior offers and threatening renewed injunction actions and reputational damage unless Plaintiff executed a quitclaim deed to **1430 Ellen Avenue**. By using fear of litigation and public harm to compel property transfer, Bear engaged in extortionate conduct affecting interstate commerce. (¶¶ 60–71)

→ **Primary Actor(s):** Peter D. Bear

→ **Federal Right Violated:** Fourteenth Amendment — freedom from coerced property loss through threat of process and reputational coercion

→ **Federal Cases:** *Logan*, 455 U.S. 422; *Jones*, 547 U.S. 220; *Hazel-Atlas*, 322 U.S. 238; *Throckmorton*, 98 U.S. 61

→ **Criminal Parallel (for reference only):** *18 U.S.C. § 1951(b)(2)* — Hobbs Act extortion through threat of litigation and reputation damage

**Count 112 – Hobbs Act Extortion Predicate under 18 U.S.C. § 1951(b)(2)**

*Pattern of injunction-conditioned property demands constituting racketeering predicate*

265. Plaintiff alleges that between **November 1 and December 19, 2023**, Ian Goodman and Peter D. Bear used coordinated communications and purchase proposals to condition dismissal of injunction proceedings on execution of a quitclaim deed to Plaintiff's property, employing active court proceedings as leverage for transfer. (¶¶ 41–45, 50–52, 60–71)

→ **Primary Actor(s):** Ian Goodman; Peter D. Bear

→ **Federal Right Violated:** Fourteenth Amendment — due-process and property rights violated through coerced settlement conditioning

→ **Federal Cases:** *Greene v. Lindsey*, 456 U.S. 444 (1982); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950); *Hazel-Atlas*, 322 U.S. 238; *Throckmorton*, 98 U.S. 61

→ **Criminal Parallel (for reference only):** *18 U.S.C. § 1951(b)(2)* — Hobbs Act extortion by conditioning injunction dismissal on property transfer

**Count 113 – Wire Fraud Predicate under 18 U.S.C. § 1343**

*Interstate electronic release of confidential loan-application data*

266. Plaintiff alleges that Peter D. Bear and Ian Goodman, through interstate electronic transmissions, disclosed Plaintiff's **Uniform Residential Loan Application** to a third-

party law firm, leading to public release via an unsecured OneDrive archive labeled **"Goodman Evidence.zip."** The emails and file-sharing exposed Plaintiff's Social Security number, employment information, and financial records without authorization or judicial process. (¶¶ 72–76)

→ **Primary Actor(s):** Ian Goodman; Peter D. Bear

→ **Federal Right Violated:** Fourteenth Amendment — informational privacy and security of financial records

→ **Federal Cases:** *Whalen v. Roe*, 429 U.S. 589 (1977); *Doe v. Chao*, 540 U.S. 614 (2004); *Hazel-Atlas*, 322 U.S. 238; *Throckmorton*, 98 U.S. 61

→ **Criminal Parallel (for reference only):** *18 U.S.C. § 1343* — wire fraud via interstate electronic disclosure of confidential data

## Count 114 – Identity Misuse Predicate under 18 U.S.C. § 1028(a)(7)

*Corruption and use of Plaintiff's email as false instrument in litigation*

267. Plaintiff alleges that Peter D. Bear knowingly altered and circulated a corrupted version of Plaintiff's email correspondence containing fabricated text, then treated it as authentic to disparage Plaintiff's competence and credibility in ongoing litigation, constituting identity misuse and use of a false instrument. (¶ 89)

→ **Primary Actor(s):** Peter D. Bear

→ **Federal Right Violated:** Fourteenth Amendment — due-process right to a truthful and accurate record in judicial proceedings

→ **Federal Cases:** *Mullane*, 339 U.S. 306; *Greene*, 456 U.S. 444; *Hazel-Atlas*, 322 U.S. 238; *Throckmorton*, 98 U.S. 61

→ **Criminal Parallel (for reference only):** *18 U.S.C. § 1028(a)(7)* — identity misuse and false record creation in judicial context

