UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE DRONE,<br><br>               Plaintiff,<br><br>          v.<br><br>PETER D. BEAR, et al.,<br><br>               Defendants. | Case No.  25-cv-09583-EKL<br><br>**ORDER DISMISSING-IN-PART AND TRANSFERRING-IN-PART FOR IMPROPER VENUE**<br><br>Re: Dkt. Nos. 10, 15, 35 |

Before the Court is Defendant Dane County Title Company's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), (b)(3), and (b)(6).  ECF No. 15.[1]  The Title Company's Rule 12(b)(3) motion is GRANTED because venue is improper in the U.S. District Court for the Northern District of California.  This Order assumes the reader's familiarity with the facts, applicable legal standard, and arguments made by the parties.

### A.     Improper Venue

The Title Company moves to dismiss based on improper venue.[2]  Venue is proper in a judicial district under three circumstances:  (1) when a defendant resides in the district, if all defendants are residents of the state in which the district is located; (2) when a substantial part of

---

[1] In its discretion, the Court finds this motion suitable for resolution without oral argument.  Fed. R. Civ. P. 78(b); Civil L.R. 7-1(b).

[2] The Title Company also moves to dismiss based on lack of personal jurisdiction.  Although the question of personal jurisdiction is "typically decided in advance of venue," the Court may "reverse the normal order of considering personal jurisdiction and venue" when there is a "sound prudential justification for doing so."  *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979); *see also Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 432 (2007) ("A district court . . . may dispose of an action by a *forum non conveniens* dismissal, bypassing questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant.").  Here, there is a prudential reason for deciding venue, without reaching personal jurisdiction, because "it is . . . clear that venue [is] improper," as explained in this Order.  *Leroy*, 443 U.S. at 181.

United States District Court<br>Northern District of California

United States District Court
Northern District of California

the events giving rise to the claim occurred, or a substantial part of property that is subject to the action is situated, in the district; or, (3) if there is no district that satisfies (1) or (2), a judicial district in which any defendant is subject to personal jurisdiction. *See* 28 U.S.C. § 1391(b). None of these circumstances are met here.

First, none of the defendants in this action reside in California. The Title Company is a Wisconsin corporation with its principal place of business in Madison, Wisconsin. Compl. ¶ 30, ECF No. 1. Defendant Ian E. Goodman resides in Madison, Wisconsin. *Id.* ¶ 29. Defendants Peter D. Bear and Allen S. Porter are attorneys licensed to practice law in the State of Wisconsin, and Bear is a former member of the Wisconsin State Senate, indicating that each is a resident of Wisconsin. *Id.* ¶¶ 28, 32. And Defendant Hon. Ryan D. Nilsestuen is a judge on the Dane County Circuit Court, indicating that he, too, is a resident of Wisconsin. *Id.* ¶ 31. Accordingly, the Defendants' residences do not support venue in this Court. *See* 28 U.S.C. § 1391(b)(1).

Second, a substantial part of the events or omissions giving rise to the claims did not occur, and a substantial part of the property that is the subject of this action is not situated, in the Northern District of California. *See* 28 U.S.C. § 1391(b)(2). The complaint alleges "a coordinated pattern of extortion, fraud, and procedural manipulation affecting Plaintiff[] [Lee Drone's] ownership interest in [a] property located at 1430 Ellen Avenue, Madison, Wisconsin" (the "Wisconsin Property"), and the complaint seeks declaratory relief stating that Drone has equal co-ownership rights in the Wisconsin Property. Compl. ¶¶ 1, 276. Meanwhile, the allegations as to each of the Defendants concerns conduct in Wisconsin: The Title Company allegedly mishandled sensitive documents during closing on the Wisconsin Property, *id.* ¶ 3; Bear, Goodman, and Porter transmitted letters concerning the Wisconsin Property using "interstate email," indicating that the correspondence was not prepared or sent in California, *id.* ¶¶ 4-5; and Goodman filed a harassment lawsuit that was overseen by Judge Nilsestuen in Wisconsin state court, *id.* ¶¶ 7, 16.

The only allegation in the complaint regarding conduct in California is that, sometime in 2021, Goodman visited Drone in California to discuss the Wisconsin Property and related loan arrangements. *Id.* ¶ 25. However, the 2021 trip is not the basis for any claim in the complaint and the claims against Goodman concern alleged wrongdoing on and after November 1, 2023. *Id.*

2

¶ 157.  Drone also argues that that "[t]he [c]omplaint pleads facts relevant to venue by alleging that [he] suffered the resulting injury in California."  Opp. to Mot. to Dismiss ¶¶ 13-15, ECF No. 19.  But where Drone happened to read email correspondence and court orders is not where the events giving rise to the lawsuit occurred.  Thus, the events and property at issue are situated in Wisconsin, not California.  *See* 28 U.S.C. § 1391(b)(2).

Third, there is an alternative district that satisfies both Sections 1391(b)(1) and (b)(2):  the Western District of Wisconsin.  *See* 28 U.S.C. § 1391(b)(3).  Each Defendant is a resident of Wisconsin, and at least two Defendants – the Title Company and Goodman – reside in Madison, Wisconsin, which is in the Western District.  *See* Compl. ¶¶ 28-32; *see also* 28 U.S.C. § 1391(b)(1).  Additionally, a substantial part of the events giving rise to the action occurred in Wisconsin.  *See* 28 U.S.C. § 1391(b)(2).  Thus, venue is proper in the Western District of Wisconsin, which precludes venue in the Northern District of California under Section 1391(b)(3).

Accordingly, venue is not proper as to the Title Company in the Northern District of California on any basis under 28 U.S.C. § 1391.

