IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LEE DRONE,

Plaintiff,

v. Case No. 26C0511

PETER BEAR, et al.,

Defendants.

---

**BRIEF IN SUPPORT OF MOTION TO DISMISS REMAINING CLAIMS AGAINST JUDGE NILSESTUEN**

---

## INTRODUCTION

In support of his Motion to Dismiss, Defendant Judge Nilsestuen submits the following brief. The California District Court dismissed all claims for damages against Judge Nilsestuen when it transferred this matter. Any remaining claims against Judge Nilsestuen should now be dismissed because Plaintiff has failed to plead facts sufficient to state a claim against Judge Nilsestuen and the *Rooker-Feldman* and *Younger* doctrines direct this court to forego considering such claims, which seek to have this Court overrule the state court's decisions.

## RELEVANT FACTS AND PROCEDURAL HISTORY

### I. Well pleaded facts accepted.

For the limited purpose of this motion, Judge Nilsestuen accepts as true all well pleaded facts.

## II. Procedural History

The California District Court, in transferring this matter to the District Court for the Western District of Wisconsin dismissed all claims for damages against Judge Nilsestuen. The surviving allegations (if any) involving Judge Nilsestuen stem from "a normal judicial function that occurred in the course of presiding over a state harassment lawsuit." *See,* Northern District of California Circuit Court Order Dismissing-in-Part and Transferring-in-Part.

Further, Plaintiff has filed two appeals that have been consolidated under Wisconsin Court of Appeals Case No. 25-AP-001530, which relate to a case underlying this action and another related case (Dane County Case Nos. 23-CV-002928 and 23-CV-002927). The appeal is active and, when ruled upon, the Court of Appeals will return those two cases to the Dane County Circuit Court for further adjudication.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." A motion to dismiss tests the sufficiency of the complaint; it does not determine the merits of the lawsuit. *See Triad Assocs., Inc. v. Chicago Hous. Auth.,* 892 F.2d 583, 586 (7th Cir. 1989). To survive a Rule 12(b)(6) challenge, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that it "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 545 (2007) (citation omitted).

Deciding a motion to dismiss, courts must accept the factual allegations as true, *see id.* at 572, in the light most favorable to the plaintiff. *Lavalais v. Vill. of Melrose Park,* 734 F.3d 629, 632 (7th Cir. 2013). However, a complaint cannot simply contain "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Rather, it must include specific allegations that, if true, make the plaintiff's claim for relief more than speculative. *See Twombly,* 550 U.S. at 555.

## ARGUMENT

Taken on its face, Plaintiff has failed to allege facts that would support a prima facie claim against Judge Nilsestuen and, even if Plaintiff had alleged facts, federal doctrines direct this Court to refrain from considering his claims because they would interfere with rulings in an ongoing state court action.

### I. Failure to state a prima facie claim against Judge Nilsestuen.

Plaintiff's Complaint alleges that Judge Nilsestuen issued orders and made rulings which the California District Court found were "a normal function that occurred in presiding over a state court harassment lawsuit." Even if those orders were incorrect, there is no cause of action that would grant plaintiff relief herein. Plaintiff's complaint therefore fails to state a claim against Judge Nilsestuen and he should therefore be dismissed from this action.

### II. The *Younger Doctrine* directs federal courts not to interfere with ongoing state court litigation.

The Younger Doctrine provides that Federal Courts should not interfere with ongoing state court actions, except under very limited circumstances that do not apply

here. *Younger v. Harris*, 401 U.S. 37, 43 (1971). *Younger* and its progeny "require federal courts to abstain from enjoining ongoing state proceedings that are (1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances—like bias or harassment—exist which auger against abstention." *Majors v. Engelbrecht*, 149 F.3d 709, 711 (7th Cir.1998) (*citing Middlesex County Ethics Comm. v. Garden State Bar Assoc.*, 457 U.S. 423, 429, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982)).

Here, the factors are readily met: (1) Plaintiff's Complaint makes it clear that he is protesting judicial decisions made in a civil case involving property located in Madison, Wisconsin; (2) Property rights stem from state laws, among other sources, and are therefore an important state interest;[1] and (3) Plaintiff's complaint makes no factual allegations that support a claim that he could not have addressed his constitutional claims in his circuit court case or in his appeal with the state court system; and (4) the final factor is met as well because Plaintiff can allege no facts that support his claims of bias on the part of Judge Nilsestuen. To the extent that Plaintiff's Complaint alleges that Judge Nilsestuen is somehow biased because of

[1] *See*, *Bell v. City of Country Club Hills,* 841 F.3d 713, 717 (7th Cir. 2016), stating, "Property interests are not created by the Constitution but rather 'they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law.'"

adverse rulings, that is simply not sufficient. [2] For this reason, the Court should abstain from considering Plaintiff's Complaint pursuant to the *Younger Doctrine*.

### III. The *Rooker-Feldman Doctrine*

The Rooker-Feldman Doctrine prohibits federal district courts from reviewing civil judgments entered by state courts. *Harold v. Steel*, 773 F.3d 884, 885 (7th Cir. 2014). *Rooker-Feldman* applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, (2005). The doctrine is limited to federal claims that "'directly' challenge a state court judgment or are 'inextricably intertwined with one.'" *Andrade v. City of Hammond*, 9 F.4th 947, 950 (7th Cir. 2021) (quoting *Swartz v. Heartland Equine Rescue*, 940 F.3d 387, 391 (7th Cir. 2019)). The Rooker-Feldman doctrine prohibits this district court from reviewing such state court decisions "even if those challenges allege that the state court's action was unconstitutional." *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 486 (1983).

Here, Plaintiff is dissatisfied with the rulings of the state circuit court and is seeking the review of state court orders and other documents that are inextricably

[2] *See*, *Majors v. Engelbrecht*, 149 F.3d 709, 712, 1998 WL 409882 (7th Cir. 1998), providing: "The judge noted that Majors' *evidence* of bias (the way emergency suspension hearings were conducted and some unfavorable evidentiary rulings made) wasn't nearly enough to win at trial."

intertwined with a future judgment and is prohibited by the Rooker-Feldman doctrine.

## CONCLUSION

The California District Court previously dismissed all claims for damages against Judge Nilsestuen. This Court should now dismiss any remaining claims against Judge Nilsestuen because Plaintiff's complaint has failed to state a claim against him and, even if it had, the *Younger* and *Rooker-Feldman* doctrines direct this Court not to interfere with ongoing state court actions or act as a court of appeals for the state court's rulings.

Dated August 27, 2026.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

Electronically signed by:

s/ Daniel B. Peters
DANIEL B. PETERS
Assistant Attorney General
State Bar #1132126

Attorneys for Nilsestuen

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 264-6218
(608) 294-2907 (Fax)
daniel.peters@wisdoj.gov