**In the UNITES STATES DISTRICT COURT**
**for the WESTERN DISTRICT OF WISCONSIN**

---

| | | |
|---|---|---|
| LEE DRONE, | * | |
| Plaintiff, | * | |
| -vs- | * | Case No. 26 CV 511 |
| PETER D. BEAR, IAN E. GOODMAN,<br>DANE COUNTY TITLE COMPANY,<br>RYAN D. NILSESTUEN (individual capacity),<br>JUDGE RYAN D. NILSESTUEN (official capacity),<br>and ALLEN S. PORTER, | *<br><br>*<br><br>* | |
| Defendants. | * | |

---

**DEFENDANTS PETER BEAR, IAN GOODMAN AND ALLEN STEVEN PORTER'S BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

---

Defendants Peter Bear, Ian Goodman and Allen S. Porter, by their attorney, A. Steven Porter (who is also defendant Allen S. Porter) have moved the Court, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, for an Order dismissing plaintiff Lee Drone's Complaint for failure to state a claim upon which relief can be granted. Plaintiff's 144-page Complaint alleges 129 "Counts" purporting to assert claims against defendants under 42 U.S.C. § 1983 and the federal civil RICO statute, 18 U.S.C. §§ 1961-1964. However, plaintiff fails to allege specific facts sufficient to establish that defendants are state actors or that they acted under color of state law, as required for a claim under 42 U.S.C. § 1983. And, plaintiff fails to allege specific facts sufficient to establish the existence of or defendants'

participation in a conspiracy in the nature of a racketeering enterprise. Plaintiff has not alleged facts that would support an inference that the acts of Bear, Goodman and Porter of which he complains are anything more than ordinary communications that parties and attorneys routinely engage in in negotiating and litigating legal disputes. There are no specific facts alleged that would support an inference of "racketeering" or criminal enterprise.

I. Plaintiff Has Not Stated a Claim for Relief Under 42 U.S.C. § 1983.

An essential ingredient of a claim under 42 U.S.C. § 1983 is that the defendant acted under color of state law. *Flagg Brothers v. Brooks*, 436 U.S. 149, 155 (1978). The Fourteenth Amendment imposes limitations only on state action; it does not reach the conduct of private parties, no matter how discriminatory or harmful. *Am. Mfrs. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999)( § 1983 is not implicated by "merely private conduct, no matter how discriminatory or wrongful.")

State action for § 1983 purposes does not require that the defendant be an officer of the State. *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980). It is enough that he is a willful participant in joint action with the State or its agents. *Id*. However, merely resorting to the courts and being on the winning side of a lawsuit, as plaintiff alleges in his Complaint, does not make a party a co-conspirator or a joint actor with the judge. *Id*. There must be allegations that an official act or decision of the judge was the product of a corrupt conspiracy involving unlawful overt acts of the private defendants, such as bribery of the judge. *Id*.

None of the actions alleged in plaintiff's Complaint to have been taken by defendants Bear, Goodman and Porter arise to the level of unlawful acts in furtherance of a conspiracy with Judge Nilsestuen to deprive plaintiff of life, liberty or property. The acts alleged are simply the ordinary communications, legal filings and process that parties and attorneys routinely engage in in negotiating and litigating legal disputes. Plaintiff's Complaint contains no allegations that defendants bribed the judge, engaged in *ex parte* communications with judge or any other specific facts sepicting actions outside the ordinary conduct of litigation that would support any inference of an attempt by defendants to improperly influence a judge.

Plaintiff's Complaint with its 129 "counts" enumerates a plethora of specific actions allegedly taken by the defendants, most of which plaintiff alleges violated his right to procedural due process as guaranteed by the Fourteenth Amendment. But, as private actors, defendants are not bound by the Fourteenth Amendment. And, plaintiff alleges no facts that would even remotely come near to allowing an inference that defendants, in committing the acts complained of, did so in collusion with Judge Nilsestuen to further an unlawful conspiracy to deprive plaintiff of any rights guaranteed to him by the Fourteenth Amendment or any other Constitutional provision.

Thus, plaintiff's complaint fails to state a claim under 42 U.S.C. § 1983 against defendants Bear, Goodman or Porter.

## II. Plaintiff Has Not Stated a Civil RICO Claim for Relief Under 18 U.S.C. §§ 1961-1964.

Plaintiff has filed this action invoking the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968, in a transparent and legally deficient attempt to transform an ordinary property dispute, which is currently being litigated in state court, into a federal case.

