Lee Drone
3964 Rivermark Plaza #2514
Santa Clara, CA 95054
Phone Number: (408) 510-8639
Fax Number: (650) 523-9988

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| LEE DRONE<br>Plaintiff,<br><br>vs.<br><br>PETER D. BEAR ET AL.,<br>Defendants. | Case No.: 3:26-cv-00511-JDP<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS PETER BEAR, IAN GOODMAN, AND ALLEN STEVEN PORTER'S MOTION TO DISMISS** |

## I. INTRODUCTION AND SCOPE OF OPPOSITION

Defendants Bear, Goodman, and Porter move to dismiss under Federal Rule of Civil Procedure 12(b)(6), challenging Plaintiff's claims under 42 U.S.C. § 1983 and the civil provisions of RICO. This Opposition is limited to whether Defendants have established a basis for dismissal under Rule 12(b)(6). At this stage, the Court accepts well-pleaded factual allegations as true and draws reasonable inferences in Plaintiff's favor. Defendants' competing characterizations of the alleged conduct do not substitute for the Rule 12 inquiry.

Plaintiff therefore does not engage the underlying factual merits or respond point-by-point to Defendants' characterization of the events alleged. The issue presented is whether the grounds Defendants actually invoke establish failure to state a claim. They do not.

---

## II. DEFENDANTS DO NOT ESTABLISH FAILURE TO STATE A CLAIM UNDER 42 U.S.C. § 1983

### A. Private Status Does Not Itself Dispose of the Joint-Action Theory

Defendants contend that the § 1983 claims fail because Bear, Goodman, and Porter are private parties. Private status, however, is not dispositive where a private party is alleged to have been a "willful participant in joint action with the State or its agents." A private party participating in such joint action acts under color of state law for purposes of § 1983.

⇒ *See Dennis v. Sparks,* 449 U.S. 24, 27–29 (1980).

Dennis further held that private persons alleged to have participated jointly with a judge acted under color of state law notwithstanding the judge's immunity from damages. The relevant inquiry therefore is not merely whether Defendants are private parties, but whether the Complaint alleges facts sufficient to state the joint-action theory on which Plaintiff's § 1983 claims are based.

**B. Dennis Does Not Make Bribery or Ex Parte Communications Categorical Pleading Requirements**

Defendants emphasize that the Complaint does not allege bribery or ex parte communications with Judge Nilsestuen. But neither circumstance is the legal test stated in Dennis. The governing inquiry is whether the private party was a willful participant in joint action with the State or its agents.

⇒ *See Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980).

Although Dennis involved allegations of bribery, the Supreme Court stated the governing rule in terms of willful participation in joint action with the State or its agents, not bribery as a separate element. Nor do Defendants identify authority making an ex parte communication a categorical prerequisite to pleading joint action under § 1983. Accordingly, the absence of allegations of bribery or ex parte communications does not, standing alone, establish that the Complaint fails to plead joint action under § 1983.

**C. Defendants' "Ordinary Litigation" Characterization Does Not Resolve the Pleading Question**

Defendants correctly observe that merely resorting to the courts and prevailing in litigation does not, without more, make a private party a joint actor with a judge. *Dennis*, 449 U.S. at 28. Plaintiff's § 1983 claims, however, do not rest merely on Defendants' participation in litigation or receipt of favorable judicial rulings; they rest on the Complaint's allegations of joint participation.

Defendants characterize the conduct alleged in the Complaint as nothing more than ordinary communications, filings, and litigation activity and contend that those allegations permit no inference of joint action. The Rule 12(b)(6) question is whether the well-pleaded factual allegations, considered as a whole and with reasonable inferences drawn in Plaintiff's favor, plausibly state the joint-action theory alleged—not whether Defendants' characterization of the underlying events is ultimately correct.

Accordingly, Defendants' characterization of the alleged conduct as ordinary litigation activity does not itself establish failure to state the § 1983 joint-action claim.

## III. DEFENDANTS DO NOT ESTABLISH FAILURE TO STATE A CIVIL RICO CLAIM

Defendants contend that the civil RICO claims fail for lack of an enterprise, a pattern of racketeering activity, sufficient particularity, and injury and causation. Those asserted deficiencies must be evaluated under Rule 12(b)(6), which tests the sufficiency of the claims pleaded rather than Defendants' competing characterization of the alleged conduct. The Court accepts well-pleaded factual allegations as true and draws reasonable inferences in Plaintiff's favor.

