Lee Drone
3964 Rivermark Plaza #2514
Santa Clara, CA 95054
Phone Number: (408) 510-8639
Fax Number: (650) 523-9988

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| LEE DRONE<br>Plaintiff,<br><br>vs.<br><br>PETER D. BEAR ET AL.,<br>Defendants. | Case No.: 3:26-cv-00511-JDP<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT NILSESTUEN'S MOTION TO DISMISS** |

## I. INTRODUCTION AND SCOPE OF OPPOSITION

Defendant Nilsestuen moves to dismiss the claims remaining against him following transfer from the Northern District of California under Rule 12(b)(6), Younger abstention, and Rooker-Feldman. The transfer order did not separately identify or dismiss any individual count involving Nilsestuen. Rather, the disposition as to Nilsestuen was drawn by remedy: the court dismissed the claims for damages on judicial-immunity grounds, transferred the claims for declaratory relief, and expressly stated that its order was "not dispositive as to Judge Nilsestuen." Defendant nevertheless characterizes the remaining claims principally as dissatisfaction with adverse state-court rulings. The Complaint instead pleads identified conduct and corresponding constitutional claims arising from the procedural events alleged.

The factual merits of the underlying harassment allegations are not presented here. Separately, the Complaint does not ask this Court to rehear or adjudicate the factual merits underlying the Wisconsin harassment injunction proceedings. Although the Complaint seeks, among other relief, a declaration that the challenged injunctions are void ab initio for lack of personal jurisdiction and violation of procedural due process, Plaintiff does not ask this Court to redetermine the truth of the underlying harassment allegations or whether those allegations factually warranted issuance of an injunction.

## II. YOUNGER ABSTENTION DOES NOT REQUIRE DISMISSAL OF THE CLAIMS AGAINST DEFENDANT NILSESTUEN

Younger abstention is limited to three categories of state proceedings: ongoing criminal prosecutions; certain civil enforcement proceedings akin to criminal prosecutions; and civil proceedings involving orders uniquely in furtherance of the state courts' ability to perform their judicial functions.

Only after a proceeding falls within an appropriate Younger category do the additional considerations identified in Middlesex become relevant. Those considerations do not independently expand Younger beyond the exceptional categories recognized by the Supreme Court.

⇒ *See Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 72–73, 77–78, 81 (2013).

⇒ *See also Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 432 (1982).

### **A. Defendant Does Not Establish the Threshold Required by Sprint**

Defendant proceeds directly from the existence of the Wisconsin proceedings to important state interests, the availability of procedures for raising constitutional objections, and the absence of extraordinary circumstances, without first establishing that the proceedings fall within one of Sprint's exceptional categories.

The proceedings were civil harassment-injunction proceedings initiated by private petitioners. Defendant has not established that those proceedings constitute state criminal prosecutions or civil enforcement proceedings akin to criminal prosecutions. Nor does the fact that the proceedings produced judicial orders itself establish Sprint's third category. Juidice, for example, involved contempt proceedings through which courts compel compliance with their orders and vindicate their authority. Defendant identifies no comparable judicial-enforcement process here.

⇒ *See Juidice v. Vail*, 430 U.S. 327, 335–36 (1977).

### **B. The Middlesex Considerations Do Not Independently Establish Abstention**

Defendant emphasizes Wisconsin interests associated with the state proceedings and the availability of state procedures for presenting constitutional objections. Those Middlesex considerations do not

independently establish abstention because Defendant has not first established Sprint's threshold applicability.

Defendant also characterizes the federal action as arising from a civil case involving Wisconsin property and invokes state interests associated with property rights. Plaintiff does not ask this Court to adjudicate title, ownership percentages, partition, other underlying property rights, or enforcement of the parties' separate property arrangements. The presence of Wisconsin property in the factual background therefore does not itself establish Younger's threshold applicability.

Defendant's reliance on the absence of bad faith, bias, or extraordinary circumstances likewise does not establish Younger's threshold applicability. Nor must Plaintiff establish bad faith, bias, harassment, or another exception before Defendant establishes that Younger applies in the first instance.

**C. Defendant's Adequate-Opportunity Argument Does Not Establish Younger's Threshold Applicability**

Defendant further argues that Plaintiff had an adequate opportunity to raise constitutional objections in the Wisconsin proceedings, including through appellate procedures. Even assuming such an opportunity existed, adequate opportunity is a Middlesex consideration and does not independently satisfy Sprint's threshold requirement.

Defendant also asserts that the Complaint contains no factual allegations concerning Plaintiff's ability to present constitutional objections. The Complaint itself addresses Plaintiff's efforts to raise his jurisdictional and procedural objections in the state proceedings. Whether those allegations establish an adequate opportunity is distinct from asserting that no such allegations were pleaded.

