**In the UNITES STATES DISTRICT COURT**
**for the WESTERN DISTRICT OF WISCONSIN**

---

| | | |
|---|---|---|
| LEE DRONE, | * | |
| Plaintiff, | * | |
| -vs- | * | Case No. 26 CV 511 |
| PETER D. BEAR, IAN E. GOODMAN,<br>DANE COUNTY TITLE COMPANY,<br>RYAN D. NILSESTUEN (individual capacity),<br>JUDGE RYAN D. NILSESTUEN (official capacity),<br>and ALLEN S. PORTER, | *<br><br>*<br><br>* | |
| Defendants. | * | |

---

**DEFENDANTS PETER BEAR, IAN GOODMAN AND ALLEN STEVEN PORTER'S REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

---

I. <u>Plaintiff's Brief Has Not Pointed to Facts in His Complaint that State a Claim for Relief Under 42 U.S.C. § 1983.</u>

Plaintiff's brief in response to defendants' motion to dismiss has utterly failed to address how the Complaint alleges any facts that would support a claim that defendants are state actors or that they acted under color of state law, as required for a claim under 42 U.S.C. § 1983. The Complaint does not allege that defendants are state officers or any specific facts that would plausibly indicate that defendants acted in concert with Judge Nilsestuen to deprive plaintiff of life, liberty or property.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff has pointed to no specific facts alleged in his entire 144-page Complaint that would create a plausible inference of a conspiracy or any concerted action between defendants and Judge Nilsestuen.

In fact, plaintiff's brief explicitly asserts his refusal to do so. (Dkt #66, p. 5.) Plaintiff's brief states all in caps: "PLAINTIFF DOES NOT ENGAGE DEFENDANTS' FACTUAL-MERITS NARRATIVE." Plaintiff acknowledges that "Defendants' motion includes characterizations of the nature, purpose, meaning, and legal significance of the conduct alleged in the Complaint." (Id.) But, he goes on to explain that his brief "does not respond point-by-point because [he believes] those factual merits … are unnecessary to resolution of Defendants' Rule 12(b)(6) arguments." (Id.)

Plaintiff's response brief fails to show how plaintiff's Complaint states a claim for relief under 42 U.S.C. § 1983. Plaintiff's claim under 42 U.S.C. § 1983 should be dismissed for failure to state a claim upon which relief can be granted.

## <u>II.</u> <u>Plaintiff's Response Brief Has Not Pointed to any Facts in His Complaint that State a Civil RICO Claim for Relief Under 18 U.S.C. §§ 1961-1964.</u>

Similarly, plaintiff fails to argue the existence of specific facts in his Complaint sufficient to establish the existence of or defendants' participation in a conspiracy in the nature of a racketeering enterprise. Plaintiff has not alleged facts that would support an inference that the acts of Bear, Goodman and Porter of which he complains are anything more than ordinary communications that parties and attorneys routinely engage in in negotiating and litigating legal disputes. There are no specific facts alleged that would support an inference of "racketeering" or criminal enterprise. In his brief in response to defendants' motion to dismiss, plaintiff explicitly refuses to discuss how the facts alleged in his Complaint support these necessary elements of a civil RICO claim. (Dkt #66, p. 5.)

Plaintiff has not pointed to any specific facts in his Complaint that could plausibly support an inference that defendants' alleged actions were actually acts undertaken as part of a criminal enterprise comprised of his client and his co-counsel in the underlying litigation, as distinct from the innocent actions of a litigation team. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The entire Complaint is composed of nothing but similarly ridiculous and extravagant allegations against each of the defendants that in no way indicate wrongdoing, criminal acts, a criminal enterprise, racketeering or any Constitutional violations.

Plaintiff's Complaint must be dismissed because it utterly fails to state any claim for which relief can be granted.

Respectfully submitted this 28th day of September, 2026.

__/s/ A. Steven Porter__________________

A. Steven Porter
State Bar No. 1000195
Attorney for Defendants
Peter Bear, Ian Goodman and himself, Allen Steven Porter

P.O. Box 7093
Madison, Wisconsin 53707
(608) 662-2285
Fax: (608) 819-6466
(608) 698-9319 (cell)
asp5949@gmail.com