## Count 115 – Wire Fraud Predicate under 18 U.S.C. § 1343

*Use of interstate email for coercive property offers and fraudulent inducement*

268. Plaintiff alleges that Ian Goodman and Peter D. Bear used interstate email to transmit coercive property offers on **November 1, November 21, and December 19, 2023,** each linked to threats of litigation or reputational harm, employing false representations and omissions to induce property transfer. (¶¶ 41–45, 50–52, 60–71)

→ **Primary Actor(s):** Ian Goodman; Peter D. Bear

→ **Federal Right Violated:** Fourteenth Amendment — protection from deprivation of property by fraud and coercion under color of process

→ **Federal Cases:** *Mullane*, 339 U.S. 306; *Greene*, 456 U.S. 444; *Hazel-Atlas*, 322 U.S. 238; *Throckmorton*, 98 U.S. 61

→ **Criminal Parallel (for reference only):** *18 U.S.C. § 1343* — wire fraud through interstate email scheme to coerce and misrepresent property terms

## Count 116 – Obstruction of Justice Predicate under 18 U.S.C. §§ 1503, 1512(b)

*Suppression of recordings and use of evidence requests for settlement pressure*

269. Plaintiff alleges that on **May 9–10, 2024,** Peter D. Bear refused to produce original audio recordings referenced in sworn filings, asserted exclusive client control, and tied production to settlement of real-estate claims, converting an evidence demand into bargaining leverage that obstructed Plaintiff's ability to contest injunction proceedings. (¶¶ 77–79, 82)

→ **Primary Actor(s):** Peter D. Bear

→ **Federal Right Violated:** Fourteenth Amendment — access to evidence and fair adjudication

→ **Federal Cases:** *Mullane*, 339 U.S. 306; *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80 (1988); *Jones*, 547 U.S. 220; *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982)

→ **Criminal Parallel (for reference only):** *18 U.S.C. §§ 1503, 1512(b)* — obstruction and witness-tampering by suppressing evidence for settlement gain

## Count 117 – Witness-Tampering Predicate under 18 U.S.C. § 1512(b)

*Conditioning property relief on silence and withdrawal of participation*

270. Plaintiff alleges that proposals dated **November 1, November 21, and December 19, 2023** conditioned relief from injunction proceedings and threatened reputational harm, civil liability, and contact restraints, thereby attempting to deter participation and limit communications in ongoing matters as the price of relinquishing ownership. (¶¶ 44–45, 52–65)

→ **Primary Actor(s):** Ian Goodman; Peter D. Bear

→ **Federal Right Violated:** First and Fourteenth Amendments — freedom to petition and access the courts without coercion

→ **Federal Cases:** *Mullane*, 339 U.S. 306; *Greene*, 456 U.S. 444; *Hazel-Atlas*, 322 U.S. 238; *Throckmorton*, 98 U.S. 61

→ **Criminal Parallel (for reference only):** *18 U.S.C. § 1512(b)* — witness-tampering by coercive settlement and threat of harm

## Count 118 – Perjury Predicate under 18 U.S.C. § 1621

*Submission of affidavit containing belief-based, materially false statements*

271. Plaintiff alleges that on **October 22, 2023**, Peter D. Bear swore to accusations of intimidation and fabrication without personal knowledge and later acknowledged his statements rested only on "belief" and "best of [his] knowledge," thereby submitting materially false sworn statements in support of injunction proceedings. (¶¶ 53, 79, 84)

→ **Primary Actor(s):** Peter D. Bear

→ **Federal Right Violated:** Fourteenth Amendment — fair hearing and truthful record in judicial proceedings

→ **Federal Cases:** *Logan*, 455 U.S. 422; *Peralta*, 485 U.S. 80; *Hazel-Atlas*, 322 U.S. 238; *Throckmorton*, 98 U.S. 61

→ **Criminal Parallel (for reference only):** *18 U.S.C. § 1621* — perjury by knowingly false sworn affidavit in civil proceedings