**B.     Transfer Pursuant to 28 U.S.C. § 1406(a)**

Because venue is improper, the Court can either "dismiss, or if it be in the interest of justice, transfer [the] case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  "Generally, the interest of justice requires transferring such cases to the appropriate judicial district rather than dismissing them."  *Mathis v. Geo Grp., Inc.*, 535 F. Supp. 2d 83, 86 (D.D.C. 2008).  However, courts will dismiss, rather than transfer, "claims against . . . defendants who are immune from suit" because transfer would be futile.  *Harris v. U.S. Att'y Gen.*, No. 2:19-cv-01397-AG-JDE, 2019 WL 4180015, at *6 (C.D. Cal. June 21, 2019).

Pending before the Court is Judge Nilsestuen's motion to dismiss based on judicial immunity.  *See* ECF No. 35.  "Judges are immune from damage actions for judicial acts taken within the jurisdiction of their courts."  *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986).  This immunity is "overcome in only two sets of circumstances."  *Mireles v. Waco*, 502 U.S. 9, 11 (1991).  First, a "judge lacks immunity where he acts in the clear absence of all jurisdiction."  *Ashelman*, 793 F.2d at 1075 (citation modified).  "To determine if the judge acted with

3

jurisdiction, courts focus on whether the judge was acting clearly beyond the scope of subject matter jurisdiction in contrast to personal jurisdiction." *Id.* at 1076. Here, it is undisputed that Judge Nilsestuen had subject matter jurisdiction. Instead, "[t]he [c]omplaint alleges conduct undertaken [by Judge Nilsestuen] in the absence of lawful authority over Plaintiff," which challenges personal jurisdiction over Drone and therefore is not a basis for denying judicial immunity. Opp. to Mot. to Dismiss at 4, ECF No. 41.

Second, a judge lacks immunity if he "performs an act that is not 'judicial' in nature." *Ashelman*, 793 F.2d at 1075 (citation omitted). To determine whether an act is judicial in nature, courts consider "whether (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity." *Id.* at 1075-76; *see also Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001). Drone alleges that "in several instances [Judge Nilesestuen's conduct] constituted procedural manipulation rather than legitimate judicial acts." Compl. ¶ 153. But each act of alleged wrongdoing by Judge Nilsestuen was a normal judicial function that occurred in the course of presiding over a state harassment lawsuit. *See id.* ¶ 152 (alleging "[s]pecific acts demonstrating the absence of jurisdiction" including finding waiver of personal jurisdiction, issuing hearing notices, denying motions, and deciding whether service was sufficient); *see also id.* ¶¶ 31, 119-128, 132-134, 142-147, 226-232, 238-241 (alleging that Judge Nilsestuen "exercised judicial power"). Thus, the acts in question were all judicial in nature and therefore subject to judicial immunity. Accordingly, transferring the claims for damages against Judge Nilsestuen would be futile because they are barred by judicial immunity.

In contrast, it is in the interest of justice to transfer Drone's remaining claims under 28 U.S.C. § 1406(a).[3] Although the Title Company requests dismissal, the circumstances of this case do not warrant departing from the general rule favoring transfer. *See Mathis*, 535 F. Supp. 2d

---

[3] Because judicial immunity bars only suits for damages, *see Ashelman*, 793 F.2d at 1075, the claims against Judge Nilsestuen for declaratory relief are transferred rather than dismissed, *see* Compl. ¶¶ 280-82. Accordingly, this Order is not dispositive as to Judge Nilsestuen.

at 86. Instead, transfer is in the interest of justice because it "would save [the] *pro se* plaintiff 'the time and expense of refiling this lawsuit in a different district.'" *Gage v. N.J. Dep't of Env't Prot.*, No. 1:22-cv-0944 (CJN), 2023 WL 6292788, at *2 (D.D.C. Sep. 27, 2023) (citation omitted).

The fact that only the Title Company challenged venue does not alter this analysis. When venue is improper for at least one defendant, "a district court, in its discretion, may transfer the entire case to a venue where venue is proper for all defendants." *McCoy v. McCormick*, No. 3:22-cv-157-SB, 2022 WL 2438335, at *2 (D. Or. July 5, 2022) ("[E]ven though some Defendants have waived their objections to venue, the Court finds it appropriate to transfer the *entire* case to [a jurisdiction] . . . where venue is proper for all Defendants."); *Gage*, 2023 WL 6292788, at *1-2 (transferring case even though some defendants forfeited venue objections); *Duarte v. Cal. Hotel & Casino*, No. 08-00185 JMS/LEK, 2009 WL 4668739, at *2 n. 6, *4-5 (D. Haw. Dec. 4, 2009) (same); *see also* 14D *Wright & Miller's Federal Practice & Procedure* § 3827 (4th ed. 2026) ("If venue is proper for some defendants but improper for others, the district court has wide discretion."). Here, it is appropriate to transfer the entire case because the complaint asserts RICO conspiracy claims against the Title Company, Goodman, Bear, and Porter, which will be most efficiently adjudicated in one forum due to the interconnected nature of the claims. *See, e.g.*, Compl. ¶ 258.

* * *

In sum, the Title Company's motion is GRANTED and Judge Nilsestuen's motion is GRANTED-IN-PART. The Court DISMISSES the claims for damages against Judge Nilsestuen without leave to amend. The remaining claims are TRANSFERRED to the U.S. District Court for the Western District of Wisconsin. The other Defendants' pending motions to dismiss are terminated as moot without prejudice to refiling in the Western District of Wisconsin.

**IT IS SO ORDERED.**

Dated: June 1, 2026

Eumi K. Lee
United States District Judge

United States District Court
Northern District of California

5