The civil RICO remedy is powerful and punitive — Congress designed it to combat organized criminal enterprises, not to provide an enhanced federal remedy as leverage for plaintiffs regarding issues and claims that are being adequately addressed in pending state cases. Courts in this Circuit have therefore consistently demanded strict compliance with RICO's rigorous pleading requirements and have dismissed claims that fail to satisfy them.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible only when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility is not probability, but it requires more than "a sheer possibility that a defendant has acted unlawfully." *Id.*

This Court must accept as true all well-pleaded factual allegations, but it is not required to accept legal conclusions, conclusory statements, or "[t]hreadbare

recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* The Seventh Circuit has made clear that a plaintiff cannot satisfy the Twombly/Iqbal standard by parroting statutory language or reciting bare legal conclusions. *Thulin v. Shopko Stores Operating Co.*, 771 F.3d 994, 997 (7th Cir. 2014); *Vesely v. Armslist LLC*, 762 F.3d 661, 664–65 (7th Cir. 2014).

Plaintiff's Complaint fails on every essential element of a cognizable § 1962(c) civil RICO claim. Specifically: (1) plaintiff does not plead facts sufficient to establish that defendants have engaged in a qualifying RICO enterprise; (2) plaintiff does not allege a "pattern of racketeering activity" — the purported predicate acts are those characteristic of only an ordinary property dispute, which is currently being litigated in state court; (3) plaintiff's fraud-based predicate acts are pleaded in the vague, group-pleading manner the Seventh Circuit has repeatedly condemned as insufficient under Federal Rule of Civil Procedure 9(b); (4) plaintiff lacks RICO standing because the alleged injuries do not flow directly from the alleged predicate acts but instead result from the intervening decisions of an independent judicial decision making process.

For civil RICO claims that rest on predicate acts of fraud or coercion — as here — the heightened pleading standard of Federal Rule of Civil Procedure 9(b) applies. Rule 9(b) requires that a party "alleging fraud or mistake . . . state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The Seventh Circuit has consistently applied Rule 9(b) to RICO claims premised on mail fraud, wire fraud and other types of fraud or extortion, requiring the plaintiff

to plead the "who, what, when, where, and how" of each alleged fraudulent act with specificity. *Midwest Grinding Co. v. Spitz*, 976 F.2d 1016, 1020 (7th Cir. 1992). General averments of a fraudulent "scheme," untethered to specific communications, dates, or representations indicating they are of a criminalor fraudulent nature, do not satisfy Rule 9(b) and cannot support a civil RICO claim.

That any of the specific allegations of the Complaint could be considered to allege actions constituting fraud is simply preposterous. For example, the Complaint alleges at paragraph 257 that defendant Porter committed criminal "wire fraud" by "interstate email transmissions of petitions and exhibits as substitutes for lawful service and represented such transmissions as valid notice, furthering a scheme to obtain favorable orders without due-process compliance" refers to nothing more than Attorney Porter doing plaintiff the courtesy of providing him with exhibits he may introduce at an upcoming hearing by email in advance. The allegation cites no rule, law or scheduling order or other court order that was contravened by that action –and, certainly none of a criminal nature. And, he does not elucidate how Porter serving the exhibits on plaintiff constituted a fraud in any respect or how it might constitute more of a fraud than faxing, mailing or otherwise transmitting the exhibits to plaintiff would have been. Nor does he elucidate how Porter providing plaintiff with hearing exhibits in advance resulted in a deprivation of plaintiff's due process rights under the Fourteenth Amendment. Finally, plaintiff does not allege any specific facts that would establish Porter's utterly innocent

action as part of a criminal enterprise comprised of his client and his co-counsel in the underlying litigation, as distinct from the innocent actions of a litigation team.

The entire Complaint is composed of nothing but similarly ridiculous and extravagant allegations against each of the defendants that in no way indicate wrongdoing, criminal acts, a criminal enterprise, racketeering or any Constitutional violations.

Plaintiff's Complaint must be dismissed because it utterly fails to state any claim for which relief can be granted.

Respectfully submitted this 27th day of August, 2026.

__/s/ A. Steven Porter__________________

A. Steven Porter
State Bar No. 1000195
Attorney for Defendants
Peter Bear, Ian Goodman and himself, Allen Steven Porter

P.O. Box 7093
Madison, Wisconsin 53707
(608) 662-2285
Fax: (608) 819-6466
(608) 698-9319 (cell)
asp5949@gmail.com