### A. Defendants Do Not Establish the Asserted Enterprise or Pattern Deficiencies

An association-in-fact enterprise requires a purpose, relationships among those associated with it, and sufficient longevity to permit the associates to pursue the enterprise's purpose. It does not require a formal hierarchy, fixed roles, or other formal organizational structure.

⇒ *See Boyle v. United States*, 556 U.S. 938, 946, 948 (2009).

A RICO pattern requires qualifying predicate acts that are related and amount to, or pose a threat of, continued criminal activity.

⇒ *See H.J. Inc. v. Northwestern Bell Telephone Co*., 492 U.S. 229, 237–39 (1989).

Defendants assert that the allegations are insufficient to establish an enterprise or pattern. But the Complaint's allegations must be evaluated under the standards stated in Boyle and H.J. Inc., and Defendants do not establish that those allegations, taken as true and with reasonable inferences drawn in Plaintiff's favor, fail to plausibly satisfy those standards. To the extent Defendants' argument depends upon competing characterizations of the alleged participants or conduct, those characterizations do not establish a pleading deficiency under Rule 12(b)(6).

### B. Defendants Do Not Establish a Particularity Deficiency

Defendants contend that the fraud-based allegations lack particularity and constitute impermissible group pleading. But the Complaint does not plead the alleged fraud predicates solely as undifferentiated allegations against Defendants collectively. The predicate allegations identify particular actors, communications or conduct, dates or time periods, and the alleged role of the identified participants, while incorporating the underlying factual allegations on which those predicates are based.

Defendants therefore do not establish a particularity deficiency merely by characterizing the alleged communications or conduct differently from the Complaint. To the extent Defendants' argument depends upon competing factual characterizations of the nature, purpose, or significance of that conduct, Plaintiff does not engage those matters for the reasons addressed in Section IV below.

**<u>C. Defendants Do Not Establish Failure to Allege Civil RICO Injury or Causation</u>**

Civil RICO requires injury to business or property "by reason of" a RICO violation, which requires both but-for and proximate causation, including a sufficiently direct relationship between the alleged violation and injury.

⇒ *See Ratfield v. United States Drug Testing Laboratories, Inc.,* 140 F.4th 849, 855 (7th Cir. 2025).

Defendants contend that Plaintiff's alleged injuries resulted from independent judicial decisions rather than the alleged RICO violations. That argument must be evaluated from the allegations of the Complaint, with well-pleaded facts accepted as true and reasonable inferences drawn in Plaintiff's favor. Defendants' characterization of the judicial decisions as independent intervening causes does not itself establish that the causal relationship alleged in the Complaint is insufficient under the directness requirement.

Defendants therefore have not established that the civil RICO claims fail to state a claim on the causation ground asserted.

---

**IV. PLAINTIFF DOES NOT ENGAGE DEFENDANTS' FACTUAL-MERITS NARRATIVE**

Defendants' motion includes characterizations of the nature, purpose, meaning, and legal significance of the conduct alleged in the Complaint. Plaintiff does not respond point-by-point because those factual merits are not themselves presented for adjudication on this motion and are unnecessary to resolution of Defendants' Rule 12(b)(6) arguments.

Plaintiff's restraint does not constitute agreement with, adoption of, or waiver concerning Defendants' factual characterizations. Plaintiff disputes characterizations inconsistent with the

Complaint but confines this Opposition to the grounds Defendants actually invoke and the matters necessary to resolve them.

To the extent Defendants' arguments depend upon factual inferences unfavorable to Plaintiff, those inferences are inconsistent with the Rule 12(b)(6) standard, under which well-pleaded factual allegations are accepted as true and reasonable inferences are drawn in Plaintiff's favor.

⇒ *See Lavalais v. Village of Melrose Park,* 734 F.3d 629, 632 (7th Cir. 2013).

---

**V. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants Peter Bear, Ian Goodman, and Allen Steven Porter's Motion to Dismiss.

---

Dated: September 17, 2026

Respectfully submitted,



Lee Drone
3964 Rivermark Plaza, Unit #2514
Santa Clara, CA 95054
*Plaintiff, Pro Se*