Defendant therefore has not established that Younger requires dismissal of the claims against Defendant Nilsestuen.

**D. Defendant's Predicted Further State-Court Adjudication Did Not Occur**

Defendant's Younger argument relied in part on the then-active consolidated Wisconsin appeal and states that, when the Court of Appeals rules, the cases "will return" to the Dane County Circuit Court for further adjudication. On August 27, 2026, however, the Wisconsin Court of Appeals issued its disposition in Appeal Nos. 2025AP1530 and 2025AP1531 and summarily affirmed the

circuit-court orders. The disposition contains no remand or direction that the cases return to the circuit court for further adjudication. (Aug. 27, 2026 Summary Disposition, cited solely to establish the subsequent procedural posture relevant to Defendant's Younger argument, not as evidence concerning the merits of Plaintiff's claims.)

Defendant's description of an unresolved consolidated appeal therefore no longer reflects the present procedural posture. That subsequent development does not itself resolve Younger, but Defendant's abstention argument must be evaluated under the applicable Younger requirements. The predicted further adjudication did not occur.

---

**III. ROOKER-FELDMAN DOES NOT REQUIRE CATEGORICAL DISMISSAL OF THE CLAIMS AGAINST DEFENDANT NILSESTUEN**

Rooker-Feldman is a narrow jurisdictional doctrine applicable to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal proceedings commenced and inviting federal district-court review and rejection of those judgments.

The inquiry requires examination of the source of the injury alleged by the particular federal claim and whether the relief sought would require prohibited federal district-court review and rejection of a state-court judgment.

⇒ *See Exxon Mobil Corp. v. Saudi Basic Industries Corp*., 544 U.S. 280, 284 (2005).

⇒ *See also Gilbank v. Wood County Department of Human Services,* 111 F.4th 754, 765–67, 792–94 (7th Cir. 2024) (en banc).

**A. The Wisconsin Appeals Concerned Jurisdictional and Procedural Challenges Rather Than the Underlying Factual Merits**

This federal action commenced on November 6, 2025, while Appeal Nos. 2025AP1530 and 2025AP1531 were pending. The Wisconsin Court of Appeals subsequently disposed of those appeals on August 27, 2026.

Those appeals presented jurisdictional and procedural challenges, including the claimed void ab initio effect of defective service and lack of personal jurisdiction, rather than a challenge to the factual merits of the underlying harassment allegations. The subsequent appellate disposition

confirms that distinction. The Wisconsin Court of Appeals expressly stated that Plaintiff "did not present any evidence or make any arguments regarding the merits of whether the petitions for harassment injunctions should be granted," while separately recognizing Plaintiff's continued challenge to personal jurisdiction and related procedural issues. The court further stated that Plaintiff did not challenge the underlying merits at the injunction hearing and "explicitly states he does not challenge [the merits] on appeal." (Aug. 27, 2026 Summary Disposition at 4 n.3, 4–6.)

**B. The Source of the Injury Must Be Determined From the Particular Claim Pleaded**

Defendant characterizes Plaintiff as a dissatisfied state-court litigant seeking federal review of adverse rulings. The relevant inquiry, however, is the source of the injury underlying the particular federal claim and whether adjudicating that claim requires federal district-court review and rejection of a state-court judgment.

The Complaint does not plead a state-court order as the undifferentiated source of every constitutional injury alleged against Defendant Nilsestuen. Instead, it pleads distinct alleged conduct occurring at different points in the chronology and assigns constitutional claims to that identified conduct.

That distinction matters because an independently alleged constitutional injury arising from antecedent conduct is not transformed into an injury caused by a state-court judgment merely because the challenged conduct occurred during state-court proceedings, resulted in a judicial order, or was subsequently addressed or left unremedied by a state court.

⇒ *See Andrade v. City of Hammond*, 9 F.4th 947, 950–51 (7th Cir. 2021).

⇒ *See also Chapman v. Burke*, Nos. 25-1311 & 25-1392, slip op. at 12–17 (7th Cir. Aug. 13, 2026).

The source-of-injury inquiry therefore must be performed as to the particular claim actually pleaded. Defendant cannot establish categorical dismissal by treating state-court orders as the source of every injury pleaded against Defendant Nilsestuen.

**C. Rooker-Feldman Must Be Applied to the Particular Claim and Relief at Issue**

Defendant seeks categorical dismissal of the claims against Nilsestuen under Rooker-Feldman. The Complaint, however, pleads multiple constitutional claims arising from different identified

procedural events and expressly distinguishes claims against Ryan D. Nilsestuen in his individual capacity from claims against Judge Ryan D. Nilsestuen in his official capacity.