## Count 119 – Identity-Misuse Predicate under 18 U.S.C. § 1028(a)(7)

### *Negligent custodial handling enabling unauthorized disclosure of loan records*

272. Plaintiff alleges that at the **November 1, 2021** closing, Dane County Title Company included Plaintiff's **Uniform Residential Loan Application** within the shared closing packet, placing his Social Security number and financial data into records later transmitted without authorization, enabling the **January 8, 2024** leak of his private information. (¶¶ 35–36, 72–76)

→ **Primary Actor(s):** Dane County Title Company

→ **Federal Right Violated:** Fourteenth Amendment — informational privacy and control over personal data

→ **Federal Cases:** *Whalen*, 429 U.S. 589; *Doe v. Chao*, 540 U.S. 614; *Hazel-Atlas*, 322 U.S. 238; *Throckmorton*, 98 U.S. 61

→ **Criminal Parallel (for reference only):** *18 U.S.C. § 1028(a)(7)* — identity misuse through negligent custody of personal financial records

**Count 120 – Racketeer Influenced and Corrupt Organizations (RICO) Conspiracy under 18 U.S.C. § 1962(d)**

*Integrated enterprise combining extortion, fraud, obstruction, and identity-misuse predicates*

273. Plaintiff alleges that through acts of extortion, wire fraud, obstruction of justice, witness tampering, and identity misuse, Defendants formed an association-in-fact enterprise to deprive him of co-ownership rights in **1430 Ellen Avenue** and to suppress his defenses through coordinated procedural and evidentiary manipulation. (¶¶ 35–36, 37–40, 41–45, 46–50, 53–56, 57–61, 62–68, 85–87, 90–94)

The pattern of racketeering activity included:

a) *Extortion Predicates (18 U.S.C. § 1951(b)(2))* — use of injunction-conditioned purchase offers on **November 1, November 21, and December 19 2023** to compel Plaintiff's quitclaim of the property under threat of litigation, police action, and reputational harm.

b) *Fraud Predicates (18 U.S.C. §§ 1341, 1343)* — interstate transmission of coercive offers, false service representations, and fabricated records to advance the scheme and simulate lawful process.

c) *Obstruction and Witness-Tampering Predicates (18 U.S.C. §§ 1503, 1512(b))* — withholding of recordings, alteration of Plaintiff's **May 11 2024** email, advocate-as-witness conduct, and judicial manipulation foreclosing vacatur relief.

**d)** *Identity-Misuse Predicates (18 U.S.C. § 1028(a)(7))* — unauthorized custody and disclosure of Plaintiff's loan-application data by Dane County Title Company, Goodman, and Bear to apply economic and litigation pressure. Together, these actions formed a single coordinated enterprise of private actors operating under color of law to obtain Plaintiff's property interest, manipulate judicial processes, and suppress constitutional protections.

→ **Primary Actor(s):** Dane County Title Company; Ian Goodman; Allen S. Porter; Peter D. Bear

→ **Federal Right Violated:** Fourteenth Amendment — protection from deprivation of property and liberty interests through a coordinated racketeering enterprise

→ **Federal Cases:** *Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479 (1985)*; *United States v. Turkette*, 452 U.S. 576 (1981); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982); *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80 (1988); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944)

→ **Criminal Parallel (for reference only):** *18 U.S.C. § 1962(d)* — agreement to conduct an enterprise's affairs through a pattern of racketeering involving extortion, fraud, obstruction, and identity misuse

## Declaratory Counts

### Count 121 – Declaratory Relief under 28 U.S.C. § 2201(a)

*Clarification of custodial-segregation duties for settlement-agent title companies*

274. Plaintiff seeks a declaratory judgment that **Dane County Title Company**, acting as settlement agent at the November 1 2021 closing, must segregate underwriting materials—including the Uniform Residential Loan Application and related borrower

PII—from closing packets and maintain safeguards preventing unauthorized disclosure or downstream misuse. The controversy remains live because DCT's custodial handling allegedly enabled later circulation of Plaintiff's PII, and DCT has not corrected the challenged practices. Relief is sought against DCT and its agents with custody or control over Plaintiff's records.