Rooker-Feldman therefore must be applied to the particular claim, the source of the injury pleaded, the state-court judgment alleged to have caused that injury, and the federal adjudication or relief the claim requires. Defendant does not identify which state-court judgment allegedly caused the injury underlying each particular claim or explain why adjudication of that claim or its requested relief necessarily requires federal review and rejection of that judgment. Defendant therefore has not established categorical dismissal under Rooker-Feldman.

---

## IV. DEFENDANT DOES NOT ESTABLISH FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the Complaint. The Court accepts well-pleaded factual allegations as true and draws reasonable inferences in Plaintiff's favor. Review ordinarily is confined to the Complaint, documents attached to it, documents referred to in the Complaint and central to its claims, and matters properly subject to judicial notice.

⇒ *See Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012).

⇒ *See also Williamson v. Curran,* 714 F.3d 432, 435–36 (7th Cir. 2013).

Defendant's Rule 12(b)(6) arguments therefore must be evaluated against the Complaint actually pleaded rather than a substituted characterization of Plaintiff's claims.

### A. The Prior Judicial-Immunity Determination Limited Damages but Did Not Dispose of the Claims Against Defendant Nilsestuen

Defendant relies upon the Northern District of California's determination that the conduct attributed to Defendant Nilsestuen consisted of judicial acts. That determination addressed immunity from damages; the court transferred the claims against Defendant Nilsestuen for declaratory relief and expressly stated that its order was "not dispositive as to Judge Nilsestuen."

**B. The Complaint Pleads Identified Conduct and Corresponding Constitutional Claims Against Ryan D. Nilsestuen in His Individual Capacity and Judge Ryan D. Nilsestuen in His Official Capacity**

The Complaint does not premise its claims merely on unfavorable or erroneous judicial rulings. It expressly distinguishes between claims against Ryan D. Nilsestuen in his individual capacity and claims against Judge Ryan D. Nilsestuen in his official capacity and pleads discrete acts and events, identified conduct, and corresponding constitutional claims arising from the procedural events alleged.

Rule 12(b)(6) therefore must be applied to the claims actually pleaded and their supporting allegations. Defendant does not undertake that claim-specific analysis, identify the asserted pleading deficiency in each claim, or explain why the supporting allegations are insufficient to state the remaining claims and relief. His proposition that an unfavorable or erroneous judicial ruling, standing alone, does not create a federal cause of action therefore does not address the Complaint on its own terms or establish that dismissal is warranted under Rule 12(b)(6).

---

## V. DEFENDANT'S FACTUAL-MERITS NARRATIVE IS NOT MATERIAL TO THE GROUNDS PRESENTED

Defendant's motion includes characterizations of the underlying harassment allegations, Plaintiff's conduct, the factual circumstances associated with the Wisconsin proceedings, and the nature, purpose, meaning, and legal significance of the underlying proceedings and Plaintiff's claims. Plaintiff does not respond point-by-point because those factual merits and characterizations are unnecessary to resolution of Defendant's Rule 12(b)(6), Younger, and Rooker-Feldman arguments. Plaintiff's restraint does not constitute agreement with, adoption of, or waiver concerning Defendant's factual characterizations. Plaintiff disputes characterizations inconsistent with the Complaint but confines this Opposition to the grounds Defendant actually invokes and the matters necessary to resolve them. To the extent Defendant's characterizations depend upon competing

factual explanations, credibility determinations, or merits determinations unnecessary to Rule 12(b)(6), Younger, or Rooker-Feldman, they need not be resolved to decide Defendant's motion. Defendant's factual-merits narrative and remaining characterizations do not displace the allegations actually pleaded in the Complaint or substitute for the showing required under Rule 12(b)(6), Younger, or Rooker-Feldman. Accordingly, those matters provide no additional basis for dismissal of the claims remaining against Nilsestuen.

---

## VI. CONCLUSION

Defendant has not established that dismissal of the claims against Defendant Nilsestuen is warranted under Rule 12(b)(6), Younger abstention, or Rooker-Feldman. For the reasons stated above, Plaintiff respectfully requests that Defendant Nilsestuen's Motion to Dismiss be denied. To the extent the Court determines that Rooker-Feldman deprives it of subject-matter jurisdiction over any particular claim or form of relief, Plaintiff respectfully requests that any such jurisdictional dismissal be without prejudice and confined to the particular claim or relief for which Rooker-Feldman's requirements are satisfied.

---

Dated: September 17, 2026

Respectfully submitted,



**Lee Drone**
3964 Rivermark Plaza, Unit #2514
Santa Clara, CA 95054
*Plaintiff, Pro Se*