→ **Primary Actor(s):** Dane County Title Company

→ **Federal Right Invoked:** Declaratory-judgment jurisdiction over continuing federal question

→ **Federal Cases:** *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227 (1937); *MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118 (2007)*

## Count 122 – Declaratory Relief under 28 U.S.C. § 2201(a)

*Validity of email substitution for lawful service*

275. Between April 30 and May 1 2025, Allen S. Porter attempted to substitute email for lawful service and conditioned acceptance on email-only delivery. On May 20 2025, Porter again transmitted petitions solely by email with Peter D. Bear copied. Plaintiff seeks a federal declaration confirming that email service is invalid absent statutory authorization, stipulation, or court order. (¶¶ 96–114)

→ **Primary Actor(s):** Allen S. Porter; Peter D. Bear

→ **Federal Right Invoked:** Declaratory-judgment jurisdiction to clarify procedural rights under due-process service requirements

→ **Federal Cases:** *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227 (1937); *MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118 (2007)*

## Count 123 – Declaratory Relief under 28 U.S.C. § 2201(a)

*Construction of November 1 2021 Co-Ownership Agreement*

276. Plaintiff seeks a declaration that the November 1 2021 Co-Ownership Agreement confers equal co-ownership rights and that the term "primary resident" is limited to liability allocation and does not diminish Plaintiff's ownership or occupancy rights. (¶¶ 37–40)

→ **Primary Actor(s):** Ian Goodman

→ **Federal Right Invoked:** Declaratory-judgment jurisdiction to clarify federal controversy over property and contractual interests

→ **Federal Cases:** *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227 (1937); *MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118 (2007)*

## Count 124 – Declaratory Relief under 28 U.S.C. § 2201(a)

*Validity of service-address designation for 2023 filings*

277. Evidence in the record—including Ian Goodman's use of Plaintiff's California employer address and the December 13 2023 YES Energy utility bill—establishes California as Plaintiff's legal residence for service in 2023. Plaintiff seeks a declaration that use of a Wisconsin parental address for service was invalid under due-process standards. (¶¶ 46–48, 58–59)

→ **Primary Actor(s):** Ian Goodman

→ **Federal Right Invoked:** Declaratory-judgment jurisdiction to clarify proper venue and service standards under the Fourteenth Amendment

→ **Federal Cases:** *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227 (1937); *MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118 (2007)*

## Count 125 – Declaratory Relief under 28 U.S.C. § 2201(a)

*Clarification of lawful service methods and limitations on email or P.O. Box use*

278. Plaintiff seeks a declaration confirming that (1) lawful service requires personal service, authorized substitute methods, or approved publication; (2) counsel may not impose email-only service conditions absent stipulation or court order; and (3) a P.O. Box does not constitute a valid address for personal service. (¶¶ 96–101)

→ **Primary Actor(s):** Allen S. Porter; Peter D. Bear

→ **Federal Right Invoked:** Declaratory-judgment jurisdiction over procedural due process in service of process

→ **Federal Cases:** *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227 (1937); *MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118 (2007)*

**Count 126 – Declaratory Relief under 28 U.S.C. § 2201(a)**

*Clarification of due-process adequacy in state supervisory-writ proceedings*

279. Plaintiff seeks a declaratory judgment on the adequacy of Wisconsin's supervisory-writ procedure as applied in Case No. 2025AP001220W, where the Court of Appeals (District IV) denied review of unresolved service and jurisdictional defects without reaching the merits. By directing Plaintiff solely to appeal, the procedure foreclosed immediate correction of void orders. Plaintiff seeks clarification that this framework, as applied, failed to provide a constitutionally adequate opportunity for judicial review. (¶¶ 128–130)

→ **Primary Actor(s):** State Judicial System of Wisconsin (as institutional actor)

→ **Federal Right Invoked:** Fourteenth Amendment — access to meaningful judicial review and procedural due process

→ **Federal Cases:** *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227 (1937); *MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118 (2007)*; *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982); *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80 (1988)

**Count 127 – Declaratory Relief under 28 U.S.C. § 2201(a)**

*Sequence of lawful service before judicial action*

280. Plaintiff seeks a declaration that a court may not proceed to hearings or merits determinations until all critical filings have been lawfully served. The May 7 2025 Motion to Strike Filings (Exhibit L) and the May 29 2025 Post-Hearing Statement (Exhibit R) illustrate the need for a federal ruling on the required sequence between service and adjudication. (¶¶ 102–103, 121–122)

→ **Primary Actor(s):** Judge Ryan D. Nilsestuen (official capacity)

→ **Federal Right Invoked:** Fourteenth Amendment — due-process assurance of notice and opportunity to be heard

→ **Federal Cases:** *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982); *Jones v. Flowers*, 547 U.S. 220 (2006)

**Count 128 – Declaratory Relief under 28 U.S.C. § 2201(a)**

*Required sequence: service → vacatur → reopening*

281. Following the May 12, 2025, Decision and Order (Exhibit M), Plaintiff seeks a declaration that a court may not reopen a case without first confirming lawful service and vacating void injunctions. The proper due-process sequence is (1) service, (2) vacatur, and (3) reopening. (¶¶ 104–107)

→ **Primary Actor(s):** Judge Ryan D. Nilsestuen (official capacity)

→ **Federal Right Invoked:** Declaratory-judgment jurisdiction to clarify federal due-process standards governing post-judgment relief

→ **Federal Cases:** *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227 (1937); *MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118 (2007)*

**Count 129 – Declaratory Relief under 28 U.S.C. § 2201(a)**

*Validity of judicial actions entered in void proceedings*

282. Because Case No. 2023CV002927 was never properly served, Plaintiff seeks a declaration that the orders issued on May 12, May 13, May 27, and June 20 2025 are void *ab initio* and cannot be revived through waiver or recharacterization. This count consolidates jurisdictional objections preserved through Exhibits M, N, R, and W. (¶¶ 104–107, 121–124, 134–137)

→ **Primary Actor(s):** Judge Ryan D. Nilsestuen (official capacity)

→ **Federal Right Invoked:** Fourteenth Amendment — jurisdictional due process and the void-judgment doctrine

→ **Federal Cases:** *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980); *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80 (1988)

---

## IX. DAMAGES

283. Plaintiff has sustained serious and ongoing injury as a direct and proximate result of Defendants' wrongful conduct. These injuries include, but are not limited to:

   a) **Property deprivation:** Plaintiff has been unlawfully excluded from full use, enjoyment, and disposition of 1430 Ellen Avenue, including contractual rights of

co-ownership, equal participation in sale decisions, and economic benefit from ownership.

b) **Financial harm:** Plaintiff has incurred out-of-pocket litigation expenses, travel and filing costs, loss of work time, and continuing exposure to mortgage liability and credit impairment, all directly caused by Defendants' fraudulent and extortionate acts.

c) **Identity misuse damages:** Defendants' unauthorized acquisition and interstate disclosure of Plaintiff's Uniform Residential Loan Application exposed Plaintiff's Social Security number, employment history, income, and assets, creating risks of identity theft, reputational injury, and financial exploitation.

d) **Reputational harm:** Defendants Bear and Goodman published false affidavits and memoranda portraying Plaintiff as hostile, erratic, and coercive, impairing Plaintiff's personal and professional reputation in California and Wisconsin communities.

e) **Emotional distress:** Defendants' repeated threats of police action, civil liability, injunction publicity, and lifetime restraints inflicted severe distress, compounded by Plaintiff's exclusion from his own property and denial of due process protections.

f) **Procedural injury and loss of fair adjudication:** Defendants' obstruction, misrepresentations, and manipulation of judicial processes deprived Plaintiff of his constitutional right to be heard in proceedings conducted with lawful service and impartial adjudication.

284. These injuries constitute damage to "business or property" within the meaning of *18 U.S.C. § 1964(c)* and entitle Plaintiff to an award of treble damages under the civil RICO statute.

285. Plaintiff is also entitled to compensatory damages for financial loss, identity misuse, reputational harm, and emotional distress; and punitive damages under state and federal law to punish willful, malicious, and fraudulent conduct and deter repetition.

286. Plaintiff further seeks equitable and declaratory relief, including orders declaring void all injunctions entered without jurisdiction, confirming that coercive proposals and unauthorized service were unlawful, and establishing custodial obligations for settlement agents handling financial records.

287. Liability for the foregoing damages is joint and several among all Defendants whose acts or omissions directly or indirectly contributed to the injuries described herein, consistent with *42 U.S.C. § 1983* and *18 U.S.C. § 1964(c)*. Each Defendant is therefore responsible for the full extent of damages resulting from the coordinated schemes and conspiracies alleged.

---

## X. RESERVATION OF RIGHTS

288. This Complaint does not pursue causes of action against Paula Goodman arising out of Dane County Case No. 2023CV002928. Any references to Paula Goodman herein are limited to reproducing the language of proposals or docket records for context. Plaintiff expressly reserves the right to pursue claims against Paula Goodman in separate proceedings, without waiver or prejudice.

289. To maintain strategic focus and avoid duplication, Plaintiff further excludes certain remedies from this action. Specifically, claims for loss of use, unjust enrichment, reputational harm, and ouster are not asserted here. These categories of damages are preserved other civil actions, where they can be addressed in full without complicating the present federal claims.

290. Finally, Plaintiff makes clear that no other claims, defenses, or remedies are waived. All objections to jurisdiction, service, and due process are preserved, along with any additional federal or state claims that may arise in subsequent filings. This Complaint is intentionally narrowed to present the most immediate federal claims, while reserving related causes of action for the appropriate forums.

## XI. TABLE OF AUTHORITIES

| Type | Cite / Description | Counts |
|------|--------------------|--------|
| U.S. Supreme Court | *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950) | 1, 3–5, 9, 12–13, 15–18, 20–25, 27–30, 32, 36, 43–47, 49–54, 57–58, 61, 65, 71–73, 78–80, 82–84, 87–88, 103, 104, 107–109, 112, 114–117 |
| | ***Established constitutional due-process requirement of notice reasonably calculated to apprise interested parties of proceedings affecting their rights.*** | |
| U.S. Supreme Court | *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982) | 1–2, 5–8, 10–14, 17–19, 22–26, 31–32, 34, 37, 42, 44, 47, 50–53, 58, 60, 62, 67, 74, 77–79, 83, 86, 102, 110, 116, 120, 126–127 |
| | ***Recognized procedural due-process violation where state deprived party of meaningful opportunity to be heard through administrative default.*** | |
| | *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944) | 1–12, 15–32, 36, 42–49, 53–54, |

| | | |
|---|---|---|
| U.S. Supreme Court | *Condemned fraud on the court and established the judiciary's power to vacate judgments obtained through fraudulent evidence.* | 57–58, 60–61, 65, 71–73, 78–80, 82–89, 103–109, 111–120 |
| U.S. Supreme Court | *Jones v. Flowers*, 547 U.S. 220 (2006) | 1, 5–8, 11, 23, 31, 38, 64, 68, 70, 73, 75–76, 87–88, 102, 110, 127 |
| | *Reaffirmed requirement of reasonable follow-up notice when initial service attempts fail.* | |
| U.S. Supreme Court | *Greene v. Lindsey*, 456 U.S. 444 (1982) | 2, 6, 15, 33–34, 63, 67, 69, 104, 112, 114–115, 117 |
| | *Held that use of ineffective notice procedures violates due process when known to be unreliable.* | |
| U.S. Supreme Court | *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80 (1988) | 2–4, 8, 13, 15, 17, 21–22, 30, 36, 43–46, 51, 54, 60–61, 65, 71–72, 74, 79–80, 82–84, 86, 108, 116, 118, 120, 126, 129 |
| | *Held that judgments entered without valid service violate due process and are void even if outcome would not change on retrial.* | |
| U.S. Supreme Court | *United States v. Throckmorton*, 98 U.S. 61 (1878) | 3–4, 7, 37, 41–43, 61–62, 65, 71–73, 78–80, 82, 84, 86–88, 103–109, 111–119 |
| | *Defined limits of equitable relief from judgments procured by fraud; distinguished intrinsic from extrinsic fraud.* | |
| U.S. Supreme Court | *Paul v. Davis*, 424 U.S. 693 (1976) | 9, 16, 20, 27, 29, 33, 52, 55, 56 |
| | *Established limits on constitutional claims for reputational injury without deprivation of tangible interests.* | |
| U.S. Supreme Court | *Perry v. Sindermann*, 408 U.S. 593 (1972) | 10 |
| | *Recognized that government employment and benefits can create property interests protected by due process.* | |
| U.S. Supreme Court | *Younger v. Harris*, 401 U.S. 37 (1971) | 14 |
| | *Articulated principle of federal abstention from interfering in pending state proceedings.* | |
| U.S. Supreme Court | *Mooney v. Holohan*, 294 U.S. 103 (1935) | 48 |
| | *Established that use of known perjured testimony violates due process.* | |
| U.S. Supreme Court | *Napue v. Illinois*, 360 U.S. 264 (1959) | 48 |
| | *Reaffirmed that prosecutors and witnesses may not knowingly present false testimony.* | |
| U.S. Supreme Court | *Whalen v. Roe*, 429 U.S. 589 (1977) | 83, 105, 106, 113, 119 |
| | *Recognized informational-privacy right concerning personal and medical data.* | |

| U.S. Supreme Court | *Nixon v. Administrator of General Services*, 433 U.S. 425 (1977) | 83 |
|---|---|---|
| | ***Upheld limited governmental retention of presidential materials; reaffirmed privacy-balance test.*** | |
| U.S. Supreme Court | *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009) | 85 |
| | ***Found due-process violation where judge's financial ties created probability of bias.*** | |
| U.S. Supreme Court | *Tumey v. Ohio*, 273 U.S. 510 (1927) | 85 |
| | ***Held that due process requires disqualification of judges with a direct financial interest.*** | |
| U.S. Supreme Court | *In re Murchison*, 349 U.S. 133 (1955) | 85 |
| | ***Clarified that no one can be both judge and accuser; established neutrality principle.*** | |
| U.S. Supreme Court | *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229 (1989) | 89–101 |
| | ***Defined "pattern" requirement for civil RICO continuity and relationship among predicate acts.*** | |
| U.S. Supreme Court | *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479 (1985) | 89–101, 120 |
| | ***Confirmed private civil-RICO standing and treble-damages entitlement.*** | |
| U.S. Supreme Court | *United States v. Turkette*, 452 U.S. 576 (1981) | 120 |
| | ***Held that both lawful and unlawful enterprises fall under RICO's scope.*** | |
| U.S. Supreme Court | *Doe v. Chao*, 540 U.S. 614 (2004) | 105, 106, 113, 119 |
| | ***Limited Privacy Act liability; clarified injury requirement for disclosure of PII.*** | |
| U.S. Supreme Court | *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980) | 64, 129 |
| | ***Established "minimum-contacts" test for personal jurisdiction.*** | |
| U.S. Supreme Court | *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227 (1937) | 121–126, 128 |
| | ***Recognized federal declaratory-judgment jurisdiction where an actual controversy exists.*** | |
| U.S. Supreme Court | *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007) | 121–126, 128 |
| | ***Clarified that declaratory relief may be sought without first breaching or exposing liability.*** | |

## XII. EXHIBIT INDEX

| Exhibit | Title / Description |
|---|---|
| A-1 | Mischaracterizing Email by Attorney Bear |
| A-2 | Co-Ownership Agreement |
| B-1 | Offer to Purchase -- Email Transmission |
| B-2 | Offer to Purchase – Written Proposal |
| C | Respondent Information for Service by Sheriff & Page One of Petition |
| D-1 | Cover Email from Attorney Bear |
| D-2 | Proposal from Ian Goodman |
| D-3 | Affidavit of Attorney Bear |
| D-4 | Message from Ian Goodman |
| E | YES Energy Utility Bill |
| F-1 | Draft Lee Letter -- Email |
| F-2 | Attached Offer to Purchase |
| G | Public Release of Information – Goodman Evidence.zip |
| H | Recordings Request & Response |
| I | Evidence Request & Bear's Response |
| J-1 | Opposition Memorandum |
| J-2 | City Assessor Record – 1430 Ellen Avenue |
| K | Service Address Request & Conditioning |
| L | Defendant's Motion to Strike Filings |
| M | Decision and Order on Motion to Reopen |
| N | Notice of Hearing |
| O | Email from Attorney Porter with Petitions |
| P | Petitioners' Hearing Exhibits |
| Q | Notice of Special Appearance and Objection |
| R | Post-Hearing Preservation Statement |
| S | Motion for Judicial Recusal |
| T | Supervisory Writ Denial |
| U | Objection to Informal Email Service |
| V | Decision on Motions |
| W-1 | Certified Docket Record – Case 2023CV002927 |
| W-2 | Certified Docket Record – Case 2023CV002928 |

## XIII. JURY DEMAND

291. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable. Plaintiff requests that this matter be tried before a jury of twelve (12) persons.

## XIV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment in his favor and against Defendants, jointly and severally, and award the following relief:

**A. Declaratory Relief: Clarification of Rights and Invalidity of Void Orders**

   i) Declare that all injunction orders entered in Dane County Circuit Court Case No. 2023CV002927 are **void ab initio** for lack of lawful service and jurisdiction.

   ii) Declare that service by email or P.O. Box, absent stipulation or court order, is not valid under Wisconsin law or constitutional due process.

   iii) Declare that Plaintiff's equal co-ownership rights under the November 1, 2021 Co-Ownership Agreement remain intact, and that "primary resident" is a liability allocation term only.

   iv) Declare that settlement agents and title companies must segregate loan applications from closing packets to prevent unauthorized disclosure.

**B. Compensatory Damages: Restoring Plaintiff for Actual Losses**

   i) Award compensatory damages for financial loss, litigation expenses, loss of professional work time, impaired credit and mortgage exposure, reputational injury, and harm from misuse of Plaintiff's personal and financial data.

**C. Treble Damages under Civil RICO: Statutory Multiplication of Losses**

i) Pursuant to 18 U.S.C. § 1964(c), treble all damages sustained by Plaintiff as a result of Defendants' racketeering activity, including extortion, wire fraud, obstruction of justice, witness tampering, perjury, and identity misuse.

### D. Punitive Damages: Deterrence and Sanction for Malicious Conduct

i) Award punitive damages sufficient to punish Defendants' willful, malicious, and fraudulent actions and deter similar misconduct in future cases.

### E. Equitable Relief: Removal of Tainted Orders and Protection of Records

i) Rescind and expunge all void injunctions, filings, and orders entered without jurisdiction.

ii) Enjoin Defendants from further misuse or circulation of Plaintiff's confidential financial records, including his Uniform Residential Loan Application.

iii) Grant such equitable oversight or safeguards as the Court deems necessary to prevent recurrence of service manipulation and identity misuse.

### F. Attorney's Fees and Costs: Fee-Shifting for Racketeering and Equity

i) Award Plaintiff his reasonable attorney's fees, expert fees, and costs of suit as authorized under civil RICO, along with any additional costs and relief that justice requires.

---

## XV. VERIFICATION

I, Lee Drone, am the Plaintiff in the above-entitled action. I have read the foregoing Verified Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**Executed:** October 31, 2025

Respectfully submitted,

**Lee Drone**
3964 Rivermark Plaza, Unit #2514
Santa Clara, CA 95054
*Plaintiff*

